IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| EVA P. WHITE, as Administratrix of the Estate of CHRISTINE H. ROBERTS, | ) | |
| Plaintiff, | ) | No. 05-1236C |
| v. | ) | (Judge Baskir) |
| | ) | (cc: Judge Horn) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

ADMINISTRATIVE RECORD

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

KATHRYN A. BLEECKER
Assistant Director

Of Counsel:
JASON P. COOLEY
Attorney Advisor
Office of the General Counsel
Office of Justice Programs
Department of Justice
810 7th Street
Washington, D.C. 20531

ALLISON KIDD-MILLER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St.
Washington, D.C. 20530
Tel: (202) 307-1011
Fax: (202) 307-0972

January 27, 2006

Attorneys for Defendant

INDEX TO ADMINISTRATIVE RECORD


1. Death Benefits Questionnaire, Received July 17, 2001 ....... 1 - 3

2. Letter, Dated July 19, 2001, Sent to Janet Burroughs, Lee County Sheriff's Department, from Eric Martin, Benefits Specialist, Public Safety Officers' Benefits ("PSOB") Program ........................................ 4 - 5

3. Designation of Representative, Dated July 19, 2001 .......... 6 - 7

4. Letter, Dated October 12, 2001, Sent to Janet Burroughs, Lee County Sheriff's Department, from Eric Martin, PSOB Program ........................................ 8 - 9

5. Letters of Administration, Dated January 2, 2002, In the Chancery Court of Lee County, Mississippi .................. 10

6. Memorandum to File, Dated February 22, 2002, From Eric Martin, PSOB Program .................................. 11

7. Letter, Dated July 2, 2002, Sent to Marion Carol Winfield, Director, Office of Benefits, Bureau of Justice Assistance ("BJA"), from Lawrence Magdovitz, Esq., Phelps Dunbar LLP, Counsel for the Estate of Christine H. Roberts ....... 12 - 14

8. Letter, Dated July 26, 2002, Sent to Marion C. Winfield, BJA, from Lawrence Magdovitz, Phelps Dunbar LLP, and Enclosures .................................... 15 - 20

9. Claim for Death Benefits, Received July 29, 2002 .......... 21 - 22

10. Letter, Dated August 19, 2002, Sent to Lawrence Magdovitz, Phelps Dunbar LLP, from Marion C. Winfield, BJA ........ 23 - 27

11. Letter, Dated September 4, 2002, Sent to Marion C. Winfield, BJA, from Lawrence Magdovitz, Phelps Dunbar LLP ................................ 28 - 30

12. PSOB Office Initial Claim Determination, Dated December 30, 2002 . . . . . 31 - 33

13. Letter, Dated February 28, 2003, Sent to Jim Johnson, Lee County Sheriff's Office, from Michael Guerriere, Chief, Payments and Benefits Division, BJA . . . . . 34

14. Letter, Dated February 28, 2003, Sent to Patrick Ray Presley, Son of Sheriff Harold Ray Presley, from Michael Guerriere, BJA . . . . . 35

15. Reconsideration Request, Dated March 28, 2003, By Rachel M. Pierce, Phelps Dunbar LLP . . . . . 36 - 37

16. Letter, Dated April 4, 2003, Sent to Rachel M. Pierce, Phelps Dunbar LLP, from Loretta Behm, Program Manager, Payments and Benefits Division, BJA . . . . . 38

17. Letter, Dated December 5, 2003, Sent to Lawrence Magdovitz, Phelps Dunbar LLP, from Loretta Behm, BJA . . . . . 39

18. Transcript of Hearing for PSOB Claim 01-192, Dated February 19, 2004, and Exhibits . . . . . 40 - 140

19. Hearing Officer Determination, Dated March 18, 2004 . . . 141 - 146

20. Notice of Hearing Officer Determination, Dated August 24, 2004 . . . . . 147

21. Appeal of Hearing Officer Determination, Dated September 21, 2004 . . . . . 148 - 151

22. Letter, Dated October 29, 2004, Sent to Rachel Pierce, Phelps Dunbar LLP, from Hope D. Janke, Director, PSOB Program . . . . . 152

23. Letter, Dated July 19, 2005, Sent to Domingo Herraiz, Director, BJA, from Rachel M. Pierce, Phelps Dunbar LLP . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 153

24. Final Agency Decision, Dated February 17, 2005 . . . . . . . 154 - 161

25. Letter, Dated March 1, 2005, Sent to Rachel Pierce, Phelps Dunbar LLP, from Hope Janke, PSOB Program . . 162 - 163

26. Letter, Dated March 1, 2005, Sent to Patrick Ray Presley, Son of Sheriff Harold Ray Presley, from Hope Janke, PSOB Program . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 164

1

BJA Bureau of Justice Assistance
Office of Justice Programs - U.S. Department of Justice

DATE: 7/16/01

DEATH BENEFITS QUESTIONNAIRE

PLEASE SUBMIT THE FOLLOWING INFORMATION TO ENABLE US TO REQUEST SUPPORTING DOCUMENTATION TO INITIATE YOUR CLAIM.

1. DECEDENTS' FULL NAME: Harold Ray Presley

2. DECEDENT'S PUBLIC SAFETY OCCUPATION TITLE: Sheriff

AGENCY NAME: Lee County Sheriff's Dept.

3. DECEDENT'S SOCIAL SECURITY NUMBER: [redacted]

4. DECEDENT'S DATE OF BIRTH: 10/05/48

5. DATE OF INJURY: 7/06/01

DATE OF DEATH: 7/06/01

6. CITY AND STATE WHERE DEATH OCCURRED: Saltillo, Ms.

7. CAUSE OF DEATH: Was the officer wearing Body Armor (if applicable) Yes ( ) No (X)
Cause of officer's death (choose one): Shot (X) Stabbed ( ) Heart Attack ( ) Drowned ( ) Deadly assault ( )
If Traffic accident was the Officer (choose one if applicable): The driver ( ) A passenger ( ) A pedestrian ( )

BRIEFLY EXPLAIN THE CIRCUMSTANCES SURROUNDING THE OFFICER'S DEATH:
Sheriff was searching building for kidnapping suspect when suspect opened fire shooting Sheriff 6 times killing him

8. NAME, ADDRESS, AND SOCIAL SECURITY NUMBER OF SURVIVING SPOUSE:

NAME: NONE
SSN:
ADDRESS

# DEATH BENEFITS QUESTIONNAIRE (Page 2)

9 NUMBER OF TIMES DECEDENT AND WIDOW/WIDOWER WERE PREVIOUSLY MARRIED:

Decedent: 1 Spouse: 1 (Divorced)

10. DATE OF BIRTH/AGES OF CHILDREN FROM ALL MARRIAGES (Natural, step, adopted/posthumous, illegitimate) REGARDLESS OF AGE OR DEPENDENCY:
(If turning 18 years of age in the next six months please provide social security number)

| NAME | AGE | DOB | SSN |
|---|---|---|---|
| Patrick Ray Presley | 29 | [redacted] | [redacted] |
| Bradford E Presley | 27 | | |
| Jada Hardin Presley | 22 | | |
| | | / / | |
| | | / / | |
| | | / / | |
| | | / / | |

11. NAME, ADDRESS AND TELEPHONE NUMBER OF THE HEAD OF THE DECEDENT'S'S EMPLOYING AGENCY (Chief, Superintendent, Commissioner, Etc.)AS WELL AS THE PERSON WHO WILL BE HANDLING THE CLAIM. (Contact Person).

| AGENCY HEAD | CONTACT PERSON | |
|---|---|---|
| Jim Johnson | Janet Burroughs | Greg Prickle |
| 510 N. Commerce | 510 N. Commerce | attorney for |
| Tupelo, Ms. 38804 | Tupelo, Ms 38804 | Estate |
| 662-841-9040 | 662 841-9046 | 662-842-7907 |

12. IF THE DECEDENT WAS SINGLE OR DIVORCED AND HAD NO ELIGIBLE CHILDREN, PLEASE PROVIDE THE NAME(s) ADDRESS, TELEPHONE NUMBER(s) AND SOCIAL SECURITY NUMBERS OF HIS/HER PARENTS:

NAME: Christine H Roberts
SSN: [redacted]
ADDRESS: 1739 Reese St.
Tupelo, Ms 38804
TELEPHONE: 662-842-5651

Person Completing the form (Print clearly)

Name: Janet Burroughs Title: Administrative Asst Phone: (662) 841-9046

Please fax or mail this information to:
The Bureau of Justice Assistance, Special Programs, Public Safety Officers' Benefit Program,
810 7th Street, N.W., 4th Floor, Washington, DC 20531; Phone (202) 307-0635, Toll Free 1-888-744-6513 or
Fax (202) 616-0314

# LEE COUNTY-TUPELO ADULT JAIL

BRYAN HALL
JAIL ADMINISTRATOR

Harold Ray Presley
Sheriff

STEVE BROOKS
CHIEF DEPUTY

JANET BURROUGHS
OFFICE ADMINISTRATOR

(601) 841-9040 510 N. COMMERCE STREET
FAX (601) 841-9044

TO: Jacqueline Nitowitz

Fax Number: 202-354-4173

From: Lee County-Tupelo Adult Jail
510 N. Commerce Street
Tupelo, Ms. 38801

Fax Number: 601-841-9044

Total Sheets Sent: 2, Not Including Cover Sheet.

Date Sent: 7/16/01 Time Sent: 1:50

Sent By: Janet Burroughs

Comments: Please let me know if I can help with anything

Janet Burroughs

2

U.S. Department of Justice

Office of Justice Programs

*Bureau of Justice Assistance*

*Washington, D.C. 20531*

July 19, 2001

Janet Burroughs
Lee County Sheriff's Department
510 N. Commerce
Tupelo, MS 38804

**Ref: PSOB Claim # 01-192: Sheriff Harold R. Presley**

Dear Ms. Burroughs:

This letter is in response to the "**Death Benefits Questionnaire**" concerning the death of Sheriff Presley and his survivors' eligibility for benefits under the Public Safety Officers' Benefits act of 1976.

I have enclosed two claim forms which must be submitted to this office to file a claim for benefits. The form entitled "**Report of Public Safety Officer's Death**" must be completed and signed by the head of Sheriff Presley's employing agency. Documents to be submitted with the form are listed below.

