**Memorandum To:** Public Safety Officers Benefits (PSOB) Program
Bureau of Justice Assistance, U.S. Department of Justice

**From:** F.M. Porpotage II, Independent Hearing Officer

**Subject:** Appeal Determination Memorandum
Case: #2001-192

**Date:** March 18, 2004

***Background***

Sheriff Harold Ray Presley and fellow officers of the Lee County Sheriffs Department of Tupelo, Mississippi were pursuing a kidnapping suspect on July 6, 2001. The officers located the suspect when he crashed his vehicle and ran into a building on private property. An exchange of gunfire occurred resulting in Sheriff Presley receiving six wounds. He was subsequently transported to a medical center where he was pronounced dead from multiple gunshot wounds to the body. The suspect also was hit by fire and died at the scene.

The Lee County Sheriffs Office submitted a Report of Public Safety Officer's Death form, required by PSOB procedures, within 10 days. On July 19, 2001, a guidance letter was sent from the PSOB office to the Sheriffs Office indicating what documents were needed to process a claim for benefits. By September 14, 2001, the PSOB office learned that the decedent's mother had passed away on September 7, 2001. The PSOB office again notified the Sheriffs Office that it had not received any of the requested documentation and indicated that the decedent's only child under the age of 22, Jada Presley, must prove to be a full time student in order to receive benefits. It was subsequently learned that Ms. Jada Presley was not a full time student.

On February 22, 2002, the PSOB Office administratively closed the claim for benefits. The stated reason for this action was that required documentation, most notably a written Claim for Benefits form, was never submitted and an eligible beneficiary was not identified.

On July 29, 2002, one year after the death of Sheriff Presley, the Office finally received materials necessary to support a claim, including a death certificate; an autopsy; and, a statement of circumstances regarding the death. Also received were a "Report of Public Safety Officer's Death" form (required of the officer's public agency and signed by the agency head) and a "Claim for Benefits" form listing the officer's three adult children as beneficiaries. It was signed and dated August 15, 2001 by Patrick Presley. The Public Safety Officer's Death form was not signed as required.

On December 30, 2002, the PSOB Office issued a formal determination to deny the claim for benefits submitted by Patrick Presley. The Office concluded that were no eligible claimants for benefits. None of the decedent's children was an eligible recipient since

none was a dependent "child" for purposes of the program and the decedent's mother, Mrs. Christine Roberts, had died. Further, Mrs. Roberts never submitted a claim and never received a PSOB award before she died. It was also decided that the Christine Roberts' estate could not receive an award because such action would subvert the very purpose of the PSOB Program, which is to provide a measure of economic security for the officer's eligible beneficiaries, such as a dependent spouse, children or parents.

Subsequently, a formal appeal was made to BJA. On February 19, 2004, a PSOB appeal hearing was held in Tupelo, Mississippi for purposes of hearing from witnesses and receiving new evidence regarding the eligibility of Ms. Roberts's estate to receive the PSOB benefits of her son, Harold Ray Presley. This determination memorandum was prepared based upon the evidence submitted during the hearing and a review of the agency's records in this claim.

***Focal Issue***

The issue in this claim is whether the estate of Mrs. Christine Roberts is eligible to receive death benefits following the death of her son, Sheriff Harold Presley. Specifically, the issue is whether a claim for benefits should be denied because the decedent's mother, while considered an eligible beneficiary under the program, died before a PSOB claim was processed and awarded.

***Hearing Summary***

1) The hearing was held on February 19, 2004 at the law offices of Phelps Dunbar, LLP, in Tupelo, Mississippi. Present at the hearing were the attorneys representing the estate of Mrs. Roberts, Rachel Pierce and William Beasley. In addition, Mr. Larry Presley and Eva White, the son and daughter of the late Mrs. Roberts also sat in on the hearing. No witnesses testified at the hearing. Documents or exhibits were presented at the hearing. None of the files introduced, with the exception of the death certificate of Mrs. Roberts, was new or not already in the PSOB case file. The records presented include:

a) Death Certificate of Harold Ray Presley
b) Autopsy of Harold Ray Presley
c) Letter to Janet Burroughs, Lee County Sheriff's Office, dated July 19, 2001 from Bureau of Justice Assistance
d) Report of Public Safety Officer's Death form dated July 16, 2001
e) Death Certificate of Mary Christine Roberts
f) Letter to Janet Burroughs dated October 12, 2001 from Bureau of Justice Assistance
g) Letter to Carol Winfield of BJA dated July 2, 2002 from Phelps Dunbar, LLP
h) Letter to Phelps Dunbar, LLP dated August 19, 2002 from Marion C. Winfield of BJA
i) PSOB Claim Determination for Case #2001-192

2) The claimant's attorney presented its appeal. The principal points of the argument were as follows:

a) Sheriff Harold Ray Presley died in the line of duty and thus his surviving eligible beneficiaries are entitled to PSOB benefits.

b) Mrs. Christine Roberts, the decedent's mother, was a surviving parent at the time of Sheriff Presley's death. The only stipulations that the PSOB regulations and statue require of a surviving parent is that they survive the officer who is killed in the line of duty. It was argued that the statute does not require that the surviving parent survive the fallen officer for a specified period in order to receive the PSOB benefits.

c) The PSOB statute requires that a claim be filed within one year of the death of the officer and the claim in this case "was initiated" on July 19, 2001 well within the time limitations of the death. It was argued that the name of Christine Roberts appeared on the original form submitted to the PSOB office and through no fault of the Presley family, other required documentation was not submitted prior to her death.

d) The attorney also refuted the argument about legislative purpose of the Act as presented by the Department of Justice in its original claim determination memorandum. That argument stated that the purpose of the PSOB statue is to "provide a measure of economic security for the officer's eligible beneficiaries." This purpose statement was taken from legislative history of the Act. The Department also argued that since Mrs. Roberts was deceased prior to any award of the funds, payment of the benefits at this time would subvert the purpose of the act.