> **Detailed Statement of Circumstances,** a summary of the incident that includes when and where it happened, what initiated the incident and details of what took place afterward, and when and where the decedent was pronounced dead. This document must be on the employer's letterhead, bearing the original signature of the head of the employing agency. It also must be notarized.
>
> **Investigation Report.** This document must bear the original signature of the reporting officer or the investigating agency's records custodian. It also must be notarized.
>
> **Complete autopsy report,** bearing the original signature of an official in the medical agency that performed the autopsy. It also must bear the agency's raised seal or be notarized. If an autopsy was not performed, submit a statement to that effect bearing the original signature of the head of the decedent's employing agency or the medical examiner. It also must be notarized.
>
> **Toxicology report,** bearing the original signature of an official in the medical agency that performed the toxicology analysis. It also must bear the agency's raised seal or be notarized. If a toxicology analysis was not performed, submit a statement to that effect bearing the original signature of the head of the decedent's employing agency or the medical examiner. It also must be notarized.
>
> **Death certificate,** bearing the raised seal of the medical examiner or the Department of Health.

The form entitled "**Claim for Death Benefits**" should be completed and signed by the claimant. If a person other than the claimant signs the claim form, an affidavit must be submitted by the claimant authorizing this individual to file the claim on his/her behalf. Documents to be submitted with this form are listed below.

> **Decedent's birth certificate,** which identified the names of both parents and bears the raised seal of the issuing agency.

**Decedent's marriage certificate,** bearing the raised seal of the agency that issued the certificate.

If either the decedent or spouse was previously married, provide a complete **divorce decree** (including custody agreement) **for all previous marriages** bearing the raised seal of the court of issuance. If a previous marriage ended with the death of a spouse, provide a copy of the spouse's death certificate bearing the raised seal of the issuing public agency.

**Birth certificate for all surviving children, and/or stepchildren,** regardless of age or dependency, which identifies the names of both parents and bears the raised seal of the issuing public agency.

If the decedent is survived by a **child who is 19 years of age or older and mentally or physically incapable of self support** provide a statement from a qualified physician indicating the nature of the child's disability and certifying that the child is not capable of self support because of the disability. This statement must bear the original signature of the physician and it must be notarized.

If the decedent is survived by a **child who is between 19 and 23 years of age and a full-time student,** provide (1) a certified copy of the child's student transcript; (2) a statement from the school indicating its financial and/or management relationship with local or state government; (3) a list of the organizations which accredit the school's programs. These documents must bear the original signature of the school official and must bear the raised seal of the school or they must be notarized.

If the decedent is survived by a **child who is 19 years of age or older, was not a full-time student** at the time of the decedent's death, and is capable of self support, submit a statement to that effect, bearing the child's original signature and notarized.

We would appreciate the Department assisting the family in the preparation of its claim to ensure that all materials are included and properly certified. We suggest that both the family's and the Department's claim materials be submitted as one package to the following address:

**Public Safety Officers' Benefits Program**
**Bureau of Justice Assistance**
**810 Seventh St. NW**
**Washington, DC 20531**

It needs to be emphasized that every document requested must be provided to support a claim and that each document must be an original or a certified copy (e.g. **bearing a raised seal** and a certifying **official's original signature**). If a required document is not provided or is not properly certified, we must request or return the document thereby delaying the payment of benefits.

If you have any questions regarding certification or content of claim documents, please call or write us for guidance. Our telephone number is (202) 307-0635 or Toll Free 888-744-6513.

Sincerely,

Eric Martin
Benefits Specialist
Public Safety Officers' Benefits Program

Enclosures

cc: Christine Roberts

3

ATTORNEYS
JIMMY D. SHELTON
JASON LEE SHELTON*
BILLY W. SHELTON
WILLIAM C. STENNETT
JAMES D. MOORE
DON O. GLEASON, JR.

CHIEF OPERATIONS OFFICER
SOCIAL SECURITY CONSULTANT
JON D. SHELTON, J.D.

CLAIMS ASSOCIATES
TONY HARPER

OFFICE ADMINISTRATOR
SUE CARNATHAN

*ALSO LICENSED IN ALABAMA

# JIMMY D. SHELTON AND ASSOCIATES, P.A.

ATTORNEYS AT LAW

P.O. BOX 1362
218 N. SPRING ST.
TUPELO, MISSISSIPPI 38802-1362
PH. (662) 842-5051
1-888-537-5051
FAX (662) 841-1941
EMAIL: jshelton@dixie-net.com

† PARALEGALS
ANN ZEILS
BARBARA BARNETT

† LEGAL ASSISTANTS
MARY DEHART
VICKIE HUNTER
HOPE JOHNS
LORELA MOORE
VAN MOREHOUSE
CASSANDRA RUFF
HEATHER WALLS
SHERRY WIGINTON
FAYE HALL
TINIKA WOODS
PAM REEVES
NICOLE PALMER
OLIVIA BASS

† NON-ATTORNEYS

## FACSIMILE TRANSMITTAL COVER SHEET

PLEASE DELIVER THE FOLLOWING PAGES TO:

NAME: Jackie Nitowitz

COMPANY NAME: Public Safety Officers Benefits Program

FROM: Tony Harper

FAX NUMBER: 202~~3~~94173 DATE: 7/19/01 TIME: 12:15pm

TOTAL NUMBER OF PAGES 2 (INCLUDING COVER PAGE)

RE: Representation Letter

MESSAGE:

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED FOR THE USE OF THE ADDRESSEE LISTED ABOVE. IF YOU ARE NEITHER THE INTENDED RECIPIENT NOR THE EMPLOYEE OF THE AGENT RESPONSIBLE FOR DELIVERING THIS MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE, COPYING DISTRIBUTION OR THE TAKING OF ANY ACTION IN RELIANCE ON THE CONTENTS OF THIS TELECOPIES INFORMATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TELECOPY IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY THE TELEPHONE TO ARRANGE FOR RETURN OF THE ORIGINAL DOCUMENT.

ATTORNEYS
JIMMY D. SHELTON
JASON LEE SHELTON*
BILLY W. SHELTON
WILLIAM C. STENNETT
JAMES D. MOORE
DON O. GLEASON, JR.

† CHIEF OPERATIONS OFFICER
SOCIAL SECURITY CONSULTANT
JON D. SHELTON, J.D.

† CLAIMS ASSOCIATES
TONY HARPER
DAVID EURER

† OFFICE ADMINISTRATOR
SUE CARNATHAN

*ALSO LICENSED IN ALABAMA

# JIMMY D. SHELTON AND ASSOCIATES, P.A.

ATTORNEYS AT LAW

P.O. BOX 1362
218 N. SPRING ST.
TUPELO, MISSISSIPPI 38802-1362
PH. (662) 842-5051
1-888-537-5051
FAX (662) 841-1941
EMAIL: jshelton@dixie-net.com

† PARALEGALS
ANN ZEILS
CHRISTY BOUTWELL
BARBARA BARNETT

† LEGAL ASSISTANTS
MARY DEHART
MANDY HATHCOCK
VICKIE HUNTER
HOPE JOHNS
LORELA MOORE
VAN MOREHOUSE
DANA NICHOLS
CASSANDRA RUFF
HEATHER WALLS
SHERRY WIGINTON
TINA HALL
DAVID HAMILTON

† NON-ATTORNEYS

July 19, 2001

**Public Safety Officers Benefits Program**
**Attn: Jackie Nitowitz**
**VIA FACSIMILE ONLY**
**202-354-4173**

RE: Harold Ray Presley

Dear Ms. Nitowitz:

Please be advised that this firm has been retained to represent the family of the late Harold Ray Presley, deceased Sheriff of Lee County, Mississippi.

At your earliest convenience, please contact this office whereby we may discuss the benefits available to the family.

We look forward to working with you on this case.

Sincerely,

**Jimmy D. Shelton**
**Attorney at Law**

4

U.S. Department of Justice

Office of Justice Programs

*Bureau of Justice Assistance*

*Washington, D.C. 20531*

October 12, 2001

Janet Burroughs
Lee County Sheriff's Department
510 N. Commerce
Tupelo, MS 38804

Ref: PSOB Claim #01-192: Sheriff Harold R. Presley

Dear Ms. Burroughs:

On July 17, 2001, the Public Safety Officers' Benefits (PSOB) office received information regarding the death of Sheriff Presley. On July 19, we initiated the claim for benefits and sent you a guidance letter indicating what documentation needed to be submitted in order for us to process this case. As of today, we have not received any of the requested materials.

You submitted a completed questionnaire indicating that Sheriff Presley had three adult children between the ages of 22 and 29, as well as one living parent. According to the order of priority of beneficiaries (28 C.F.R. 32.10), if there is no surviving spouse then the PSOB death benefit is paid to the surviving children in equal shares. With regards to the PSOB Program, a child is defined as either 18 years of age or under or between ages 19 and 23 and pursuing a full-time course of study in an institution such as a college, university, or vocational school (28 C.F.R. 32.2(v)(x)). Therefore, the only possible beneficiary in this instance is Sheriff Presley's daughter, Jada Presley. As stated above, Ms. Presley's eligibility is dependent on whether she was enrolled in an educational program when her father died. If she was in school, the guidance letter of July 19 states what materials must be submitted to verify this.

If Ms. Presley was not in school, then Christine Roberts, Sheriff Presley's surviving parent at the time of his death, would be the only other eligible beneficiary for PSOB benefits. However, we have learned that Mrs. Roberts has recently passed away. As a result, if Ms. Presley was not in school then there are no eligible beneficiaries and the claim will be closed.

I would appreciate you contacting me with information pertaining to this matter as soon as possible. I can be reached at 1-888-744-6513 or (202) 514-4138, or at the address below. Please refer to PSOB Claim #01-192.