The claimant's attorney stated that the United State Supreme Court decided in <u>United States vs. Ron Pair Enterprises, Inc.</u>, (489 U.S. 235, 240) that if a statue is clear on its face, if the plain language of the statue is unambiguous, one does not need to look to the intent of Congress. One merely reads the statue as it is written. This argument contends that one needs to look at legislative intent only when ambiguity exists in the statute. This argument contends that in this case it was clear that Mrs. Roberts was a survivor and the fact that she passed away prior to receiving the benefits does not make her any less of a survivor or any less entitled to the PSOB benefits.

e) The attorney for the claimant also argued that if Congress wanted to provide additional eligibility limitations to surviving parents receiving benefits, it would have done so. For example, Congress defined a number of factors for children of fallen officers to be eligible including age limitations and school attendance as a full time student. No such additional eligibility limitations exist for eligible parents.

f) Another factor in the claimant's argument had to do with delays on the part of local government entities in processing the necessary paperwork for the claim, i.e. autopsies or in preparing toxicology reports. The claimant's attorney stated that this factor should not prejudice Mrs. Roberts's estate as she was in no control of the local government efforts in this regard. The filing of autopsy reports in Lee County six weeks after a death is quite common according to the attorney.

g) The attorney for the claimant was asked by the Hearing Officer to consider the case of <u>*Hoffman vs. City of Warwick*</u> (909 F 2d 608,616, 1st Cir. 1990) as it relates to the issue at

hand. The case determined, in part, that "non-contractual employee benefits that a recipient has not yet received but has a mere expectation of receiving are not property."

The claimant's attorney argued that the Hoffman case was about due process and there is no argument at hand about due process. The attorney argued that the Hoffman case has no bearing on the PSOB matter at hand, because no violation of due process has been alleged.

The Hearing Officer also queried the attorney whether Mrs. Roberts had a vested right to the PSOB survivor benefits. The attorney responded by stating that she had a vested right the day her son passed away because she survived him.

h) Finally, the claimant's attorney summarized their argument. It was emphasized that the estate be awarded the funds because Mrs. Roberts was an entitled beneficiary as she survived her son and, that was the only requirement that Congress established to be eligible for benefits. The attorney asserted that benefits must be awarded regardless of the date of Mrs. Roberts passing.

*Findings of Fact*

1. Sheriff Harold Ray Presley died in the line of duty serving Lee County, Mississippi.

2. At the time of his death, only the decedent's mother, Mrs. Christine Roberts, was an eligible beneficiary for survivor benefits under the PSOB Act. None of the decedent's children was an eligible beneficiary for purposes of the PSOB program.

3. The Lee County Sheriffs Office and the Presley family did not submit to PSOB offices all of the materials needed to support a claim for benefits until July 29, 2002. The claim form listed the three adult children of Sheriff Presley as beneficiaries. Patrick Presley signed the claim form on August 15, 2001. For verifications purposes, the claim form must be submitted by the officer's public safety agency and signed by its agency head.

4. Mrs. Christine Roberts passed away on September 7, 2001, two months after her son was killed in the line of duty.

5. Prior to September 7, 2001, neither Mrs. Roberts nor her legal representative ever submitted a claim for PSOB benefits.

6. The agency records and statements made by the claimant's attorney indicate the agency was not dilatory in its processing of claims submitted or in identifying or not identifying Mrs. Roberts as a possible beneficiary during her lifetime.

7. It is well recognized by Congress and the agency implementing the PSOB program that the overall purpose of the law was to provide a measure of economic security for the beneficiaries of public safety officers killed in the line of duty.

8. It cannot be established that Mrs. Roberts, who is now deceased, would benefit or gain any measure of economic security with an award of benefits to her estate.

***Conclusions of Law***

1. Chapter 46, Subchapter XII, 3796, Section 1201 (a) provides a listing of the eligible recipients for a death claim under the Public Safety Officer's Death program. At the time of the decedent's passing, only his mother was an eligible beneficiary.

2. To carry out the purposes of the program, the Bureau of Justice Assistance is authorized under 42 USC 3796, Section 1205 to establish rules, regulations, and procedures necessary to carry out the purposes of the programs. The existing procedures are not burdensome on the families of fallen public safety officers. However, certain documents are necessary to verify that a death has occurred, that it is within the scope of the program and to verify that certain individuals are eligible beneficiaries. In the immediate case, the family and the decedent's public safety organization did not follow procedures to ensure an expeditious processing of a claim. However, it is unlikely that a claim could have been processed and awarded prior to the death of decedent's mother.

3. The PSOB regulations in 28 C.F.R. 32.19 provide that "The Bureau shall determine who is the proper party to execute a claim…" In the immediate instance, the Bureau determined through normal claims processing procedures that there were no qualified claimants. While the decedent's mother was qualified, during the few months she lived past her son's death, she was never, prior to her death, determined by the BJA to be "the proper party to execute the claim." Thus in accord with the statute and the regulations, her status as a beneficiary was never "perfected."

4. Eligible beneficiaries do not have a vested right to the funds prior to the award of the benefits. Following a finding in *Hoffman v. Warwick*, 909 F.2d 608, 616 (1st Cir. 1990), "non-contractual employee benefits that a recipient has not yet received, but has a mere expectation of receiving, are not property." The estate of Mrs. Roberts therefore has no vested rights to the benefits.

5. The legislative history of the Public Safety Officer's Benefits Program as noted in 28 C.F.R. 32.22 (g) notes that the purpose of the program is "to provide a measure of economic security for surviving beneficiaries." It cannot be established that the estate of Mrs. Roberts would be provided any economic security to her since she has died.