Public Safety Officers' Benefits Office
Bureau of Justice Assistance
810 Seventh St., N.W.
Washington, D.C. 20531

Attention: Eric Martin

Sincerely,

Eric J. Martin
Benefits Specialist

cc: Charlene Presley
Jimmy D. Shelton

Enclosure

5

IN THE CHANCERY COURT OF LEE COUNTY, MISSISSIPPI

IN THE MATTER OF THE ESTATE OF
MARY CHRISTINE ROBERTS, DECEASED

NO. 01-1625

## LETTERS OF ADMINISTRATION

WHEREAS, Mary Christine Roberts, deceased, late of said County, died intestate, as we are informed, having whilst she lived, and at the time of her death, divers goods and chattels, rights and credits, within the state; and , we, desiring that the said goods and chattels, rights and credits may be well truly administered, converted and disposed of, do hereby grant unto Eva P. White the administration of all and singular the goods, chattels, rights and credits of said decedent, with full power to take the same into her possession, and to ask, levy, sue for, recover and receive the same, wherever they may be, including gaining access to any and all safe deposit boxes owned by said decedent at her death, and to fully administer the estate of the deceased according to law.

FILED
LEE COUNTY, MS
'02 JAN 4 AM 9 59
BILL BENSON
CHANCERY CLERK
________ DC

Witness my Hand and Seal of said Court, this 4th day of ~~December, 2001~~ January 2002.

Bill Benson, CHANCERY CLERK

BY: Lynn Sloan D.C.

...l Benson, Clerk ... Court of said County, do he... certify that the forego... contains a true and complete copy of Letters of Administration as same appears on record ... file in Book ____ Page ____ of the records of Lee Co... Mississippi. ...der my hand ... 4th day of Jan, 2002
...cery Clerk
Lynn Sloan D.C.

TO:125860.1

EXHIBIT
"E"

6

U.S. Department of Justice

Office of Justice Programs

*Bureau of Justice Assistance*

*Washington, D.C. 20531*

February 22, 2002

MEMORANDUM TO THE FILE

FROM: Eric Martin
Benefits Specialist

SUBJECT: Administrative Closeout

On July 19, 2001, a claim for death benefits was initiated on behalf of the survivors of Sheriff Harold R. Presley. The contact person was Janet Burroughs. The case number was 01-192. Sheriff Presley's mother, the only eligible beneficiary, passed away before any documentation was filed with the PSOB office.

As there was not a delay on the part of the PSOB office and no eligible claimant exists in this case, the claim is considered closed in accordance with Volume 28, Section 32.10(b) of the Code of Federal Regulations.

7

PHELPS DUNBAR LLP
COUNSELORS AT LAW

New Orleans, LA
Baton Rouge, LA
Houston, TX
London, England

One Mississippi Plaza
201 South Spring Street • Seventh Floor
Tupelo, Mississippi 38804
P. O. Box 1220
Tupelo, Mississippi 38802-1220
(662) 842-7907 • Fax (662) 842-3873

Jackson, MS
Tupelo, MS
Gulfport, MS
Tampa, FL

www.phelpsdunbar.com

LAWRENCE "LARRY" MAGDOVITZ
Admitted in Mississippi and Tennessee
Direct (662) 690-8166
magdovil@phelps.com

RECEIVED

July 2, 2002

17954.1

**VIA FEDERAL EXPRESS (TRACKING NO. 7918 7569 7654 )**

Carol Winfield
Bureau of Justice Assistance
Public Safety Officers' Benefits Office
810 Seventh Street, N.W.
Washington, D.C. 20531

Re: Sheriff Harold Ray Presley, PSOB Claim #01-192

Dear Ms. Winfield:

Pursuant to the conversations this office has had with Eric Martin in the Public Safety Officers Benefits Office, we request that your office either accept or deny in writing the Public Safety Officers' Benefits (PSOB) for the death in the line of duty of Sheriff Harold Ray Presley. We believe the PSOB claim should be payable to Christine Roberts, as the surviving parent of Sheriff Presley. Ms. Roberts survived the death of her son in the line of duty and is therefore entitled to the PSOB grant. We outline the facts and law below in support of our belief.

On July 6, 2001, around midnight, the Lee County Sheriff's Department was conducting a roadblock check point and a vehicle turned around to avoid the roadblock. A Lee County Sheriff's deputy made a traffic stop on the suspect vehicle at which time the driver, Billy Stone, fired a gun at the deputy. The Sheriff's Department gave chase with Sheriff Presley directly behind the suspect vehicle. Mr. Stone crashed the vehicle and fled into some surrounding woods. At approximately 4:15 a.m. on July 6, 2001, Sheriff Presley, Deputy Jack Tate and a homeowner entered a shop building behind the homeowner's residence. Mr. Stone was hiding inside of the building and began shooting at the Sheriff, Deputy Tate and the homeowner. The homeowner was wounded and Mr. Stone was shot once and later died at the scene. Sheriff Presley received a total of six (6) gunshot wounds in an exchange of gunfire with Mr. Stone and was airlifted to North Mississippi Medical Center where he was pronounced dead at 5:31 a.m. on July 6, 2001.

TO:137885.1

On July 19, 2001 the PSOB office initiated the claim for benefits and sent a guidance letter to Janet Burroughs at the Lee County Sheriff's Department indicating what documentation needed to be submitted. On September 7, 2001 Christine Roberts, Sheriff Presley's mother, passed away. In a letter from Eric Martin, Benefits Specialist with the PSOB office, dated October 12, 2001, Mr. Martin stated that the only eligible beneficiary out of Sheriff Presley's children was Jada Presley, but only if she was enrolled in an educational program when her father died. Mr. Martin goes on to say that if Jada Presley was not in school then the only other eligible beneficiary was Christine Roberts, "Sheriff Presley's surviving parent at the time of his death". The letter then stated that the PSOB office recently learned of Mrs. Roberts's death and unless Jada was in school there were no eligible beneficiaries and the claim will be closed.

The regulations covering Public Safety Officers' Death and Disability Benefits state that when a public safety officer dies in the line of duty, the Bureau of Justice Assistance will pay a benefit of $100,000. 28 C.F.R. § 32.3(a) (2001). "Line of Duty" is defined in 28 C.F.R. § 32.2(c) as "Any action which an officer whose primary function is crime control is obligated to perform". 28 C.F.R. § 32.2(c) (2001). The benefit is paid to beneficiaries in the order listed in Section 32.10(a) which ends with the beneficiary class of surviving parent(s). 28 C.F.R. § 32.10(a)(4) (2001). Nothing in Subpart A of Part 32 defines what the term "surviving" means. Turning to Black's Law Dictionary, "surviving" is defined as "Remaining alive. Living beyond the life of another or beyond the happening of some event so as to be entitled to a distribution of property or income." BLACK'S LAW DICTIONARY 1446 (6th Ed. 1990). A "survivor" is defined as "One who survives another; one who outlives another; one who lives beyond some happening; one of two or more persons who lives after the death of the other or others. BLACK'S LAW DICTIONARY 1446 (6th Ed. 1990).

It is clear that Sheriff Presley's untimely demise was in the line of duty and that a benefit should be paid to eligible beneficiaries. Ms. Roberts qualified as an eligible beneficiary at the time of Sheriff Presley's death because she was alive and she did survive her son. There is nothing in the Code of Federal Regulations (CFR) that states that an eligible beneficiary must file their claim before the beneficiary dies. But even if it did, by your own letter you state that Ms. Roberts's claim was initiated on July 19, 2001 when the PSOB questionnaire was submitted to the PSOB office by Janet Burroughs and on July 19, 2001 Ms. Roberts was still alive.

The CFR states that a claim must be filed within a year of the death of the public safety officer. 28 C.F.R. § 32.20(c) (2001). Furthermore, the claim can be filed by the legal representative of an eligible beneficiary. 28 C.F.R. § 32.19(a) (2001). In conclusion, we see no legal grounds, statutory, regulatory or otherwise, for the Bureau's decision to deny the PSOB claim of Christine Roberts represented now through her estate as the eligible beneficiary of Sheriff Presley.

TO:137885.1

If you have any questions please contact this office at (662) 842-7907.

Sincerely,

Lawrence "Larry" Magdovitz

Lmii:lm
Enclosures
cc: Patrick Ray Presley
Bradford E. Presley
Jada Hardin Presley

TO:137885.1

8

PHELPS DUNBAR LLP
COUNSELORS AT LAW

New Orleans, LA
Baton Rouge, LA
Houston, TX
London, England

One Mississippi Plaza
201 South Spring Street • Seventh Floor
Tupelo, Mississippi 38804
P. O. Box 1220
Tupelo, Mississippi 38802-1220
(662) 842-7907 • Fax (662) 842-3873

www.phelpsdunbar.com

Jackson, MS
Tupelo, MS
Gulfport, MS
Tampa, FL

LAWRENCE "LARRY" MAGDOVITZ
Admitted in Mississippi and Tennessee
Direct (662) 690-8166
magdovil@phelps.com

RECEIVED
JUL 29 2002

July 26, 2002

17954.1

**VIA FEDERAL EXPRESS (TRACKING NO. 792077146109)**

Carol Winfield
Bureau of Justice Assistance
Public Safety Officers' Benefits Office
810 Seventh Street, N.W.
Washington, D.C. 20531

Re: Sheriff Harold Ray Presley, PSOB Claim #01-192

Dear Ms. Winfield:

Pursuant to our conversation today, please find enclosed the information that you requested.

If you have any questions please contact this office at (662) 842-7907.