6. In reference to *United States vs. Ron Pair Enterprises, Inc.*, (489 U.S. 235, 240) where it is argued that if a statue is clear on its face, if the plain language of the statue is unambiguous, one does not need to look to the intent of Congress. One merely reads the statue as it is written. However, it is my contention that this case addresses specific ambiguities within a law and not the law itself. Therefore, this argument in this appeal is not considered relevant.

***Determination***

Based upon a review of the entire record as a whole, and based upon the foregoing Findings of Fact and Conclusions of Law, I hereby determine that the estate of Mrs. Christine Roberts is not eligible for benefits under the Public Safety Officer Benefits Program. The existing denial of benefits is hereby affirmed:

SIGNATURE_________________________ Date: March 18, 2004

F.M. Porpotage II
Independent Hearing Officer

20

U.S. Department of Justice

Office of Justice Programps

*Bureau of Justice Assistance*

*Washington, D.C. 20531*

AUG 2 4 2004

Rachel M. Pierce
Phelps Dunbar L.L.P.
Counselors at Law
201 South Spring Street, 7th Floor
Tupelo, Mississippi 38804

Dear Ms. Pierce:

On behalf of the Public Safety Officers' Benefits Program (PSOB) at the Bureau of Justice Assistance, U.S. Department of Justice, please accept our condolences on the loss of Sheriff Harold Ray Presley, and gratitude for the services he provided as Sheriff for the Lee County Sheriff's Office in Tupelo, Mississippi.

Following an oral hearing and comprehensive review and analysis by Administrative Hearing Officer Frank Porpotage II of the PSOB claim, the Hearing Officer's decision upholds the PSOB Office's initial denial of benefits. Enclosed is a copy of the Hearing Officer's Determination, as well as a copy of the PSOB Act of 2002 (42 U.S.C. § 3796) that governs the Program.

Should you have additional questions regarding the Determination, please do not hesitate to contact the PSOB Office toll-free at (888) 744-6513.

Sincerely,

Hope D. Janke
Director, Public Safety Officers' Benefits Office

Enclosures

cc: Patrick Presley

21

PHELPS DUNBAR LLP
COUNSELORS AT LAW

Seventh Floor • One Mississippi Plaza
Tupelo, Mississippi 38804
P. O. Box 1220
Tupelo, Mississippi 38802-1220
(662) 842-7907
FAX: (662) 842-3873

# FACSIMILE COVER SHEET

September 21, 2004

TO: Director Domingo Herraiz OUR FILE: 17954.0001

Facsimile No.: 202-307-3373

Telephone No.:

FROM: Rachel M. Pierce

RE:

RECEIVED 9/27/04 BY

TOTAL PAGES (including this page): 4

MESSAGE:

CONFIDENTIALITY NOTICE

This facsimile transmission (and/or the documents accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please immediately notify us by telephone to arrange for return of the documents.

---

We are transmitting from a Canon Facsimile 7000

---

IF THERE IS ANY PROBLEM RECEIVING THIS MESSAGE,
PLEASE CALL (662) 842-7907 AND ASK FOR ALLYSON RUSSELL

CANON 7000 FACSIMILE - (662) 842-3873

NEW ORLEANS • BATON ROUGE • JACKSON • TUPELO • HOUSTON • GULFPORT • TAMPA • LONDON

TO:182458.1

PHELPS DUNBAR LLP
COUNSELORS AT LAW

New Orleans, LA
Baton Rouge, LA
Houston, TX
London, England

One Mississippi Plaza
201 South Spring Street • Seventh Floor
Tupelo, Mississippi 38804
P. O. Box 1220
Tupelo, Mississippi 38802-1220
(662) 842-7907 • Fax (662) 842-3873
www.phelpsdunbar.com

Jackson, MS
Tupelo, MS
Gulfport, MS
Tampa, FL

RACHEL M. PIERCE
Direct (662) 690-8176
piercer@phelps.com

September 21, 2004

179540001

**VIA FACSIMILE AND U.S. MAIL**

Director Domingo Herraiz
Bureau of Justice Assistance
810 Seventh Street Northwest
Washington, DC 20531

BY: 9/27/04

Re: Sheriff Harold Ray Presley

Dear Director Herraiz:

This letter is to inform you that my firm represents the estate of Mrs. Christine Roberts. My clients' position is that the Public Safety Officers' Benefits for the death in the line of duty of Sheriff Harold Ray Presley should have been paid to Mrs. Christine Roberts, who was the surviving parent of Sheriff Presley.

On July 6, 2001, around midnight, the Lee County Sheriff's Department was conducting a roadblock check point, and a vehicle turned around to avoid the roadblock. A Lee County Sheriff's deputy then made a traffic stop on the suspect vehicle at which time the driver, Billy Stone, fired a gun at the deputy. The Sheriff's Department gave chase, with Sheriff Presley directly behind the suspect's vehicle. Mr. Stone crashed the vehicle and fled into some surrounding woods. At approximately 4:15 a.m. on July 6, 2001, Sheriff Presley, Deputy Jack Tate, and a homeowner entered a shop building behind the homeowner's residence. Mr. Stone was hiding inside the building and began shooting at the Sheriff, Deputy Tate, and the homeowner. The homeowner was wounded, and Mr. Stone was shot once and later died at the scene. Sheriff Presley received a total of six (6) gunshot wounds in an exchange of gunfire with Mr. Stone and was airlifted to North Mississippi Medical Center, where he was pronounced dead at 5:31 a.m. on July 6, 2001.