Sincerely,

Lawrence "Larry" Magdovitz

Lmii:lm
Enclosures

TO:139861.1

APPROVED: OMB NO. 1121-0025
EXPIRES: 5/31/2002

U.S. DEPARTMENT OF JUSTICE
OFFICE OF JUSTICE PROGRAMS
BUREAU OF JUSTICE ASSISTANCE
PUBLIC SAFETY OFFICERS' BENEFITS PROGRAM
WASHINGTON, D.C. 20531

# REPORT OF PUBLIC SAFETY OFFICER'S DEATH

RECEIVED

FOR DOJ USE ONLY

CASE # 01-192

DATE RECEIVED

This information is being requested pursuant to the Omnibus Crime Control and Safe Streets Act of 1968, as amended (42 U.S.C. 3796), and the disclosure is voluntary. This form will be used by the Department of Justice to determine eligibility of a claimant for the payment of benefits and the information may be disclosed to Federal, State and local agencies to verify eligibility for benefits. Disclosure of an individual's Social Security number is mandatory. Failure to supply all of the requested information may result in a delay in processing this form and receipt of benefits. **PLEASE PRINT PLAINLY OR TYPE.**

1. NAME AND MAILING ADDRESS OF PUBLIC SAFETY AGENGY, ORGANIZATION OR UNIT IN WHOSE SERVICE DEATH OCCURRED *(Include zip code)*
Lee County Sheriff's Dept. 510 N. Commerce St. Tupelo, Ms. 38804

## PART I: NOTICE OF LINE OF DUTY DEATH OF PUBLIC SAFETY OFFICER

| 2. DECEASED OFFICER'S NAME *(Last, First, Middle)* | 3. DATE OF INJURY | 4. DATE OF DEATH | 5. SOCIAL SECURITY NO. |
|---|---|---|---|
| Presley, Harold Ray | 7/06/01 | 7/06/01 | [redacted] |

| 6. DECEASED OFFICER'S LAST MAILING ADDRESS *(Include zip code)* | 7. NAME OF DECEDENT'S SUPERIOR OFFICER | 8. SUPERVISOR'S AREA CODE AND PHONE NO. |
|---|---|---|
| 302 CR 1409 Mooreville; Ms 38857 | — | |

9. AT THE TIME OF INJURY WHICH RESULTED IN DEATH WAS THE OFFICER WORKING A REGULAR SHIFT OR AN ASSIGNED OVERTIME SHIFT? ☒ YES ☐ NO IF NO, ATTACH AFFIDAVIT EXPLAINING THE OFFICER'S DUTY STATUS.

| AS A | | IN THE SERVICE OF | |
|---|---|---|---|
| POLICE OFFICER | ☐ | STATE GOVERNMENT | ☐ |
| CORRECTIONS OFFICER | ☐ | LOCAL UNIT OF GOVERNMENT | ☒ |
| PROBATION OFFICER | ☐ | FEDERAL GOVERNMENT | ☐ |
| PAROLE OFFICER | ☐ | LEGALLY ORGANIZED VOLUNTEER FIRE, AMBULANCE OR RESCUE SQUAD DEPARTMENT ORGANIZED, CHARTERED OR FORMED BY A PUBLIC AGENCY TO ACT ON ITS BEHALF IN PROVIDING FIRE OR RESCUE SERVICE TO THE PUBLIC. | ☐ |
| FIREFIGHTER | ☐ | | |
| JUDICIAL OFFICER | ☐ | | |
| AMBULANCE AND RESCUE SQUAD MEMBER | ☐ | | |
| OTHER *(Specify)* Sheriff | | OTHER *(Specify)* | ☐ |

10. OFFICER'S EMPLOYMENT STATUS WHEN INJURY OCCURRED
☒ FULL-TIME
☐ PART-TIME
☐ VOLUNTEER
☐ MILITARY
☐ OTHER *(Specify)*

| 11. WAS INJURY CONTRIBUTED TO BY: | YES | NO | UNKNOWN |
|---|---|---|---|
| OFFICER'S GROSS NEGLIGENCE? | ☐ | ☒ | ☐ |
| OFFICER'S INTENTIONAL MISCONDUCT? | ☐ | ☒ | ☐ |
| OFFICER'S INTENT TO BRING ABOUT HIS OWN DEATH? | ☐ | ☒ | ☐ |
| OFFICER'S VOLUNTARY INTOXICATION? | ☐ | ☒ | ☐ |
| ANY PERSON WHO MAY BE ENTITLED TO BENEFIT? | ☐ | ☒ | ☐ |

*(Attach explanations for any "yes" answers.)*

## PART II: PLEASE CHECK AND ATTACH ALL APPLICABLE REPORTS RELATING TO THE DIRECT CAUSE OF OR APPROXIMATE CAUSE OF DEATH.

12. CERTIFIED COPY OF ORIGINAL REPORTS

| | | | |
|---|---|---|---|
| DETAILED STATEMENT OF CIRCUMSTANCES | ☒ | DEATH CERTIFICATE | ☒ |
| INVESTIGATION | ☒ | HOSPITAL RECORDS *(If required)* | ☒ |
| AUTOPSY | ☒ | OTHER *(Specify)* | ☐ |
| TOXICOLOGY ANALYSIS | ☒ | | |

13. IF KNOWN, GIVE NAME AND ADDRESS OF WITNESS(ES) WITH WHOM OFFICER WAS INVOLVED WHEN INJURED, IF NOT PROVIDED IN THE ABOVE REPORTS.



*(Continued on the reverse)*

**PART III: INFORMATION CONCERNING POSSIBLE CLAIMANTS** Provision of this information does not constitute a finding for or against an Interim Payment of Benefits of Final Award of Benefits. If officer was not married at the time of his death, but was cohabitating with another person in what could be constructed as a common-law marriage, please indicate that relationship below.

14. NAMES, RELATIONSHIP, AND ADDRESS OF PERSONS IN PRECEDENCE ORDER AND APPLICABILITY CATEGORY AS FOLLOWS:

| | NAME (*Last, First, Middle*) | DATE OF BIRTH | ADDRESS (*City, State, & Zip Code*) |
|---|---|---|---|
| SURVIVING SPOUSE OR COHABITANT | | | |
| CHILDREN: NATURAL, ADOPTED, STEPCHILDREN, POSTHUMOUS, OUT OF WEDLOCK, REGARDLESS OF AGE OR DEPENDENCY STATUS | Patrick Ray Presley | [redacted] | |
| | Bradford E Presley | | |
| | Jada Hardin Presley | | |
| | | | |
| | | | |
| | | | |
| SURVIVING PARENT(S) WHEN NEITHER SPOUSE NOR CHILDREN SURVIVE DECEDENT | | | |
| | | | |

15. HAS A LEGAL GUARDIAN BEEN APPOINTED FOR ANY OF THE ABOVE MENTIONED CHILDREN? ☐ YES ☒ NO
*(If "yes," give name and mailing address of guardian)*

| GUARDIAN(S) NAME | ADDRESS (*Include zip code*) | GUARDIAN FOR: (*List children's names*) |
|---|---|---|
| | | |
| | | |

## PART IV: INFORMATION CONCERNING OTHER CLAIMS

| 16. TO YOUR KNOWLEDGE HAS OR WILL A CLAIM BE FILED FOR BENEFITS UNDER: | YES | NO |
|---|---|---|
| A. FEDERAL EMPLOYEES COMPENSATION ACT, SECTION 8191, TITLE 5, U.S. CODE | ☐ | ☒ |
| B. DISTRICT OF COLUMBIA RETIREMENT AND DISABILITY ACT OF SEPTEMBER 1, 1916, AS AMENDED, D.C. CODE, SECTION 4-622 | ☐ | ☒ |

**PART V: CERTIFICATIONS** A false answer to any question in this Statement my be grounds for non-payment of benefits and may be punishable by fine or imprisonment (U.S. Code, Title 18, Sec. 1001). All the information you give will be considered in reviewing the claim and is subject to investigation.

17. EMPLOYING ORGANIZATION — To the best of my knowledge and belief, the above stated information is true and complete.

| TYPED NAME & TITLE OF EMPLOYING AGENCY HEAD | SIGNATURE OF EMPLOYING AGENCY HEAD | DATE |
|---|---|---|
| ORGANIZATION | ADDRESS (*Include zip code*) | PHONE NO. |

18. IS THERE A RETIREMENT/DISABILITY BOARD, WORKERS COMPENSATION BOARD, COURT, OR OTHER ENTITY WHICH WILL CONSIDER THE FACTS OF THIS CASE IN ORDER TO DETERMINE ELIGIBILITY FOR OTHER BENEFITS?

☐ YES ☐ NO

*If "yes," please give address and telephone number for each entity.*

**Public Reporting Burden**

**Paperwork Reduction Act Notice.** Under the Paperwork Reduction Act, a person is not required to respond to a collection of information unless it displays a currently valid OMB control number. We try to create forms and instructions that are accurate, can be easily understood, and which impose the least possible burden on you to provide us with information. The estimated average time to complete and file this application is 2.5 minutes per application. If you have comments regarding the accuracy of this estimate, or suggestions for making this form simpler, you can write to the Public Safety Officers Benefits Program, Bureau of Justice Assistance, Washington, D.C. 20531; and to the Office of Information and Regulatory Affairs, Office of Management and Budget, Washington, D.C. 20530.

On July 6, 2001 around midnight Lee County Sheriff's Department had a roadblock check point on Auburn Road in Lee County. During this checkpoint a red pickup approached the roadblock, turned around and was headed in the opposite direction. Sgt. Ronnie Burroughs made a traffic stop on this red truck and when he approached the vehicle; a w/m subject displayed a weapon and fired upon officers. The red truck proceeds south on Auburn Road. According to Sgt. Burroughs, a white male subject was driving the red truck and on the passenger side was a female subject without any clothing. The Lee County Sheriff's Department gave chase to the red truck. The red truck made a turn around near Auburn Road and Hwy 178 East. While the driver of the red truck was turning around, he fired several shots at Lee County Deputies, striking one of the Deputies vehicles in the driver's side door. After the exchange of gunfire, the pursuit of the red truck changed to a northbound direction on Auburn Road. Sheriff Harold Ray Presley joined in the chase and was directly behind the red truck with the white male driver and unknown female subject. During the chase the unknown female subject exited the red truck and she came to rest in the middle of Auburn Road. Medical assisted was dispatched to this location. The chase continued with Sheriff Presley behind the red truck. Sheriff Presley fired several shots at the red truck. The red truck came to the intersection of Auburn Road and Fellowship road where the driver lost control and crashed in thick growth trees, located on the West Side of Fellowship and at the intersection of Auburn Road. The driver of the red truck exited the vehicle and fled the scene. The female subject that had exited the red truck was transported to North Mississippi Medical Center and was identified as Charlene Wright.

The investigation continued in obtaining information concerning the identity of the driver of the red truck. The investigation revealed the driver of the red truck to be a Billy Stone. The red truck was removed from the scene and towed to the Lee County Sheriff Department.