On July 19, 2001, the PSOB office initiated the claim for benefits and sent a guidance letter to Janet Burroughs at the Lee County Sheriff's Department indicating what documentation needed to be submitted. On September 7, 2001, Christine Roberts, Sheriff Presley's mother, passed away. In a letter dated October 12, 2001, Eric Martin, Benefits Specialist with the PSOB office, stated that

TO:182457.1

9/27/04

the only eligible beneficiary out of Sheriff Presley's children was Jada Presley, but only if she were enrolled in an educational program when her father died. Mr. Martin went on to say that if Jada Presley was not a student, then the only other eligible beneficiary was Christine Roberts, "Sheriff Presley's surviving parent at the time of his death." The letter then stated that the PSOB office recently learned of Mrs. Roberts' death and that unless Jada had been enrolled in school, there were no eligible beneficiaries and the claim would be closed.

The regulations covering Public Safety Officers' Death and Disability Benefits state that when a public safety officer dies in the line of duty, the Bureau of Justice Assistance will pay a benefit of $100,000. 28 C.F.R. § 32.3(a) (2001). "Line of Duty" is defined in 28 C.F.R. § 32.2(c) as "Any action which an officer whose primary function is crime control is obligated to perform." 28 C.F.R. § 32.2(c) (2001). The benefit is paid to beneficiaries in the order listed in Section 32.10(a), which ends with the beneficiary class of surviving parent(s). 28 C.F.R. § 32.10(a)(4) (2001). Nothing in Subpart A of Part 32 defines what the term "surviving" means. Turning to Black's Law Dictionary, "surviving" is defined as "Remaining alive. Living beyond the life of another or beyond the happening of some event so as to be entitled to a distribution of property or income." BLACK'S LAW DICTIONARY 1446 (6th Ed. 1990). A "survivor" is defined as "One who survives another; one who outlives another; one who lives beyond some happening; one of two or more persons who lives after the death of the other or others." BLACK'S LAW DICTIONARY 1446 (6th Ed. 1990).

It is clear that Sheriff Presley's untimely demise was in the line of duty and that benefits should be paid to eligible beneficiaries. Mrs. Roberts qualified as an eligible beneficiary at the time of Sheriff Presley's death because she was alive and she did survive her son. There is no language in the Code of Federal Regulations (CFR) that states that an eligible beneficiary must file his or her claim before the beneficiary dies. Even if such a requirement did exist, however, Mrs. Roberts' claim was initiated on July 19, 2001, when the PSOB questionnaire was submitted to the PSOB office by Janet Burroughs, and on July 19, 2001, Mrs. Roberts was still alive. The CFR states that a claim must be filed within a year of the death of the public safety officer. 28 C.F.R. § 32.20(c) (2001). Furthermore, the claim can be filed by the legal representative of an eligible beneficiary. 28 C.F.R. § 32.19(a) (2001). There are, therefore, no legal grounds for the Bureau's decision to deny the PSOB claim of Christine Roberts, represented now through her estate as the eligible beneficiary of Sheriff Presley.

As explained above, the Public Safety Officers' Benefits Office initially issued a determination denying the claim for death benefits on behalf of the estate of Mrs. Christine Roberts. On behalf of my clients, I appealed that determination. Frank Porpotage was assigned as the administrative hearing officer for that appeal, and on February 19, 2004, the hearing was held. On August 24, 2004, Hope D. Janke, the director of the Public Safety Officers' Benefits Office, sent me

TO:182457.1

a letter which informed me that the hearing officer's decision upheld the Public Safety Officers' Benefits Office's initial denial of benefits. Pursuant to Code of Federal Regulations, Title 28, Chapter I, Part 32, this letter is to serve as official notification of my clients' request that the record and the hearing officer's decision be reviewed by you, in your official capacity as the Director of the Bureau of Justice Assistance.

I appreciate your help and consideration and will be happy to provide to your office any additional documentation which you might deem necessary. In the meantime, I would appreciate receiving confirmation that you have received and accepted our request for review.

Sincerely,

Rachel M. Pierce

RMP:asr
cc: Hope Janke

9/27/04

TO:182457.1

22

October 29, 2004

Rachel M. Pierce
Phelps, Dunbar LLP
Counselors at Law
One Mississippi Plaza
201 South Spring Street - 7th Floor
Tupelo, Mississippi 38802-1220

Reference: Sheriff Harold Ray Presley; PSOB Claim No. 2001-192
Appeal to the Director

Dear Ms. Pierce:

I will be forwarding the above appeal to the Director of the Bureau of Justice Assistance (BJA) pursuant to Section 32.24 of the Public Safety Officers' Benefits (PSOB) implementing regulations (28 CFR 32).

All information submitted by you as well as all PSOB case records will be made available to the Director for review and consideration. Critical PSOB case records include the initial determination memorandum and the hearing officer's determination. While all of the other documents were previously provided to you, please let me know if you need additional copies.

If you would like to submit additional evidence, please do so by November 29, 2004. On that date, the comment period for your appeal will end.

Consistent with the PSOB regulations, the Director will issue the Agency's final determination. You will be notified of the decision in writing.

If you need additional information, please contact this office at (202) 307-0635 or toll free at (888) 744-6513.

Sincerely,

H. D. Janke

Hope D. Janke
Director, Public Safety Officers' Benefits Program

23

2001-192 (drawn?)