On July 6, 2001 at approximately 4:15 hours, the property of Robert Norris was being search by the following persons; Sheriff Presley, Deputy Jack Tate, Lee County Vice Narcotics Commander Sgt. Danny Dillard, Sgt. Gary Dodd, Sgt. Jason Stanford and Robert Norris. This property was located only a short distance from the crash of the red truck. Sheriff Presley, Deputy Tate and Robert Norris entered a shop building directly behind the residence of Mr. Norris. While inside the shop, gunfire was exchanged and Mr. Norris received several gunshot wounds. Sheriff Presley received several gunshot wounds in the shootout and Billy Stone received a single gunshot wound. Billy Stone came out of the shop and was apprehended by Lee County Sheriff's Department Officers. Sheriff Presley was transported to North Mississippi Medical Center and was pronounced dead. Mr. Norris was transported and treated at the North Mississippi Medical Center. Mr. Stone died at the scene.

The crime scene and investigation was turned over to the Mississippi Highway Safety Patrol Criminal Investigation Bureau.

[signature]

Notarized this the 8th day of October 2001.

Janet Burroughs

Notary Public State of Mississippi At Large
My Commission Expires: December 15, 2001
Bonded Thru Holden, Brooks & Garland, Inc.

STATE MEDICAL EXAMINER

6993

PD

# REPORT OF DEATH INVESTIGATION

Central Office Use Only

(Date of Receipt)

(DOD Code)

(COD Code)

(ME Case Number)

DECEDENT: Harold (First Name) R. (Middle Name) Presley (Last Name) (Jr., Sr., III, etc.)

ADDRESS: 904 Twentieth Lake Rd. (Number & Street or Route, Box No.) Tupelo, Ms (City, State) Lee (County)

## INFORMATION ABOUT DECEDENT AND DESCRIPTION OF BODY

AGE (If less than 2 yrs. give months & days): 52

Date of Birth: 1/15/49

MARITAL STATUS: [X] Married [ ] Never Married [ ] Widowed [ ] Divorced [ ] Separated [ ] Unknown

RACE: [X] White [ ] Black [ ] Hispanic [ ] Other

SEX: [X] Male [ ] Female [ ] Undetermined

HEAD-HAIR: [ ] None [ ] Partly Bald [ ] Blonde [X] Brown [ ] Red [ ] Black [ ] Grey [ ] White

OTHER HAIR: [ ] Mustache [ ] Beard

CLOTHING: [ ] Clothed [X] Partly Clothed [ ] Unclothed

EYES: Color Brown

R ______ L ______

WEIGHT: 200 #

LENGTH: 5' 11"

MISCELLANEOUS: [ ] ______ [ ] ______ [ ] ______ [ ] Circumcised

BODY TEMPERATURE: [X] Warm [ ] Cool [ ] Cold ______ (If taken)

RIGOR (Circle Degree): [X] Neck (0) 1+ 2+ 3+; [X] Arms (0) 1+ 2+ 3+; [X] Legs (0) 1+ 2+ 3+

LIVOR: Color ______ Fixed? [ ] Yes [X] No [ ] Anterior [ ] Posterior [ ] Lateral

BLOOD: [ ] None [ ] Mouth [ ] Ears [X] Clothing [ ] None

FROTH: [ ] Present [X] Absent

OTHER (Dirt, water, etc.): [ ] Nose [ ] Mouth [ ] Ears [X] None

DECOMPOSITION: [ ] Early [ ] Advanced [X] None

OCCUPATION (Please fill in both parts)

TYPE OF WORK: Sheriff

(Example: machinist, typist, fireman, farmer, salesman, homemaker)

INDUSTRY: ______

(Example: textile, banking, fire dept., farming, insurance, home)

[ ] No Occupational Information

## INFORMATION ABOUT OCCURRENCE

| ITEM | DATE | TIME | LOCATION | COUNTY | TYPE OF PREMISES (Home, farm, highway, hospital, etc.) |
|---|---|---|---|---|---|
| INJURY OR ONSET OF ILLNESS | 7/6/01 | 5:25A | E. R. | Lee | ON THE JOB? [X] YES [ ] NO |
| LAST SEEN ALIVE | " | " | (By whom: Name and Address) " | " | |
| DEATH | " | " | " | " | |
| FOUND DEAD BY | " | " | (By whom: Name and Address or Title) " | " | |
| POLICE NOTIFIED | " | " | POLICE AGENCY: " | | OFFICER: |
| CORONER/M.E. NOTIFIED | " | 5:25A | (By whom: Name and Address) " | | |
| VIEW OF BODY | " | 6:00A | " | | [ ] NOT VIEWED |
| WITNESS TO INJURY OR ILLNESS AND DEATH | (Name) | | (Address) | | BLOOD SAMPLE DRAWN: [ ] Yes [ ] Why not? ______ |

## MANNER OF DEATH

[ ] NATURAL [X] HOMICIDE [ ] ACCIDENT [ ] SUICIDE [ ] UNKNOWN [ ] PENDING

MEDICO-LEGAL AUTOPSY AUTHORIZED: [X] Yes [ ] No

PATHOLOGIST: ______

OTHER AUTOPSY DONE: [X] Yes [ ] No

PROBABLE CAUSE OF DEATH:

1. GSW to Body

2. Due to: ______

Contributing factor: ______

M.S.M.E. ______

I hereby certify that after receiving notice of the death described herein I took charge of the body and made inquiries regarding the cause of death in accordance with the Mississippi Code Annotated, and that the information contained herein regarding such death is true and correct to the best of my knowledge and belief.

Greg Smith (Signature of Coroner or Medical Examiner)

7-6-01 (Date Signed) Lee (County) 41-A (Your Number)

IS DECEDENT AN ORGAN DONOR? ____YES ____NO (Please ask family when at all possible

____ KIDNEY ____ EYE ____ ANY NEEDED ORGAN

IF DONOR, DID YOU NOTIFY TRANSPLANT TEAM? ___YES ___NO IF NO, WHO DID?

ME-1 Send original to the State Medical Examiner . . .

# STATE OF MISSISSIPPI

MISSISSIPPI STATE DEPARTMENT OF HEALTH
VITAL RECORDS

TYPE OR PRINT WITH BLACK INK

FILING DATE: JUL 1 1 2001

## CERTIFICATE OF DEATH

STATE OF MISSISSIPPI

STATE FILE NUMBER: 123-01-015294

**DECEASED**

1. NAME (First, Middle, Last): Harold Ray Presley
2. SEX: Male
3a. HOUR OF DEATH: 5:31 a.m.
3b. DATE OF DEATH (Month, Day, Year): July 6, 2001
4. RACE (Specify White, Black, American Indian, etc.): White
5a. AGE AT LAST BIRTHDAY: 52 Years
ONLY IF UNDER 1 YEAR: 5b. MOS / 5c. DAYS
ONLY IF UNDER 1 DAY: 5d. HOURS / 5e. MINS
6. DATE OF BIRTH (Month, Day, Year): Oct. 4, 1948
7a. COUNTY OF DEATH: Lee

If death occurred in an institution, see HANDBOOK, regarding completion of RESIDENCE items

7b. CITY OR TOWN OF DEATH: Tupelo
7c. HOSPITAL OR OTHER INSTITUTION-NAME AND NUMBER (If not in either, give street address, route number or other location): North Mississippi Medical Center 41T
7d. IF IN HOSP., OR INST. SPECIFY INPT., OUTPT., EMER. RM OR DOA: Emergency Room
8. STATE OF BIRTH: Miss.
9. DECEDENT'S EDUCATION (Specify only highest grade completed): Elem/High School (0-12): 12; College (1-4, 5+):
10. MARRIED, NEVER MARRIED, WIDOWED, DIVORCED (Specify): married
11. SURVIVING SPOUSE (If wife, give maiden name): Charlene McMullen
12. WAS DECEASED EVER IN U.S. ARMED FORCES? (Yes or No): Yes
13. ORIGIN OR DESCENT (Specify Cuban, Afro-American, Mexican, etc.): American
14. SOCIAL SECURITY NUMBER: [redacted]
15a. USUAL OCCUPATION (Kind of work done most of working life): Sheriff
15b. KIND OF BUSINESS OR INDUSTRY: Lee Co., Miss.

For RESIDENCE items, enter actual location of home rather than mailing address

16a. RESIDENCE—STATE: Miss.
16b. COUNTY: Lee
16c. CITY OR TOWN: Mooreville
16d. INSIDE CITY LIMITS (Specify Yes or No): No
16e. STREET AND NUMBER OR RURAL LOCATION: 302 CR 1409

**PARENTS**

17. FATHER—NAME (First, Middle, Last): Noah Edward Presley
18. MOTHER—NAME (First, Middle, Maiden): Christine Houston

**INFORMANT**

19a. INFORMANT—NAME (Type or print): Charlene/Patrick, Brad/Jada Presley
19b. MAILING ADDRESS (Street and number or route and box number, City or town, State, ZIP code): [redacted]

**DISPOSITION**

20a. BURIAL, CREMATION, REMOVAL (Specify): burial
20b. CEMETERY, CREMATORY—NAME: Lee Memorial Park
20c. LOCATION (City and State): Verona, MS.
20d. ▶ Steve Holland FS718
21b. FUNERAL HOME—NAME AND MISSISSIPPI I.D. NUMBER: Lee Memorial F. H. 41-L
21c. MAILING ADDRESS (Street and number or route and box number, City or town, State, ZIP code): P. O. Drawer 1220 Verona, MS. 38879

**PRONOUNCEMENT**

22a. PERSON WHO PRONOUNCED DEATH—NAME AND TITLE (Type or print): Roy Barnett
22b. PRONOUNCED DEAD (Month, Day, Year): ON 7-06-01
22c. PRONOUNCED DEAD (Hour): AT 5:31 A m

**CERTIFIER**

23a. CERTIFIER—NAME (Type or print): Roy Barnett
23b. MAILING ADDRESS (Street and number or route and box number, City or town, State, ZIP code): Post Office Box 185, Shannon, Mississippi 38868

Mississippi State Board of Health
Form No. 511
Revised 1-1-89

This section to be completed by physician if NOT a medical examiner:
24a. To the best of my knowledge, death occurred due to the cause(s) and manner as stated. SIGNATURE ▶ MD
24b. DATE SIGNED (Month, Day, Year)
24c. STATE LICENSE NUMBER
24d. NAME OF ATTENDING PHYSICIAN IF OTHER THAN CERTIFIER (Type or print)