PHELPS DUNBAR LLP
COUNSELORS AT LAW

New Orleans, LA
Baton Rouge, LA
Houston, TX
London, England

One Mississippi Plaza
201 South Spring Street • Seventh Floor
Tupelo, Mississippi 38804
P. O. Box 1220
Tupelo, Mississippi 38802-1220
(662) 842-7907 • Fax (662) 842-3873
www.phelpsdunbar.com

Jackson, MS
Tupelo, MS
Gulfport, MS
Tampa, FL

RACHEL M. PIERCE
Direct (662) 690-8176
piercer@phelps.com

July 19, 2005

179554.0001

**CERTIFIED MAIL**
Director Domingo Herraiz
Bureau of Justice Assistance
810 Seventh Street Northwest
Washington, DC 20531

Re: Sheriff Harold Ray Presley

Dear Director Herraiz:

My clients are extremely concerned about this matter. This is the fourth letter I have written to you. On September 21, 2004, I wrote to you pursuant to Code of Federal Regulations, Title 28, Chapter I, Part 32, to notify you of my clients' request that the record and the hearing officer's decision in the above-referenced matter be reviewed by you, in your official capacity as the Director of the Bureau of Justice Assistance. Again on March 24, 2005 and April 12, 2005, I wrote to you regarding your review of this case. To date, I have received no response or ruling from your office. I would appreciate your advising me as to the status of this case.

I appreciate your help and consideration and will be happy to provide your office any additional documentation which you might deem necessary or to answer any questions you may have. I look forward to hearing from you soon.

Sincerely,

Rachel M. Pierce

Rachel M. Pierce

RMP:asr
cc: Eva White
Larry Presley
TO:199456.1

24

U.S. Department of Justice

Office of Justice Programs

*Bureau of Justice Assistance*

*Washington, D.C. 20531*

Rachel M. Pierce, Esq.
Phelps Dunbar, LLP
One Mississippi Plaza
201 South Spring Street, 7th Floor
Tupelo, MS 38804

Dear Ms. Pierce:

On behalf of the entire staff of the Public Safety Officers' Benefits (PSOB) Office, please forward to Mr. Presley our sincere condolences on the loss of his father, Sheriff Harold Ray Presley. We extend our gratitude for his commitment to community service and his courageous public safety efforts as Sheriff of the Lee County, Mississippi, Sheriff's Department.

Following the initial determination to deny death benefits and the subsequent appeal of that determination under the PSOB Act (42 U.S.C. § 3796), this letter provides a final decision in response to your request that I, as Director of the Bureau of Justice Assistance (BJA), review the record and make a final agency determination. Having conducted a comprehensive review of the record, as the BJA Director, I hereby affirm the hearing officer's denial of benefits.

Enclosed is a copy of the final agency decision, as well as the hearing officer's initial determination, a copy of the PSOB Act, and the PSOB Program's implementing regulations (28 CFR 32). For additional assistance please do not hesitate to call the PSOB Office at 202-307-0635 or toll-free at 1-888-744-6513.

Sincerely,

Allen M. Barry for

Domingo S. Herraiz
Director
Bureau of Justice Assistance

Enclosures

**PSOB Claim No. 2001-192**
**Sheriff Harold Ray Presley**

## FINAL AGENCY DECISION

In response to claimants' request for a claim review and determination by the Director of the Bureau of Justice Assistance ("BJA" or "Agency"), as authorized under 28 C.F.R. § 32.24(i), I hereby affirm the hearing officer's denial of the Public Safety Officers' Benefit (PSOB) death benefit in this case. My determination is based on consideration of claimants' comments as provided in their September 21, 2004 request, my review of the record, and my review of the hearing officer's findings of facts and conclusions of law as set forth in this determination.

**Background**

On July 6, 2001, Sheriff Harold Ray Presley ("decedent") sustained fatal gunshot wounds when pursuing a kidnaping suspect with fellow officers from the Lee County Sheriff's Department of Tupelo, Mississippi. He was survived by his mother (who died two months after him) and by his three adult children.[1] The PSOB death benefit claim, filed by the three adult children in July of 2002, was denied by the PSOB Office on December 30, 2002. This initial denial was based on the following finding:

> We conclude that there is no eligible claimant and, as a result no benefits to be paid. Neither Patrick Presley nor his siblings identified in his claim are eligible because none is a "child" for purposes of the PSOB Program. Christine Roberts [decedent's mother] never submitted a claim and never received a PSOB award before she died. In such circumstances, Ms. Roberts' estate may not assert any cognizable interest in benefits provided by the PSOB Program. Moreover, even upon a formal claim, no benefits would be awarded to Ms. Roberts' estate because to do otherwise would be to subvert the very purpose of the PSOB Program, which is to provide measure of economic security for the officer's eligible beneficiaries, such as a dependent spouse, children or parents.

The claimants subsequently requested a hearing made available through the PSOB regulations. BJA's PSOB Office assigned the claim to a hearing officer, Mr. Frank Portpotage, and on February 19, 2004, a hearing was conducted in Tupelo for the purpose of receiving evidence regarding potential claimant eligibility to receive a PSOB death benefit, based on the decedent's death. The hearing officer issued a determination on March 18, 2004, again, determining that a benefit denial was appropriate because of the non-existence of an eligible claimant under 42 U.S.C. §§ 3796 *et seq.* (the "PSOB Act") and 28 C.F.R. part 32 (the "PSOB

---

[1] The estate of decedent's mother, Christine Roberts, is represented by counsel, Phelps Dunbar LLP. As the adult children are carbon copied on the correspondence received by BJA, from this law firm, it is presumed that all interests are represented by the same counsel. Thus, both the estate of Christine Roberts and the adult children are referred to collectively, herein, as "claimants."

regulations").

The only outstanding issue considered herein is whether there exists an eligible claimant to file a PSOB death benefit claim with, and receive a PSOB death benefit from, the PSOB Office.