This section to be completed by medical examiner ONLY:
24e. On the basis of examination and/or investigation, in my opinion, death occurred due to the cause(s) and manner as stated. SIGNATURE ▶ Roy Barnett
24f. TITLE: CME I
24g. DATE SIGNED (Month, Day, Year): 7-06-01

**CAUSE OF DEATH**

25. PART I. DEATH CAUSED BY:
IMMEDIATE CAUSE (Enter one cause only):
(a) GSW to upper Body w/ Handgun — Interval between onset and death:
DUE TO, OR AS A CONSEQUENCE OF (Enter one cause only):
(b) Inflicted by another Person — Interval between onset and death:
DUE TO, OR AS A CONSEQUENCE OF (Enter one cause only):
(c) Sheriff in line of duty — Interval between onset and death:

Conditions, if any, which gave rise to immediate cause stating the underlying cause last

26. PART II. OTHER SIGNIFICANT CONDITIONS—Conditions contributing to death but not resulting in the underlying cause given in PART I
27. AUTOPSY (Yes or No): Yes
28. WAS CASE REFERRED TO MEDICAL EXAMINER? (Yes or No): Yes

Had Decedent been Pregnant Within 90 Days Prior to Death? ☐ Yes ☐ No

Use if death NOT due to natural causes:
29a. ACCIDENT, SUICIDE, HOMICIDE, PENDING INVESTIGATION, OR UNDETERMINED (Specify): Homicide
29b. DATE OF INJURY (Month, Day, Year): 7-06-01
29c. HOUR OF INJURY: 4:00 Am
29d. DESCRIBE HOW OR BY WHAT MEANS INJURY OCCURRED: appt.
29e. INJURY AT WORK (Yes or No): yes
29f. PLACE OF INJURY (Specify Home, Farm, Street, Factory, Office building, etc.): Fellowship Rd.
29g. LOCATION (Street or route number, City or town, State): Saltillo, Ms. 38866

THIS IS TO CERTIFY THAT THE ABOVE IS A TRUE AND CORRECT COPY OF THE CERTIFICATE ON FILE IN THIS OFFICE

F. E. Thompson Jr. MD
F. E. Thompson, Jr., M.D., M.P.H.
STATE HEALTH OFFICER

20

SEP - 5 2001

Judy Moulder
Judy Moulder
STATE REGISTRAR

WARNING: A REPRODUCTION OF THIS DOCUMENT RENDERS IT VOID AND INVALID. DO NOT ACC[EPT UNLESS] EMBOSSED SEAL OF THE MISSISSIPPI STATE BOARD OF HEALTH IS PRESENT. IT IS ILLEG[AL TO ALTER] OR COUNTERFEIT THIS DOCUMENT.

EXHIBIT
A

tabbles

THE FACE OF THIS DOCUMENT HAS A COLORED BACKGROUND ON WHITE PAPER...

9

APPROVED: OMB NO. 1121-0024
EXPIRES: 5/31/2002

U.S. DEPARTMENT OF JUSTICE
OFFICE OF JUSTICE PROGRAMS
BUREAU OF JUSTICE ASSISTANCE
PUBLIC SAFETY OFFICERS' BENEFITS PROGRAM
WASHINGTON, D.C. 20531

# CLAIM FOR DEATH BENEFITS

FOR DOJ USE ONLY

CASE # 01-192

DATE RECEIVED ________

This information is being requested pursuant to the Omnibus Crime Control and Safe Streets Act of 1968, as amended (42 U.S.C. 3796), and the disclosure is voluntary. This form will be used by the Department of Justice to determine eligibility of a claimant for the payment of benefits and the information may be disclosed to Federal, State and local agencies to verify eligibility for benefits. Disclosure of an individual's Social Security number is mandatory. Failure to supply all of the requested information may result in a delay in processing this form and receipt of benefits. **PLEASE PRINT PLAINLY OR TYPE**

| 1. NAME OF OFFICER *(Last, First, Middle)* | 2. SOCIAL SECURITY NO. | 3. DATE OF INJURY | 4. DATE OF DEATH |
|---|---|---|---|
| Presley, Harold Ray | [redacted] | 7/06/01 | 7/06/01 |

5. NAME AND ADDRESS OF PUBLIC SAFETY AGENCY, ORGANIZATION OR UNIT IN WHOSE SERVICE DEATH OCCURRED *(Include zip code)*
Lee County Sheriff's Dept
510 N. Commerce St. Tupelo Ms. 38804

INSTRUCTIONS: A claim should be filed when an eligible public safety officer (police, parole, firefighter, judicial officer or rescue squad or ambulance crew member, paid or volunteer) has died of a traumatic injury sustained in the line of duty. **WHO SHOULD FILE:** (1) Surviving Spouse (Complete Part I) (2) Child or Children of the Officer (Complete Part II) and (3) Parent or Parents of the Officer (Complete Part III). All claimants must complete Part IV. Where documentation is required, a properly certified copy of the record will suffice.

**PART I INFORMATION ON SURVIVING SPOUSE**

When at the time of the officer's death the officer was survived by a husband or wife, this Part should be completed. If there are children of the officer, regardless of age or dependency, Part II must be completed. (Attach certified copies of marriage certificates, all divorce decrees (including custody agreements), or separation agreements as applicable to marital relationship with the officer and certified copies of children's birth certificates.)

6. Name *(Last, First, Middle)*

7. SOCIAL SECURITY NO.

8. MAILING ADDRESS *(Include zip code)*

9. MARITAL STATUS AT TIME OF OFFICER'S DEATH
☐ MARRIED ☐ SEPARATED
☒ DIVORCED ☐ OTHER
☐ SINGLE

*Attach necessary documentation such as marriage certificates, all divorce decrees and custody agreements, or separation agreements.*

10. DO YOU HAVE REASON TO BELIEVE THAT THE OFFICER WAS MARRIED AT ANY TIME TO ANYONE ELSE?
☐ YES ☒ NO ☐ UNKNOWN

11. DO YOU HAVE REASON TO BELIEVE THAT THE OFFICER HAD CHILDREN FROM A PREVIOUS MARRIAGE OR RELATIONSHIP?
☐ YES ☒ NO
*If yes, include under Part II or explain on separate sheet and attach to this form.*

12. *If answer to Item 10 is yes, submit documents to show dissolution of prior marriages, such as death certificates, divorce decrees.*

**PART II INFORMATION ON CHILDREN**

If the officer was survived by a natural, out of wedlock, adopted or posthumous child, or stepchild (or children) at the time of his death, this part should be completed. All surviving children should be listed regardless of their age or dependency status at the time of the officer's death. Attach a certified copy of birth certificates, adoption papers, or other evidence of parent-child relationship, as appropriate.

| 13. NAME *(Last, First, Middle)* | DATE OF BIRTH | ADDRESS *(If not residing at address shown in Item 8, above)* |
|---|---|---|
| Patrick Ray Presley | [redacted] | |
| Bradford E Presley | | |
| Jada Hardin Presley | | |
| | | |
| | | |

HAS A LEGAL GUARDIAN BEEN APPOINTED FOR ANY OF THE ABOVE MENTIONED CHILDREN? ☐ YES ☒ NO *(If "yes," give name and mailing address of guardian of each child. Legal guardianship documents will be required in the event benefits will be awarded to children under guardianship.)*

| GUARDIAN(S) NAME/SOCIAL SECURITY NO. | ADDRESS *(Include zip code)* | GUARDIAN FOR *(List Children's Names)* |
|---|---|---|
| | | |

OJP ADMIN FORM 3650/5 (REV. 9/00)



*(continued on the reverse)*

| PART III OTHER CLAIMANT | If at the time of death the officer was not survived by a spouse or children but was survived by a parent or parents, this Part should be completed. Attach a certified copy of the officer's birth certificate or other evidence of parent-child relationship as appropriate. |
|---|---|

| 14. IS THERE A SURVIVING SPOUSE OF DECEASED OFFICER? | 15. IS THERE A SURVIVING CHILD OR CHILDREN OF DECEASED OFFICER? | NOTE: IF ANSWER TO EITHER ITEM 14 OR 15 IS "YES," DO NOT COMPLETE PART III |
|---|---|---|
| ☐ YES ☒ NO | ☒ YES ☐ NO | |

**CLAIMANT(S) IN THE CIRCUMSTANCE OF NO SURVIVING SPOUSE OR CHILDREN**

| 16. NAME *(Last, First, Middle)* | MAILING ADDRESS *(Including zip code)* |
|---|---|
| | |
| | |

| PART IV | **STATEMENTS AND CLAIM:** All claimants are required to complete this Part. The purpose of this claim is to establish survivorship eligibility and assert the rights to benefits under the Omnibus Crime Control and Safe Streets Act of 1968, as amended (42 U.S.C. 3796). The filing of this claim does not constitute a determination by the Department of Justice that benefits will or will not be awarded to the claimant(s). This claim may be prepared by a person acting on behalf of the claimant(s) such as a parent, legally appointed guardian, other legal representatives, or duty designated representatives of the claimant(s). Evidence of authority to represent claimant(s) should be attached. |
|---|---|

17.

**A. STATEMENT ON OTHER CLAIMS FILED WITH THE UNITED STATES GOVERNMENT AND/OR THE DISTRICT OF COLUMBIA:**

Has claim been filed for benefits under:

(1) Federal Employees Compensation Act, Section 8191 Title 5, U.S. Code? ☐ YES ☒ NO

(2) D.C. Retirement and Disability Act of September 1, 1916, Sec. 4-622? ☐ YES ☒ NO

**B. STATEMENT OF FINANCIAL NEED:** Has an immediate financial hardship been incurred as a result of this death?

☒ YES ☐ NO

If "yes" provide a brief statement of financial circumstances and need. If more room is needed, use additional sheets.

[redacted]

I hereby make claim for benefits for myself as, or on behalf of (spouse, child/children or other eligible claimants) listed above, under the Omnibus Crime Control and Safe Streets Act of 1968, as amended (42 U.S.C. 3796), as a result of the death of the above named public safety officer, who sustained fatal injury in the line of duty. Every statement and information set forth above is true to the best of my knowledge and belief.