I have reviewed and considered the claimants' comments, as reflected in their September 21, 2004 letter and do not find that they constitute new evidence for this appeal. I find that a review of the record reveals nothing that is relevant to the claimant eligibility determination that contradicts the factual findings of the hearing officer, or is sufficiently significant to merit overturning those findings. Therefore, as the BJA Director, I hereby adopt the findings of fact reflected in the March 18, 2004, hearing officer determination and, specifically, the following facts, which I find determinative as to claimant eligibility:

**Findings of Fact**

1. Sheriff Harold Ray Presley was a law enforcement officer who suffered fatal gunshot wounds while attempting to capture a kidnaping suspect on July 6, 2001.

2. On the date of his death, Sheriff Presley was unmarried, the son of Christine Roberts,[2] and the father of three adult children: Patrick Presley, Bradford Presley, and Jada Presley.

3. Decedent's only child under the age of 22 at the time of his death, Jada Presley, was not then a full-time student.

4. On July 19, 2001, the PSOB Office sent a guidance letter to the Lee County Sheriff's Department, providing information on the documentation necessary for the filing of a death benefit claim with the PSOB Office. A copy of this same letter simultaneously was sent to decedent's mother.

5. Decedent's mother died on September 7, 2001.

6. Prior to September 7, 2001, neither the decedent's mother, nor any legal representative on her behalf, submitted a claim for the PSOB death benefit.

7. Eva White became the *administratrix* of Christine Roberts' estate and, through counsel, has argued that the estate is an eligible PSOB beneficiary because Mrs. Roberts survived the decedent.

[2] The PSOB Office was advised that the decedent's father had predeceased him, but no death certificate ever was provided.

8. Although the signed Claim for Benefits form was dated August 15, 2001, the claim documentation (*i.e.,* the Claim for Benefits form, including a death certificate, autopsy report and a statement of circumstances regarding decedent's death) was not received for review by BJA's PSOB Office until July 29, 2002, over one year after the decedent's death.[3] The Claim for Benefits form lists decedent's three adult children as claimants.

**Conclusions of Law**

1. The claimants' claim submission shows that the decedent was a public safety officer who died in the line of duty on July 6, 2001.

2. The applicable statutory provision for determining beneficiary eligibility is 42 U.S.C. § 3796(a), which provides as follows (emphasis added):[4]

> In any case in which the [BJA] determines, *under regulations issued pursuant to this subchapter*, that a public safety officer has died as the direct an proximate result of a personal injury sustained in the line of duty, the Bureau shall pay a benefit . . . , as follows:
>
> (1) if there is no surviving child of such officer, to the surviving spouse of such officer;
>
> (2) if there is a surviving child or children and a surviving spouse, one-half to the surviving child or children of such officer in equal shares and one-half to the surviving spouse;
>
> (3) if there is no surviving spouse, to the child or children of such officer in equal shares; or
>
> (4) if none of the above, to the parent or parents of such officer in equal shares.

3. Additional statutory authority for BJA's promulgation of regulations to implement the PSOB Act is provided at 42 U.S.C. § 3796c(a), which provides:

---

[3] A "Death Benefits Questionnaire" was completed by the Lee County Sheriff's Office on July 17, 2001, and, in response, the PSOB Office acknowledged receipt and provided timely and specific guidance on the documents needed "to file a claim for benefits." This correspondence, dated July 19, 2001, was directed to the Sheriff's Department, with a carbon copy to Mrs. Roberts. No response was received by the PSOB Office until July 29, 2002. The response submission, although comprehensive, also was inadequate; *e.g.*, the "Claim for Death Benefits" form was not executed by an eligible claimant or beneficiary, and the "Report of Public Safety Officer's Death" was not signed by an authorized official from the decedent's former employer, the Lee County Sheriff's Department.

[4] 42 U.S.C. § 3796(a) was amended on December 15, 2003. That amendment, which affects only claims based on deaths occurring after the enactment date, changes the statutory scheme of beneficiaries, placing potential parent beneficiaries after an "individual designated by such officer as beneficiary under such officer's most recently executed life insurance policy" in the order of priority.

> The Bureau is authorized to establish such rules, regulations, and procedures as may be necessary to carry out the purposes of this subchapter. Such rules, regulations, and procedures will be determinative of conflict of laws issues arising under this subchapter. Rules, regulations, and procedures issued under this subchapter may include regulations governing the recognition of agents or other persons representing claimants under this subchapter.

4. 42 U.S.C. § 3796b(3) defines the term "child" as follows:

> "[C]hild" means any natural, illegitimate, adopted, or posthumous child or stepchild of a deceased public safety officer who, at the time of the public safety officer's death is–
>
> (i) 18 years of age or under;
>
> (ii) over 18 years of age and a student as defined in section 8101 of Title 5; or
>
> (iii) over 18 years of age and incapable of self-support because of physical or mental disability.[5]

5. As Jada Presley was 22 years of age and not a student, at the time of the officer's death, she is not an eligible beneficiary, as a "child," under 42 U.S.C. §§ 3796(a) & 3796b(3).

6. As Patrick Presley and Bradford Presley were over 23 years of age and capable of self-support at the time of the officer's death, they are not eligible beneficiaries, as "children," under 42 U.S.C. §§ 3796(a) & 3796b(3).

7. 42 U.S.C. § 3796(a) provides BJA with an unambiguous mandate: "[U]nder regulations issued pursuant to [the Act]," the Agency "shall pay a benefit . . . to the . . . spouse . . . the child or children . . . or . . . if none of the above, to the parent" of the deceased public safety officer. The unambiguous statutory language requires no construction beyond its plain meaning.[6] Accordingly, under the PSOB Act, BJA has no authority to pay the benefit out to anyone not identified as a beneficiary in 42 U.S.C. § 3796(a), in the order

---

[5] The same definition of "child" is provided in the PSOB regulations at 28 C.F.R. § 32.2(v). 5 U.S.C. § 8101 and 28 C.F.R. § 32.2(x) further define "student" to mean: "(1) An individual under 23 years of age who has not completed four years of education beyond the high school level and who is regularly pursuing a full-time course of study or training at an institution.."