**A false answer to any question in this Statement may be grounds for non-payment of benefits and may be punishable by fine or imprisonment (U.S. Code, Title 18, Sec. 1001). All the information you give will be considered in reviewing the claim and is subject to investigation.**

| SIGNATURE OF CLAIMANT OR AUTHORIZED REPRESENTATIVE *(If representative, provide claimant's affidavit granting power of attorney)* | DATE |
|---|---|
| Patrick Ray Presley | 8-15-01 |
| | PHONE NO. *(Include area code)* [redacted] |

22

**Public Reporting Burden**

**Paperwork Reduction Act Notice.** Under the Paperwork Reduction Act, a person is not required to respond to a collection of information unless it displays a currently valid OMB control number. We try to create forms and instructions that are accurate, can be easily understood, and which impose the least possible burden on you to provide us with information. The estimated average time to complete and file this application is 1.2 minutes per application. If you have comments regarding the accuracy of this estimate, or suggestions for making this form simpler, you can write to the Public Safety Officers' Benefits Program, Bureau of Justice Assistance, 810 7th Street, NW, Washington, D.C. 20352 and to the Office of Information and Regulatory Affairs, Office or Management and Budget, Washington, DC 20530.

10

U.S. Department of Justice

Office of Justice Programs

*Bureau of Justice Assistance*

*Washington, D.C. 20531*

AUG 19 2002

RECEIVED
AUG 26 2002
PHELPS DUNBAR, L.L.P.

Lawrence Magdovitz, Esq.
One Mississippi Plaza
201 South Spring Street, 7th Floor
Tupelo, Mississippi 38804

Re: Sheriff Harold R. Presley, PSOB claim #01-192

Dear Mr. Magdovitz:

Pursuant to our conversation, please find enclosed the Public Law 42 USC 3796 (a) which states who will be the recipients of the Public Safety's Officers' Benefits death benefits.

If you have further questions, please call this office at (202) 307-0635 or 1 (888) 744-6513.

Sincerely,

Marion C. Winfield
Director
Office of Benefits

Attachment



EXHIBIT
"D"

PUBLIC SAFETY OFFICERS' DEATH BENEFITS
CHAPTER 46 - SUBCHAPTER XII - PART A
[TITLE I - PART L - SUBPART 1]

*42 USC § 3796* **[Sec. 1201] Payment of death benefits**

(a) Amount; recipients. In any case in which the Bureau of Justice Assistance (hereinafter in this subchapter referred to as the "Bureau") determines, under regulations issued pursuant to this subchapter, that a public safety officer has died as the direct and proximate result of a personal injury sustained in the line of duty, the Bureau shall pay a benefit of $100,000, adjusted in accordance with subsection (h) of this section, as follows:

(1) if there is no surviving child of such officer, to the surviving spouse of such officer;

(2) if there is a surviving child or children and a surviving spouse, one- half to the surviving child or children of such officer in equal shares and one-half to the surviving spouse;

(3) if there is no surviving spouse, to the child or children of such officer in equal shares; or

(4) if none of the above, to the parent or parents of such officer in equal shares.

(b) Benefits for permanent and total disability. In accordance with regulations issued pursuant to this subchapter [part], in any case in which the Bureau determines that a public safety officer has become permanently and totally disabled as the direct result of a catastrophic injury sustained in the line of duty, the Bureau shall pay, to the extent that appropriations are provided, the same benefit in any year that is payable under subsection (a) of this section in such year, adjusted in accordance with subsection (h) of this section, to such officer: Provided, That the total annual benefits paid under this subsection may not exceed $5,000,000. For the purposes of making these benefit payments, there are authorized to be appropriated for each fiscal year such sums as may be necessary: Provided further, That these benefit payments are subject to the availability of appropriations and that each beneficiary's payment shall be reduced by a proportionate share to the extent that sufficient funds are not appropriated.

(c) Interim benefit payment. Whenever the Bureau determines upon showing of need and prior to final action that the death of a public safety officer is one with respect to which a benefit will probably be paid, the Bureau may make an interim benefit payment not exceeding $3,000 to the individual entitled to receive a benefit under subsection (a) of this section.

(d) Deduction of interim payment. The amount of an interim payment under subsection (c) of this section shall be deducted from the amount of any final benefit paid to such individual.

(e) Repayment of interim payment; waiver. Where there is no final benefit paid, the recipient of any interim payment under subsection (c) of this section shall be liable for repayment of such amount. The Bureau may waive all or part of such repayment, considering for this purpose the hardship which would result from such repayment.

(f) Reductions from final benefit payment. The benefit payable under this subchapter [part] shall be in addition to any other benefit that may be due from any other source, except--

(1) payments authorized by section 12(k) of the Act of September 1, 1916, as amended (D.C.Code, sec. 4-622); or

(2) benefits authorized by section 8191 of Title 5. Such beneficiaries shall only receive benefits under such section 8191 that are in excess of the benefits received under this subchapter.

(g) Execution or attachment prohibited. No benefit paid under this subchapter [part] shall be subject to execution or attachment.

(h) Consumer Price Index adjustment. On October 1 of each fiscal year beginning after June 1, 1988, the Bureau shall adjust the level of the benefit payable immediately before such October 1 under subsection (a) of this section, to reflect the annual percentage change in the Consumer Price Index for All Urban Consumers, published by the Bureau of Labor Statistics, occurring in the 1-year period ending on June 1 immediately preceding such October 1.

(i) Amount payable determined as of date of death. The amount payable under subsection (a) of this section with respect to the death of a public safety officer shall be the amount payable under subsection (a) of this section as of the date of death of such officer.

(j) Limitations on benefits.

(1) No benefit is payable under this subchapter with respect to the death of a public safety officer if a benefit is paid under this subchapter with respect to the disability of such officer.

(2) No benefit is payable under this subchapter with respect to the disability of a public safety officer if a benefit is payable under this subchapter with respect to the death of such public safety officer.

*42 USC § 3796a* **[Sec. 1202] Limitations on benefits**

No benefit shall be paid under this subchapter [part]--

(1) if the death or catastrophic injury was caused by the intentional misconduct of the public safety officer or by such officer's intention to bring about his death or catastrophic injury;

(2) if the public safety officer was voluntarily intoxicated at the time of his death or catastrophic injury;

(3) if the public safety officer was performing his duties in a grossly negligent manner at the time of his death or catastrophic injury;

(4) to any individual who would otherwise be entitled to a benefit under this subchapter if such individual's actions were a substantial contributing factor to the death or catastrophic injury of the public safety officer; or

(5) to any individual employed in a capacity other than a civilian capacity.

*42 USC § 3796a-1* **[Sec. 1203] National programs for families of public safety officers who have died in line of duty**

The Director is authorized to use no less than $150,000 of the funds appropriated for this subchapter [part] to maintain and enhance national peer support and counseling programs to assist families of public safety officers who have died in the line of duty.

*42 USC § 3796b* **[Sec. 1204] Definitions**

As used in this subchapter [part]--

(1) "catastrophic injury" means consequences of an injury that permanently prevent an individual from performing any gainful work;

(2) "child" means any natural, illegitimate, adopted, or posthumous child or stepchild of a deceased public safety officer who, at the time of the public safety officer's death, is--

(i) 18 years of age or under;

(ii) over 18 years of age and a student as defined in section 8101 of Title 5; or

(iii) over 18 years of age and incapable of self-support because of physical or mental disability;

(3) "firefighter" includes an individual serving as an officially recognized or designated member of a legally organized volunteer fire department and an officially recognized or designated public employee member of a rescue squad or ambulance crew.

(4) "intoxication" means a disturbance of mental or physical faculties resulting from the introduction of alcohol into the body as evidenced by--

(i) a post-mortem blood alcohol level of .20 per centum or greater; or

(ii) a post-mortem blood alcohol level of at least .10 per centum but less than .20 per centum unless the Bureau receives convincing evidence that the public safety officer was not acting in an intoxicated manner immediately prior to his death; or resulting from drugs or other substances in the body;

(5) "law enforcement officer" means an individual involved in crime and juvenile delinquency control or reduction, or enforcement of the laws, including, but not limited to, police, corrections, probation, parole, and judicial officers;

(6) "public agency" means the United States, any State of the United States, the District of Columbia, the Commonwealth of Puerto Rico, the Virgin Islands of the United States, Guam, American Samoa, the Trust Territory of the Pacific Islands, the Commonwealth of the Northern Mariana Islands, and any territory or possession of the United States, or any unit of local government, department, agency, or instrumentality of any of the foregoing; and

(7) "public safety officer" means an individual serving a public agency in an official capacity, with or without compensation, as a law enforcement officer, a firefighter, or rescue squad or ambulance crew.

*42 USC § 3796c* **[Sec. 1205] Administrative provisions**

(a) Rules, regulations, and procedures. The Bureau is authorized to establish such rules, regulations, and procedures as may be necessary to carry out the purposes of this subchapter [part]. Such rules, regulations, and procedures will be determinative of conflict of laws issues arising under this subchapter [part]. Rules, regulations, and procedures issued under this subchapter [part] may include regulations governing the recognition of agents or other persons representing claimants under this subchapter before the Bureau. The Bureau may prescribe the maximum fees which may be charged for services performed in connection with any claim under this subchapter before the Bureau, and any agreement in violation of such rules and regulations shall be void.

(b) Use of State and local administrative and investigative assistance. In making determinations under section 3796 of this title, the Bureau may utilize such administrative and investigative assistance as may be available from State and local agencies. Responsibility for making final determinations shall rest with the Bureau.

(c) Use of funds to conduct appeals of claims. Notwithstanding any other provision of law, the Bureau is authorized to use appropriated funds to conduct appeals of public safety officers' death and disability claims.