[6] *E.g.*, *Mallard* v. *U.S. District Court*, 490 U.S. 296, 300 (1989); *see Lewis* v. *United States*, 445 *id.* 55, 60 (1980); *United States* v. *Missouri Pac. Ry.*, 278 *id.* 269, 278 (1929); *Schwegmann Bros.* v. *Calvert Distillers Corp.*, 341 *id.* 384, 395 - 397 (1951) (Jackson, J., concurring); *United States* v. *Taylor*, 487 *id.* 326, 344 - 346 (1988) (Scalia, J., concurring).

of priority provided therein. It is literally impossible for BJA to "pay [the] benefit . . . to the parent" of the deceased public safety officer if the parent is deceased. As there is no spouse, child, or parent eligible to receive a PSOB death benefit with respect to Sheriff Presley, BJA has no legal authority to pay the benefit to anyone. For this reason, the implementing regulations provide, at 28 C.F.R. § 32.10(b), that "[i]f no one qualifies as provided in paragraph (a) [listing eligible beneficiaries in order of priority], no benefit shall be paid." Pursuant to the statute and this regulation, because no spouse, child, or parent "qualifies . . . , no benefit shall be paid" here.

8. There is an additional ground for the foregoing conclusion. Given the factual circumstances present, the decedent's children could not (and cannot) – as a matter of law – be proper claimants under the Act, if only because they were not (and are not) statutorily eligible to receive the death benefit. The decedent's mother, in contrast, could have filed a claim at any time between his death and her own; had she done so, she would have been a proper claimant, because she was eligible to receive the benefit. *See, e.g.*, 28 C.F.R. § 33.14(a). The implementing regulations, at 28 C.F.R. § 33.19, indicate who may be a proper claimant under the statute:

> (a) The Bureau shall determine who is the proper party to execute a claim in accordance with paragraphs (a)(1) through (3) of this section–
>
> (1) The claim shall be executed by the claimant or the claimant's legally designated representative if the claimant is mentally competent and physically able to execute the claim.
>
> (2) If the claimant is mentally incompetent or physically unable to execute the claim and–
>
> (i) Has a legally appointed guardian, committee, or other representative, the claim may be executed by such guardian, committee, or other representative; or
>
> (ii) Is in the care of an institution, the claim may be executed by the manager or principal officer of such institution.
>
> (3) For good cause shown, such as the age or prolonged absence of the claimant, the Bureau may accept a claim executed by a person other than one described in paragraphs (a)(1) and (a)(2) of this section.
>
> (b) Where the claim is executed by a person other than the claimant, such person shall, at the time of filing the claim or within a reasonable time thereafter, file evidence of such person's authority to execute the claim on behalf of such claimant in accordance with paragraph (b)(1) and (2) of this section–
>
> (1) If the person executing the claim is the legally-appointed guardian, committee, or other legally-designated representative of such claimant, the evidence shall be a certificate

executed by the proper official of the court of appointment.

(2) If the person executing the claim is not such a legally designated representative, the evidence shall be a statement describing such person's relationship to the claimant or the extent to which such person has the care of such claimant or such person's position as an officer of the institution of which the claimant is an inmate or patient. The Bureau may, at any time, require additional evidence to establish the authority of any such person to file or withdraw a claim.

This regulation unambiguously requires that claims be executed by living claimants or by their legal representatives or guardians. In this case, the Claim for Benefits form was filed on July 29, 2002, nearly eleven months after the death of the decedent's mother, and the only claimant thereunder (aside from the decedent's three adult children) is the estate of the decedent's mother. Mrs. Roberts' estate is not the same thing, legally speaking, as Mrs. Roberts herself; nor is it her own "legally-appointed guardian, committee, or other legally-designated representative"; nor has it furnished "[t]he Bureau [with] evidence to establish [its] authority . . . to file . . . a claim" on her own behalf. Accordingly, I "determine," pursuant to 28 C.F.R. § 33.19(a), that the estate of decedent's mother (or a representative of that estate) is not a "proper party to execute a claim" in this case. In the absence of a proper claimant, no benefit lawfully may be paid on the claim.

9 42 U.S.C. § 3796(a) & 3796c(a) confer broad authority upon BJA to make claim determinations and to promulgate regulations for the purpose of processing claims. Under the PSOB program, no property interest could vest in the decedent's mother until – at earliest – a claim was filed and an exercise of agency determination authority was possible. Because Mrs. Roberts died long before BJA received the claim at issue, and long before BJA was able to make a claim determination or issue payment under the PSOB Act and regulations,[7] there is no PSOB benefit that Mrs. Roberts, at the time of her death, legally could have claimed as an entitlement or a vested property right; thus, there is no legally-sufficient interest that could have passed to her estate at the time of her death. Decedent's mother held no vested property right at the time of her death, because prospective claimants hold nothing more than an expectation of possibly receiving a benefit.[8] That it now appears likely that she may have been an eligible beneficiary had she survived, does not obviate the fact that as of July 29, 2002 – when BJA claim review and determination and benefit payment first became possible – no eligible claimants then

[7] *See* 28 C.F.R. §§ 32.19 through .24 for BJA's claim filing, processing, and determination procedures.

[8] *See also Hoffman* v. *City of Warwick*, 909 F.2d 608, 616 (1st Cir. 1990) ("Noncontractual employee benefits that a recipient has not yet received, but has a mere expectation of receiving, are not property . . . ."). To be "vested," a right must be more than a mere expectation based on an anticipation of continuance of the existing law. *Rhee* v. *Witco Corporation*, 762 F.Supp. 211, 214 (N.D. Ill., 1991), *citing Black's Law Dictionary* 1401 (5th ed. 1979).

existed or now exist to file a claim and receive a benefit based on the decedent's death.