11

PHELPS DUNBAR LLP
COUNSELORS AT LAW

New Orleans, LA
Baton Rouge, LA
Houston, TX
London, England

One Mississippi Plaza
201 South Spring Street • Seventh Floor
Tupelo, Mississippi 38804
P. O. Box 1220
Tupelo, Mississippi 38802-1220
(662) 842-7907 • Fax (662) 842-3873

Jackson, MS
Tupelo, MS
Gulfport, MS
Tampa, FL

www.phelpsdunbar.com

LAWRENCE "LARRY" MAGDOVITZ
Admitted in Mississippi and Tennessee
Direct (662) 690-8166
magdovil@phelps.com

September 4, 2002

RECEIVED
SEP 05 2002
BY: 17954.1

**VIA FEDERAL EXPRESS (Tracking No. 7919 2191 2071)**

Marion C. Winfield
Bureau of Justice Assistance
Public Safety Officers' Benefits Office
810 Seventh Street, N.W.
Washington, D.C. 20531

Re: Sheriff Harold Ray Presley, PSOB Claim #01-192

Dear Ms. Winfield:

On July 17, 2001 your office received information regarding the death in the line of duty of Sheriff Harold Ray Presley and on July 19, your office initiated the claim for benefits. On October 12, 2001 your office sent a letter to Janet Burroughs of the Lee County Sheriff's Department requesting further information (Exhibit A, attached). On September 7, 2001, Mary Christine Roberts passed away. At various times in 2001 and 2002, attorney's representing the estate of Mary Christine Roberts, an eligible beneficiary for the Public Safety Officers' Benefit (PSOB) grant at the time of the filing of this claim, have contacted your office via telephone and provided your office with the information requested in your October 12th letter. (Exhibit B, attached). On July 2, 2002 we submitted a letter to your office requesting that you either accept or deny Mrs. Roberts's claim for a PSOB grant in writing. (Exhibit C, attached). We are now in receipt of your letter dated August 19, 2002 in which you referenced 42 U.S.C. § 3796(a) *Payment of Death Benefits*. (Exhibit D, attached) Although we have not received a written denial pursuant to Section (a) of the Appendix to Part 32-PSOB Hearing and Appeal Procedures, we assume by this letter that you are denying Mrs. Roberts's PSOB claim. If that is not the case, then please forward your acceptance or denial of Mrs. Roberts's claim *in writing* immediately. If your August 19th letter was in fact your office's denial letter then we respectfully request that an oral hearing before a hearing officer be held on this claim.

We believe that your denial of Mrs. Roberts's claim is not well-founded for the following reason. The regulations covering Public Safety Officers' Death and Disability Benefits state that when a public safety officer dies in the line of duty, the Bureau of Justice Assistance will pay a

TO:141521.1

benefit of $100,000. 28 C.F.R. § 32.3(a) (2001). "Line of Duty" is defined in 28 C.F.R. § 32.2(c) as "Any action which an officer whose primary function is crime control is obligated to perform". 28 C.F.R. § 32.2(c) (2001). The benefit is paid to beneficiaries in the order listed in Section 32.10(a) which ends with the beneficiary class of surviving parent(s). 28 C.F.R. § 32.10(a)(4) (2001). Nothing in Subpart A of Part 32 defines what the term "surviving" means. Turning to Black's Law Dictionary, "surviving" is defined as "Remaining alive. Living beyond the life of another or beyond the happening of some event so as to be entitled to a distribution of property or income." BLACK'S LAW DICTIONARY 1446 (6th Ed. 1990). A "survivor" is defined as "One who survives another; one who outlives another; one who lives beyond some happening; one of two or more persons who lives after the death of the other or others. BLACK'S LAW DICTIONARY 1446 (6th Ed. 1990). Furthermore, in your letter of August 19th, you cited 42 U.S.C. § 3796(a) which states in pertinent part "the Bureau shall pay a benefit...as follows: ...(4) if none of the above, to the parent or parents of such officer...". This section does not even contain a "surviving" modifier to "parent".

Mrs. Roberts qualified as an eligible beneficiary at the time of Sheriff Presley's death because she was alive and she did survive her son. Whether you follow the regulations or the statute, the Bureau is obligated to grant the PSOB claim of Mrs. Roberts, payable to her estate, as an eligible beneficiary at the time of the filing of the PSOB claim for Sheriff Presley.

As the legal representative of the administrator of Mrs. Roberts's estate, Eva P. White (Exhibit E, attached), we respectfully request an oral hearing before a hearing officer pursuant to the procedures outlined in the Appendix to Part 32-PSOB Hearing and Appeal Procedures.

Sincerely,

PHELPS DUNBAR, LLP

Lawrence "Larry" Magdovitz

Lmii:lm
Attachments
cc: Patrick Ray Presley
Bradford E. Presley
Jada Presley Hardin
Eva P. White
Norma F. Ray
Larry W. Presley

TO:141521.1

James R. Presley
Brandon Presley
Greta Presley
Greg Presley
Richard Roberts
Christy Drake
Kitzi Sprinkle
Brenda Beardain
Cathy Hooper

12

U.S. Department of Justice

Office of Justice Programs

*Bureau of Justice Assistance*

*Washington, D.C. 20531*

**PUBLIC SAFETY OFFICERS' BENEFITS ACT CLAIM DETERMINATION**

**Case Number:** 2001-192

**Full Name:** Harold Ray Presley

**Title:** Sheriff

**Department/Agency:** Lee County Sheriff's Department

**City, State, Zip Code:** Tupelo, Mississippi 38804

**Case Summary:** On July 6, 2001, officers from the Lee County Sheriff's Department were conducting a roadblock check point and saw a pickup truck turn around before reaching their location. When the officers attempted to stop the vehicle, a chase was initiated and Sheriff Harold Ray Presley, age 52, joined the pursuit to catch the fleeing pickup. After an exchange of gunfire, the suspect crashed into a group of trees and ran from the scene. A search was made of a nearby property and, upon entering a building behind the owner's residence, Sheriff Presley and the men accompanying him were fired upon by the suspect. Sheriff Presley was hit several times and subsequently transported to the North Mississippi Medical Center, where he was pronounced dead of multiple gunshot wounds to the body.

**Determination:** Based on the Claim for Death Benefits submitted by his adult son, Patrick Presley, and an analysis of the evidence presented in this case, the Bureau of Justice Assistance (BJA) has determined that the death of Sheriff Harold Ray Presley **is not covered** under the Omnibus Crime Control and Safe Streets Act of 1968 (42 U.S.C. 3796), as amended, and 28 C.F.R. Part 32.

On July 16, 2001, basic information concerning Sheriff Presley's death was received, and on July 19, 2001, the Lee County Sheriff's Department was sent a guidance letter indicating the documents that were needed in order for the claim to be processed.

For officer deaths prior to September 11, 2001, the Public Safety Officers' Benefits (PSOB) Act and regulations limit the eligible beneficiaries for PSOB benefits to the officer's current spouse and children or, absent these, the officer's parents. In order to be eligible, the children had to be, on the date of the officer's death, either 18 years of age or younger or between the ages of 19 and 22 and a full-time student (42 U.S.C. 3796(a), 28 C.F.R. 32.2(x)). As noted in the information

submitted by the Lee County Sheriff's Department, Sheriff Presley was not married at the time he was killed. Of his three children, sons Bradford and Patrick were, respectively, 27 and 29 years of age. Daughter Jada was 22 and would therefore be an eligible beneficiary if she had been enrolled as a full-time student at an eligible educational or training institution. Also identified as a possible beneficiary was Sheriff Presley's mother, Christine Roberts. (The PSOB office was told that Sheriff Presley's father had previously passed away, though no death certificate was provided.)

On September 14, 2001, it was learned that Ms. Roberts had passed away a week earlier. Shortly thereafter, the PSOB office notified the sheriff's department that, in addition to not yet receiving any of the requested documentation, there would be no eligible beneficiaries and the claim would be closed if Jada was not a full-time student when her father passed away. It was subsequently discovered that Jada was, in fact, not a student, and on February 22, 2002, the claim was administratively closed. The stated reason for this action was that required documentation–most notably a Claim for Benefits form–was never submitted and an eligible beneficiary was not identified.

It was not until July 29, 2002, that materials necessary to support a claim, including a death certificate, autopsy and statement of circumstance regarding Sheriff Presley's death, were received. Also received was a Report of Public Safety Officer's Death form and a Claim for Benefits listing the officer's three adult children as beneficiaries, signed by Patrick Presley and dated August 15, 2001. The former, which is meant to be submitted by the officer's public agency and signed by the agency head, also listed the three children but was unsigned.

Although this case was previously closed, this formal determination is now being issued to deny Patrick Presley's claim. We conclude that there is no eligible claimant and, as a result, no benefits to be paid. Neither Patrick Presley nor his siblings identified in his claim are eligible because none is a "child" for purposes of the PSOB Program. Christine Roberts never submitted a claim and never received a PSOB award before she died. In such circumstances, Ms. Roberts' estate may not assert any cognizable interest in benefits provided by the PSOB Program. Moreover, even upon a formal claim, no benefits would be awarded to Ms. Roberts' estate because to do otherwise would be to subvert the very purpose of the PSOB Program, which is to provide a measure of economic security for the officer's eligible beneficiaries, such as a dependent spouse, children or parents.

**PSOB Claim No. 2001-192** **Sheriff Harold Ray Presley**

**Prepared by:** ______________________ 12/19/02
Eric J. Martin
Benefits Specialist, Office of Benefits
Date

**Approved by:** ______________________ 12/23/02
Michael Guerriere
Chief, Payments and Benefits Division
Date

**Concurrence by:** ______________________ 12/30/02
Office of General Counsel
Date

13

U.S. Department of Justice

Office of Justice Programs

*Bureau of Justice Assistance*

---

*Washington, D.C. 20531*

FEB 28 2003

Jim Johnson
510 N. Commerce
Tupelo, Mississippi 38804

Dear Mr. Johnson:

We regret the necessity of sending you this official notification of the denial of the benefits claim which resulted from the death of Sheriff Harold Ray Presley of your department. This determination was made in accordance with the statutory criteria specified in the Public Safety Officers' Benefits (PSOB) Act (42 U.S.C. 3796). While statutory criteria preclude payment to the claimant, such a determination does not diminish the record of public service by Sheriff Presley.

A copy of the official determination is enclosed, as well as a copy of our letter to Mr. Patrick Ray Presley. We have also enclosed a copy of the PSOB Act and its implementing regulations (28 CFR 32).

We regret the loss of Sheriff Harold Ray Presley. We extend our condolences and best wishes to you and his surviving colleagues.

If you need assistance, please contact this office at (202) 307-0635 or 1-888-744-6513.

Sincerely,

Michael Guerriere
Chief
Payments and Benefits Division

Enclosures

cc: Janet Burroughs