10. The PSOB Act creates a personal economic benefit for eligible survivors; none of whom exist to file a claim or receive a benefit payment in the instant case. The PSOB regulations express the purpose of the program as follows: "to provide a measure of economic security for the beneficiaries . . . ." 28 C.F.R. § 32.22(g). This is consonant with the legislation's objective to provide monetary support to individuals most likely to have been dependent upon the labor and earnings of the fallen public safety officer. *Cf.* 42 U.S.C. § 3796(a) (providing for an order of precedence covering spouses; minor, at-school, or disabled children; and parents), (c) (permitting an interim stipend to be paid to an individual who demonstrates need), (g) (protecting the benefit from execution or attachment by creditors); *see also, e.g., Davis* v. *United States,* 50 Fed. Cl. 192, 208 (2001) (noting that "the PSOBA rewards officers with the peace of mind that their survivors will be provided for"). A payment to the estate of decedent's mother obviously would provide no benefit to her, and it would circumvent the express terms of the statute, which provides that a child of a fallen officer may receive benefits under the Act only if such child is– "(i) 18 years of age or under; (ii) over 18 years of age and a student as defined in section 8101 of Title 5; or (iii) over 18 years of age and incapable of self-support because of physical or mental disability." 42 U.S.C. § 3796b(3).

**Decision**

I extend my profound sympathies to Sheriff Harold Ray Presley's children, who lost both a gallant father and a grandmother in such quick succession, and under such sad circumstances. My duty under the statute, however, does not permit me to grant them the relief they ask for. Based on the above-stated findings of fact and conclusions of law, I hereby affirm the hearing officer's denial of PSOB Claim No. 2001-192. Accordingly, the final agency decision is that neither Mrs. Roberts' estate nor any of decedent's adult children is a proper claimant or an eligible beneficiary of the PSOB death benefit.

[signature]
Domingo S. Herraiz
Director

2/17/05
Date

25

**U.S. Department of Justice**

Office of Justice Programs

*Bureau of Justice Assistance*

*Washington, D.C. 20531*

MAR 01 2005

Rachel M. Pierce
Phelps Dunbar, LLP
Counselors at Law
One Mississippi Plaza
201 South Spring Street, 7th Floor
Tupelo, MS 38804

Dear Ms. Pierce:

The Public Safety Officers' Benefits Act of 1976, Public Law 94-430 (PSOB), authorizes the Bureau of Justice Assistance (BJA) to prescribe the maximum fee that a representative may charge a claimant for services rendered in connection with any claim before the Bureau. Contracts for a stipulated fee and contingent fee arrangements are especially prohibited by the PSOB Regulations, 28 C.F.R. 32.22(b). In order to receive a fee for your services, you must complete the enclosed petition and send it to:

Public Safety Officers' Benefits Program
Bureau of Justice Assistance
810 7th Street, N.W.
Washington, D.C. 20531

Please note that we are requesting a detailed itemization of services rendered in connection with the PSOB claim only. Fee petitions should explain how each charge or expense relates to the PSOB claim. Failure to provide such specifics will necessitate our returning your petition for such explanations, thus delaying our approval of your fee.

You must also send a copy of the completed petition to the claimant you represented, and advise the claimant of his or her opportunity to send comment on the petition within 20 days. We will not make a fee determination until 30 days after the date the petition was sent to the claimant.

We will make the determination on the basis of the criteria set forth in Section 32.22(g) of the PSOB Regulations. In determining the fee, BJA will consider and add the amount of reasonable and unreimbursed expenses incurred in establishing the claimant's case.

Upon making a determination, BJA will notify both you and the claimant of the amount of fee authorized, the basis for the determination, and the fact that the U.S. Department of Justice assumes no responsibility for payment. You should also be aware that the execution or attachment of any benefit paid under the Act is prohibited.

When assistance is provided pro-bono, BJA must be notified in writing that you are not charging a fee for services in connection with this claim. A copy of this notification must be provided to your client.

If further information or assistance is needed, please call the PSOB Office at 202-307-0635 or toll-free at 1-888-744-6513.

Sincerely,

Hope D. Janke
Director
Public Safety Officers' Benefits Office

Enclosure

cc: Mr. Patrick Ray Presley

26

U.S. Department of Justice

Office of Justice Programs

*Bureau of Justice Assistance*

*Washington, D.C. 20531*

MAR 01 2005

Patrick Ray Presley
C/o Rachel M. Pierce
Phelps Dunbar, LLP
One Mississippi Plaza
201 South Spring Street, 7th Floor
Tupelo, MS 38804

Dear Ms. Pierce:

On behalf of the entire staff of the Public Safety Officers' Benefits (PSOB) Office, please forward to Mr. Presley our sincere condolences on the loss of his father, Sheriff Harold Ray Presley. To the Presley family, we again extend our deep appreciation for his commitment to community service and his courageous public safety efforts as Sheriff of the Lee County, Mississippi, Sheriff's Department.

This letter provides a determination in response to your appeal of the death benefit claim denied under the PSOB Act (42 U.S.C. § 3796). Following an oral hearing and comprehensive review by Administrative Hearing Officer Frank Porpotage of the entire PSOB claim, the Hearing Officer's decision upholds the PSOB Office's initial denial of benefits.

Enclosed is a copy of the Hearing Officer's Determination, as well as a copy of the PSOB Act and the PSOB Program's implementing regulations (28 CFR 32). For additional assistance please do not hesitate to call the PSOB Office at 202-307-0635 or toll-free at 1-888-744-6513.

Sincerely,

H. D. Janke

Hope D. Janke
Director
Public Safety Officers' Benefits Office

Enclosures