IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| EVA P. WHITE, as Administratrix of the Estate of CHRISTINE H. ROBERTS, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 05-1236C (Judge Baskir) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S BRIEF IN SUPPORT OF CROSS-MOTION FOR JUDGMENT UPON THE ADMINISTRATIVE RECORD AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR JUDGMENT UPON THE ADMINISTRATIVE RECORD

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

KATHRYN A. BLEECKER
Assistant Director

ALLISON KIDD-MILLER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St.
Washington, D.C. 20530
Tel: (202) 307-3050
Fax: (202) 307-0972

Attorneys for Defendant

Of Counsel:
RAFAEL A. MADAN
General Counsel

JASON P. COOLEY
Attorney Advisor
Office of the General Counsel
Office of Justice Programs
Department of Justice
810 7th Street, N.W.
Washington, D.C. 20531

July 27, 2006

TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I. Statement Of The Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II. Statement Of Facts And Course Of Proceedings . . . . . . . . . . . 3

ISSUE PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

I. Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

II. The Decision Of The Bureau Of Justice Assistance Is In Substantial Compliance With The Statute And Implementing Regulations, Is Not Arbitrary Or Capricious, And Is Supported By Substantial Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

A. Ms. Roberts Never Filed A Claim For Benefits Pursuant To The Public Safety Officers' Benefits Act ("PSOBA") . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

B. Ms. Roberts' Estate Is Not An Eligible PSOBA Beneficiary . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

1. The PSOBA Authorizes Death Benefit Payments "To The Parent Or Parents" Of A Covered Officer, Not To Estates . . . . . . . . . . . . . . . . . . . . . . . . . . 16

2. Ms. Roberts' Estate Has No Cognizable Legal Interest In PSOBA Benefits . . . . . . . . . . . . . . . . . 22

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

# TABLE OF AUTHORITIES

Page

## Cases

Anastasoff v. United States, 235 F.3d 1054 (8th Cir. 2000) . . . . . . . . . . . 19

Bannum, Inc. v. United States, 404 F.3d 1346 (Fed. Cir. 2005) . . . . . . . . . 8

Chacon v. United States, 48 F.3d 508 (Fed. Cir. 1995) . . . . . . . . . . . . 9, 20

Chacon v. United States, 32 Fed Cl. 684 (1995) . . . . . . . . . . . . . . . . . . . 20

Chevron U.S.A. v. Natural Resources Defense Council, 467 U.S. 837 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18, 19

City of Wheeling v. United States, 20 Cl. Ct. 659 (1990) . . . . . . . . . . . . . . 8

Demutiis v. United States, 291 F.3d 1373 (Fed. Cir. 2002) . . . . . . . . . 9-10

Durco v. United States, 14 Cl. Ct. 424 (1988) . . . . . . . . . . . . . . . . . . . . . . 9

Hoffman v. City of Warwick, 909 F.2d 608 (1st Cir. 1990) . . . . . . . . . 23, 25

Melville v. United States, 231 Ct. Cl. 776 (1982) . . . . . . . . . . . . . . . 17, 23

One Feather v. United States, 61 Fed. Cl. 619 (2004) . . . . . . . . . . . . . . . 8

Porter v. United States, 64 Fed. Cl. 143 (2005) . . . . . . . . . . . . . . . . . . . . 8

Rhee v. Witco, 762 F. Supp. 211 (N.D. Ill. 1991) . . . . . . . . . . . . . . . . . . . 25

Russell v. Law Enforcement Assistance Admin., 637 F.2d 1255 (9th Cir. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Smykowski v. United States, 647 F.2d 1103 (Ct. Cl. 1981) . . . . . . . . . . . 10

Tafoya v. United States, 8 Cl. Ct. 256 (1985) . . . . . . . . . . . . . . . . 19, 23-24

Yanco v. United States, 258 F.3d 1356 (Fed. Cir. 2001) . . . . . . . . . . . . . . . 9

Statutes

* 42 U.S.C.A. § 3796 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 17-18, 22, 24

42 U.S.C. § 3796c . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 17

42 U.S.C. § 3796d-3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

P.L. 100-690, § 6105, 102 Stat. 4181 (1988) . . . . . . . . . . . . . . . . . . . . . . 17

Regulations

* 28 C.F.R. § 32.10 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17-18, 20, 22

* 28 C.F.R. § 32.19 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 10-13, 15

* 28 C.F.R. § 32.20 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11-12, 14

28 C.F.R. § 32.21 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

28 C.F.R. § 32.22 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20-21

Additional Authorities

H.R. Rep. No. 107-786 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

64 Fed. Reg. 13,817 (Mar. 22, 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

69 Fed. Reg. 18,627 (Apr. 8, 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

* Pursuant to ¶ 9 of the Court's December 8, 2005, Special Procedures Order, an asterisk is used to identify principal authorities.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| EVA P. WHITE, as Administratrix of the Estate of CHRISTINE H. ROBERTS, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 05-1236C (Judge Baskir) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S BRIEF IN SUPPORT OF CROSS-MOTION FOR JUDGMENT UPON THE ADMINISTRATIVE RECORD AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR JUDGMENT UPON THE ADMINISTRATIVE RECORD

Pursuant to Rule 52.1(b) of the Rules of the United States Court of Federal Claims ("RCFC"),[1] defendant, the United States, respectfully requests judgment upon the administrative record.[2] The administrative record in this matter demonstrates that the United States Department of Justice, Office of Justice Programs, Bureau of Justice Assistance ("BJA"), acted in accordance with applicable laws and regulations in denying the

[1] On June 20, 2006, new Rule 52.1 replaced Rule 56.1. Notice of Adoption of Amendments to Rules, June 20, 2006. The new rule is applicable to pending proceedings "except to the extent that in the opinion of the [C]ourt [its] application . . . would not be feasible. . . ." RCFC 86.

[2] Pursuant to ¶ 8 of the Court's December 8, 2005, Special Procedures Order, defendant's brief and motion are set forth in separate documents.

estate of Christine Roberts, the mother of public safety officer Sheriff Harold Ray Presley, benefits pursuant to the Public Safety Officers' Benefits Act ("PSOBA"), 42 U.S.C. § 3796 et seq.. Accordingly, this Court should enter judgment upon the administrative record in favor of the United States.

## INTRODUCTION

### I. Statement Of The Case

In this PSOBA action, Eva P. White, administratrix of Christine H. Roberts' estate, challenges the final decision of BJA denying the estate a PSOBA death benefits award. AR 154-61.[3] Specifically, Ms. Roberts' estate contends that BJA's determination was not in accordance with law. Affirming the decision of the hearing officer, BJA held that, although Ms. Roberts may have been an eligible beneficiary had she survived, she failed to execute a claim for benefits before her death and thus was never a claimant. AR 159-161. In addition, BJA found that, at the time of her death, Ms. Roberts held no interest in a death benefits award that could have passed to her estate. AR 160-61.

---

[3] "AR __" refers to the administrative record previously filed with the Court.

## II. Statement Of Facts And Course Of Proceedings[3]

On July 6, 2001, Sheriff Harold Ray Presley of Lee County, Mississippi, died of gunshot wounds inflicted by a suspect during a chase. AR 18. Ten days after Sheriff Presley's death, Janet Burroughs, office administrator for the Lee County Sheriff's Department, completed a routine Death Benefits Questionnaire, using a standard form. AR 1-3. The questionnaire identified Sheriff Presley's three children and his mother, Christine Roberts, as possible PSOBA beneficiaries. AR 2. In accordance with the instructions provided in the form, Ms. Burroughs sent the document to BJA's Public Safety Officers' Benefits ("PSOB") Office. See AR 2. In response, on July 19, 2001, the PSOB Office wrote to Ms. Burroughs to explain how potential beneficiaries could file for benefits. AR 4-5. Ms. Roberts received a copy of the letter. AR 5.

On September 7, 2001, two months after her son's death in the line of duty, Ms. Roberts passed away. AR 126. As of October 12, 2001, the

---

[3] Pursuant to ¶¶ 11-12 of the Court's December 8, 2005, Special Procedures Order, the facts relevant to the issues raised in plaintiff's complaint will be set forth in the Consolidated Statement of Uncontroverted Facts to be filed by defendant at the close of briefing. This section provides a summary of those facts in the context of the procedural history.

PSOB Office had received none of the documentation described in its July 19th letter, AR 8, and on February 22, 2002, closed Sheriff Presley's file. AR 11.

On July 2, 2002, the law firm representing Ms. Roberts' estate contacted the PSOB Office to determine whether an award decision had been reached. AR 12-14. On July 29, 2002, more than one year after Sheriff Presley's death, the PSOB Office first received claim documentation of the kind indicated in the July 19, 2001, letter, AR 15-22, 32, but there was no claim by or on behalf of Ms. Roberts; Sheriff Presley's children were the only claimants. AR 15-22, 32.

In December 2002, the PSOB Office issued an initial determination denying the Presley children's claim for benefits upon the ground that no eligible claimant had been identified. AR 31-33. The PSOB Office explained that

> [n]either Patrick Presley nor his siblings identified in his claim are eligible because none is a "child" for purposes of the PSOB Program. Christine Roberts never submitted a claim and never received a PSOB award before she died. In such circumstances, Ms. Roberts' estate may not assert any cognizable interest in benefits provided by the PSOB Program.

AR 32.

Ms. Roberts' estate requested reconsideration of the initial determination. AR 37. On February 19, 2004, a hearing was convened. AR 142. On March 18, 2004, a BJA hearing officer held that Ms. Roberts' estate was not an eligible beneficiary pursuant to the PSOBA. AR 144-46. Moreover, the hearing officer observed that awarding benefits to the estate would not serve the purposes of the PSOBA. AR 145.

On September 21, 2004, Ms. Roberts' estate requested review of the hearing officer's decision by the Director of BJA. AR 151. The request for review was granted and, on February 17, 2005, BJA announced its final decision upholding the hearing officer's denial of benefits. AR 161. BJA concluded that it did not possess legal authority to pay the requested benefit to any of the potential claimants. AR 159. As to the estate's claim, BJA concluded,

> Mrs. Roberts' estate is not the same thing, legally speaking, as Mrs. Roberts herself; nor is it her own "legally-appointed guardian, committee, or other legally-designated representative;" nor has it furnished "[t]he Bureau [with] evidence to establish [its] authority . . . to file . . . a claim" on her own behalf . . . . [T]he estate of decedent's mother (or a representative of that estate) is not a "proper party to execute a claim" in this case.

AR 160 (quoting 28 C.F.R. § 32.19). BJA also observed that the PSOBA was intended to "create[ ] a personal economic benefit for eligible

survivors" and that awarding benefits to Ms. Roberts' estate obviously would provide no benefit to Ms. Roberts herself, and would circumvent the express terms of the statute. AR 161.

## **ISSUE PRESENTED**

Whether BJA's decision that (1) Ms. Roberts did not file a PSOBA claim for benefits prior to her death, and (2) PSOBA death benefits are not payable to Ms. Roberts' estate, is in substantial compliance with the PSOBA and its implementing regulations, is not arbitrary or capricious, and is supported by substantial evidence.

## **SUMMARY OF THE ARGUMENT**

As the record readily demonstrates, Ms. Roberts did not meet the statutory or regulatory requirements necessary to receive PSOBA death benefits prior to her death, and Ms. Roberts' estate may not recover benefits upon her behalf. First and foremost, Ms. Roberts never filed a claim for benefits. Moreover, even if she had filed a claim, her own death two months after that of Sheriff Presley rendered her ineligible to receive benefits because (1) the PSOBA does not authorize payment to an

individual's estate, and (2) Ms. Roberts' estate does not have any cognizable legal interest in benefits resulting from the death of Sheriff Presley.

Ms. Roberts' estate incorrectly asserts that the completion of a routine form questionnaire by the Lee County Sheriff's Department constitutes the filing of a claim by Ms. Roberts herself. Ms. Roberts' estate also mistakenly asserts that Ms. Roberts' death had no effect upon her qualification for benefits. The essential premise underlying all of the estate's arguments is that an individual must do only one thing to qualify for death benefits pursuant to the PSOBA—survive the deceased public safety officer. If this were true, it would transform the PSOB program into an insurance policy, something the plain language of the statute, the implementing regulations, legislative history, and legal precedent all clearly declare is not the purpose of the program. Accordingly, BJA properly denied Ms. Roberts' estate a PSOBA award, and this Court should affirm that denial based upon the administrative record.

## ARGUMENT

### I. Standard of Review

This Court reviews a motion for judgment upon the administrative record to determine whether, given all the disputed and undisputed facts, the plaintiff has met the burden of proof to show that the decision was not in accordance with the law. One Feather v. United States, 61 Fed. Cl. 619, 621 (2004); see Bannum, Inc. v. United States, 404 F.3d 1346, 1357 (Fed. Cir. 2005) (instructing the trial court to make "factual findings under RCFC 56.1 from the [limited] record evidence as if it were conducting a trial on the record").

In reviewing an administrative denial of benefits pursuant to the PSOBA, this Court must confine itself to the administrative record created in the proceedings below. Porter v. United States, 64 Fed. Cl. 143, 147 (2005), aff'd without op., No. 05-5105, order (Fed. Cir., Apr. 6, 2006); City of Wheeling v. United States, 20 Cl. Ct. 659, 666 (1990), aff'd, 928 F.2d 410 (Fed. Cir. 1991). Such review is limited to determining (1) whether there has been substantial compliance with statutory and implementing regulations; (2) whether there has been any arbitrary or capricious action upon the part of the Government officials involved; and

(3) whether the decision denying the claim is supported by substantial evidence. Yanco v. United States, 258 F.3d 1356, 1362 (Fed. Cir. 2001), cert. denied, 534 U.S. 114 (2002); Chacon v. United States, 48 F.3d 508, 511 (Fed. Cir. 1995). The Court "is not a 'superagency' and cannot make a redetermination of the merits based upon the administrative record." Durco v. United States, 14 Cl. Ct. 424, 427 (1988); Demutiis v. United States, 48 Fed. Cl. 81, 87 (2000), aff'd as modified, 291 F.3d 1373 (2002).

## II. BJA's Decision Is In Substantial Compliance With The Statute And Implementing Regulations, Is Not Arbitrary Or Capricious, And Is Supported By Substantial Evidence

The BJA Director's conclusion that Ms. Roberts' estate is not entitled to PSOBA benefits is in accordance with law, is not arbitrary or capricious, and is supported by substantial evidence; accordingly, it must be affirmed. The record demonstrates that Ms. Roberts failed to take any of the steps necessary to receive PSOBA benefits. In addition, the PSOBA and its implementing regulations make clear that BJA is not authorized to pay PSOBA death benefits to the estate of a statutory beneficiary. Finally, the record demonstrates that Ms. Roberts' estate has no cognizable legal interest in PSOBA benefits.

### A. Ms. Roberts Never Filed A Claim For Benefits Pursuant To The PSOBA

Ms. Roberts never filed a claim, or otherwise indicated to BJA her intention to file a claim, for PSOBA benefits. Ms. Roberts' estate conceded before the hearing officer that Ms. Roberts' "formal claim" was not completed prior to her death. AR 59-60. Instead, it contends that the routine questionnaire form completed by the Lee County Sheriff's Department was a claim to the PSOB Office on Ms. Roberts' behalf. Pursuant to the plain language of the statute, the regulations governing the claims process, and the record evidence, this argument must fail.

BJA is authorized to "establish such rules, regulations, and procedures as may be necessary to" administer the PSOBA. 42 U.S.C. § 3796c(a). As part of that administration, BJA has established regulations regarding the filing and processing of claims. First and foremost, those regulations require potential beneficiaries to make an official claim for benefits. 28 C.F.R. §§ 32.19 to .20; Demutiis v. United States, 291 F.3d 1373, 1375 (Fed. Cir. 2002) ("A claimant seeking death benefits under the Act must file a claim with the Bureau, which will preliminarily determine eligibility for benefits."); Smykowski v. United States, 647 F.2d 1103, 1105 n.4 (Ct. Cl. 1981) ("Under the governing

regulations, 'claimants' initiate the claims process by filing a written statement or form" (citations omitted)). Pursuant to the regulations, "[c]laimants are encouraged to submit their claims on OJP Form 3650/5 for death benefits."[4] 28 C.F.R. § 32.20(a). However, the regulations go on to provide that "[w]here an individual files . . .[an]other written statement with the Bureau which indicates an intention to claim benefits, the filing of such written statement shall be considered to be the filing of a claim for benefits." Id. § 32.20(b).[5]

BJA must "determine who is the proper party to execute a claim . . . ." Id. § 32.19(a). The "proper parties" include "the claimant or the claimant's legally designated representative," such as a an attorney at law, a custodial parent, an attorney in fact, a legal guardian, or a committee. Id. § 32.19(a)(1) (emphasis added). When a claimant proceeds through a

---

[4] OJP Form 3650/5, titled "Claim for Death Benefits," is now known more commonly as OMB Form No. 1121-0024. Compare 64 Fed. Reg. 13,817 (Mar. 22, 1999), with 69 Fed. Reg. 18,627 (Apr. 8, 2004).

[5] Although it does not do so before this Court, the estate has argued that Ms. Roberts was prevented from filing a "formal claim" before her death because "gathering documents like autopsy reports . . . takes time. . ., so that delay was no fault of Mrs. Roberts." AR 59. However, as indicated by 28 C.F.R. § 32.21, evidence in support of a claim may be submitted long after the claim is filed, and, in any event, is not required for a sufficient "written statement [to] be considered to be the filing of a claim for benefits." 28 C.F.R. § 32.20(b).

legally designated representative, that representative must also provide BJA with "evidence of such person's authority to execute the claim upon behalf of such claimant. . . ." Id. § 32.19(b).

Although public safety agencies often play a role in the PSOBA claims process, notifying the PSOB Office of an officer's death, acting as a liaison between BJA and claimants for benefits, and providing evidence to help establish the necessary elements for PSOBA eligibility, the submissions of those agencies do not constitute the filing of claims on behalf of claimants for PSOBA benefits. Only when the requirements of 28 C.F.R. § 32.19 have been met, as when a public safety agency has been established as the claimant's "legally designated representative" or otherwise "has the care of such claimant," may the agency file a claim on a claimant's behalf. 28 C.F.R. § 32.19(b)(1)-(2). This plainly was not done in this case.

Ms. Roberts did not comply with these regulations. Ms. Roberts' estate acknowledges that she did not complete the "Claim for Death Benefits" form, as encouraged by 28 C.F.R. § 32.20(a), and points to no "other written statement" from Ms. Roberts indicating her intent to claim PSOBA benefits, as plainly required by 28 C.F.R. § 32.20(b). See Pl.'s

Mot. J. Admin. R. at 8-9. Conceding these points, Ms. Roberts' estate instead argues that the Death Benefits Questionnaire completed by Ms. Burroughs, without even the slightest indication of "[her] authority to execute the [document] on behalf of" Ms. Roberts, constituted a claim on Ms. Roberts' behalf. See 28 C.F.R. § 32.19(b).

For at least two reasons, this argument plainly does not meet the regulatory requirements. First, the questionnaire was not "executed by" Ms. Roberts or her "legally designated representative." See id. § 32.19(a)(1). Ms. Burroughs, office administrator for the Lee County Sheriff's Department, was not Ms. Roberts' "legally designated representative," and Ms. Roberts' estate has never offered any evidence of Ms. Burroughs' authority to file a claim on Ms. Roberts' behalf, as would be required pursuant to 28 C.F.R. § 32.19(b). Indeed, there is no evidence in the record that Ms. Burroughs and Ms. Roberts even spoke to each other prior to the Ms. Burroughs' submission of the Death Benefits Questionnaire.[6]

[6] The estate attempts to create the opposite impression by misleadingly suggesting that Ms. Roberts submitted the questionnaire to BJA. See Pl.'s Mot. J. Admin. R. at 7 ("By submitting the death benefits questionnaire . . ., Ms. Roberts met the requirements for the filing of a claim for benefits.").

Second, the questionnaire did not indicate Ms. Roberts' "intention to claim benefits." See 28 C.F.R. § 32.20(b). The form merely identifies Sheriff Presley's three children and Ms. Roberts as his survivors, alerting the PSOB Office to their existence as potential claimants. AR 2. Nowhere does the Death Benefits Questionnaire indicate an "intention" on the part of Ms. Roberts "to claim benefits." See AR 1-3.

BJA's July 19, 2001, letter emphasizes these points. See AR 4-5. It unequivocally advised Ms. Roberts of the steps she was required to take to claim PSOBA benefits. See AR 4-5. As the letter indicates, a claim has two parts: (1) family claim materials; and (2) agency claim materials. AR 4-5. The two parts correspond to two generally-required claim forms "which must be submitted to [the PSOB] office to file a claim for benefits." AR 4 (emphasis added). The first, the Claim for Death Benefits,[7] "should be completed and signed by the claimant."[8] AR 4 (emphasis added). To further emphasize the need for Ms. Roberts to sign her own claim as

---

[7] The filing of a written equivalent would have sufficed under 28 C.F.R. § 32.20(b).

[8] BJA received just one Claim for Death Benefits seeking benefits for Sheriff Presley's death. That form, dated August 15, 2001, arrived in the PSOB Office on July 29, 2002. AR 21-22, 32. It was signed by Patrick Presley and does not name Ms. Roberts as a possible claimant, even though it purportedly was completed before her death. Id.

required by 28 C.F.R. § 32.19(a),[9] the July 19 letter warns that if anyone other than the claimant signs the claim, "an affidavit must be submitted by the claimant authorizing this individual to file the claim on his/her behalf." AR 4 (emphasis added). The second form, the "Report of Public Safety Officer's Death," is completed and signed by the head of the law enforcement agency. AR 4. As Ms. Roberts' estate points out, the Death Benefits Questionnaire does state that the requested information allows BJA to "initiate" a claim. AR 1. However, as the regulations and BJA's July 19 letter clearly indicate, the "initiation" of a claim, which merely prompts the PSOB Office to open a file and assign a claim number, does not obviate the need for claimants to file for benefits. 28 C.F.R. §§ 32.19 to .20; AR 4-5.

Simply put, Ms. Roberts never filed a claim for benefits, and no "legally designated representative" filed one on her behalf. The record is devoid of evidence that she made any effort to claim PSOBA benefits prior to her death. In its final decision, BJA correctly recognized Ms. Roberts'

---

[9] Ms. Roberts' estate has not suggested that any of the exceptions specified at 28 C.F.R. § 32.19(a)(2) or (3) applies.

failure to submit a claim, and properly concluded that that failure alone rendered her ineligible to receive benefits pursuant to the PSOBA.

**B. Ms. Roberts' Estate Is Not An Eligible PSOBA Beneficiary**

**1. The PSOBA Authorizes Death Benefit Payments "To The Parent or Parents" Of A Covered Officer, Not To Estates**

Even if Ms. Roberts had filed a claim pursuant to the PSOBA, her death two months after that of Sheriff Presley, that is, before such a claim could be processed in the ordinary course, rendered her ineligible for benefits. The PSOBA, and its implementing regulations, plainly do not authorize payment to an individual's estate. To the extent this Court finds any ambiguity in the plain language of the PSOBA and its implementing regulations, that ambiguity easily is resolved in favor of BJA's construction by reference to the consistent and supporting legislative history and purposes of the PSOBA. Moreover, BJA's determination that an individual's estate is not an eligible PSOBA beneficiary is supported by sound policy considerations.

The PSOBA clearly enumerates those individuals eligible to receive death benefits. 42 U.S.C. § 3796(a). Once BJA determines that a death benefit is payable, that benefit is to be paid as follows:

> (1) if there is no surviving child of such officer, to the surviving spouse of such officer;
>
> (2) if there is a surviving child or children and a surviving spouse, one-half to the surviving child or children of such officer in equal shares and one-half to the surviving spouse;
>
> (3) if there is no surviving spouse, to the child or children of such officer in equal shares; or
>
> (4) if none of the above, to the parent or parents of such officer in equal shares.

Id.[10]

At least five provisions of the PSOBA expressly authorize BJA to promulgate implementing regulations. 42 U.S.C. §§ 3796(a) & (b), 3796c(a), and 3796d-3(a) & (b). Accordingly, "[s]uch legislative regulations are given controlling weight unless they are arbitrary, capricious, or

---

[10] Citation is to the PSOBA as of the date of Sheriff Presley's death. In 1988, paragraph (a)(4) was amended from "dependent parents" to "parents." Pub. L. No. 100-690, § 6105, 102 Stat. 4181 (nullified the rule in Melville v. United States, 231 Ct. Cl. 776 (1982)). The corresponding regulation thereafter was changed from "dependent parent" to "surviving parent." Compare 28 C.F.R. § 32.10(a)(4) (1988), with id. (1989).

manifestly contrary to the statute." Chevron U.S.A. v. Natural Resources Defense Council, 467 U.S. 837, 844 (1984).

Two provisions of the PSOBA regulations implement the express, and unambiguous, command of § 3796(a)(4)—that payment be made, as applicable, "to the parent or parents" of a covered deceased public safety officer. 42 U.S.C. § 3796(a)(4) (emphasis added). First, the regulations add the modifier "surviving" to describe the class of parents eligible for PSOBA benefits. 28 C.F.R. § 32.10(a)(4) ("If none of the above . . . to the surviving parent, or to the surviving parents in equal shares"). Second, the regulations add a concluding sentence explaining that, if none of the enumerated beneficiaries qualify for benefits, "no benefit shall be paid." Id. § 32.10(b). Contrary to the estate's contention that the regulations do not address the situation before this Court, the claim at issue squarely falls into the class of those in which "no benefit shall be paid." Id.

By its own terms, the PSOBA allows BJA to pay death benefits only "to" specified individuals; it does not authorize payment of death benefits to anyone, much less an inanimate entity, not specifically named in the statute. It is literally impossible to "pay [the] benefit . . . to the parent" of a deceased public safety officer if the parent also is deceased. Accordingly,

BJA reasonably interprets the PSOBA as prohibiting it from paying death benefits "to" anyone, or anything, not specified in the Act, and this Court may not "substitute its own construction of a statutory provision for a reasonable interpretation made by the administrator of an agency." Chevron, 467 U.S. at 844.

The estate focuses its statutory construction argument upon the inclusion of "surviving parents" in the list of potential PSOBA beneficiaries, and notes that Ms. Roberts survived Sheriff Presley. We do not disagree. One necessary predicate to a successful claim for PSOBA death benefits was that Ms. Roberts survive her son; no less necessary, however, was that she survive to file a claim and receive the payment.[11] Contrary to the estate's assertion, merely surviving Sheriff Presley did not entitle Ms. Roberts to receive death benefits, and it most certainly does not entitle Ms. Roberts' estate to receive them. See Tafoya v. United States, 8 Cl. Ct. 256, 259 n.2 (excluding officer's father as a claimant after father died during the administrative proceedings). As a result of Ms. Roberts' death,

[11] As there has been no of delay on BJA's part such as might give rise to a claim of laches, the estate's arguments that BJA's interpretation of the PSOBA "would encourage the Bureau purposefully to delay processing claims of sick or elderly beneficiaries," Pl.'s Mot. J. Admin. R. at 14, are inapposite and should not to be considered by this Court. See, e.g., Anastasoff v. United States, 235 F.3d 1054, 1056 (8th Cir. 2000) (in the exercise of judicial power, courts "sit to decide cases, not issues").

there is no qualifying spouse, child, or parent to whom a death benefits award may be made, thus, pursuant to the regulations, "no benefit shall be paid." 28 C.F.R. § 32.10(b).

The purpose of the PSOBA is "to provide a measure of economic security for the beneficiaries," 28 C.F.R. § 32.22(g), and to protect families of fallen public safety officers from the "financial calamity" that often results from the death of a family's primary breadwinner. Chacon v. United States, 32 Fed. Cl. 684, 687 (1995), aff'd, 48 F.3d 508 (Fed. Cir. 1995).

> Congress was concerned that states and municipalities did not provide adequate death benefits to [public safety] officers and their families and that the low level of benefits impeded recruitment efforts and impaired morale. By increasing the level of benefits it sought to remedy these defects. . . .
>
> The most direct and effective method of compensating for inadequate state and local death benefits would have been adoption of a comprehensive federal [public safety] officers' death benefits program compensating the families of every deceased [public safety] officer. Congress did not go that far. Constrained by budgetary considerations and by fears that federal assumption of full responsibility for compensating the families of deceased officers would weaken the federal system and allow states and municipalities to evade their responsibility, it adopted a limited program.

Russell v. Law Enforcement Assistance Admin., 637 F.2d 1255, 1261 (9th Cir. 1980) (emphasis added) (footnotes omitted).

Releasing PSOBA funds to an individual's estate would fulfill none of the aforementioned goals; indeed, it would subvert the clear purpose of the

statute. Awarding death benefits to an estate cannot "provide a measure of economic security" for the deceased beneficiary. See 28 C.F.R. § 32.22(g). Similarly, awarding benefits to an estate, an inanimate entity, does not alleviate any economic or emotion burden.

Rather, awarding death benefits to an estate would sabotage the principles of the PSOBA and circumvent the processes and procedures established by the BJA to ensure that only statutory beneficiaries receive an award. If BJA were to award death benefits to an individual's estate, the money would not be used to support a "surviving" family member, but would be passed on to other individuals or entities that have not had to establish their eligibility to receive benefits. Ms. Roberts died intestate. AR 10. If BJA were to award death benefits to her estate, that award immediately would pass to Ms. Roberts' beneficiaries. If Ms. Roberts' grandchildren are her beneficiaries, then PSOBA benefits would end up in the hands of individuals BJA already has determined are not eligible beneficiaries because none is a "child" pursuant to the statute. See AR 32, 158 ¶¶ 5-6. Also, Ms. Roberts' estate may be responsible for Ms. Roberts' debts, making it possible that PSOBA benefits would pass to Ms. Roberts'

creditors, a result that would violate the express terms of 42 U.S.C. § 3796(g).

The strained statutory construction advocated by Ms. Roberts' estate effectively would frustrate the order of statutory beneficiaries and would strip BJA of its statutorily-given authority to administer the PSOB program in accordance with applicable statutory and regulatory requirements. BJA would have no means of controlling the distribution of PSOBA funds to ensure compliance with the statute.

Awarding benefits to Ms. Roberts' estate is specifically prohibited by Federal regulation, see 28 C.F.R. § 32.10, and at odds with the purposes and goals of the PSOBA. As a result of Ms. Roberts' death, there is no qualifying spouse, child, or parent to whom PSOBA benefits may be paid, thus, "no benefit shall be paid." 28 C.F.R. § 32.10(b).

### 2. Ms. Roberts' Estate Has No Cognizable Legal Interest In PSOBA Benefits

Even assuming that PSOBA death benefits properly could be payable "to" an estate, which BJA denies, Ms. Roberts' estate does not have any cognizable legal interest in benefits resulting from Sheriff Presley's death. The estate presents a fairly detailed argument distinguishing this case from Hoffman v. City of Warwick, 909 F.2d 608, 616 (1st Cir. 1990), and

differentiating between statutory and due process rights, Pl.'s Mot. J. Admin. R. at 13-15, but it is not necessary for this Court to decide those issues. At its core, this case presents one simple question—whether a parent who is a potential beneficiary acquires an indefeasible right to receive PSOBA benefits merely by surviving longer than the deceased public safety officer. The clear answer to that question, and the answer given by BJA, is "no." See, e.g., Melville v. United States, 231 Ct. Cl. 776, 779 (1982) (granting surviving parent benefits after finding son was a public safety officer and had been killed in the line of duty); Tafoya, 8 Cl. Ct. at 261-67 (denying surviving mother benefits because she could not establish officer had been killed in the line of duty). BJA's decision must be upheld by this Court unless it is not compliant with the PSOBA and its implementing regulations, is arbitrary and capricious, or is unsupported by substantial evidence in the record.

Regardless of the exact point in time when a legal right to PSOBA benefits would attach, it is obvious that a potential beneficiary has no right to benefits before ever expressing any intent to claim those benefits. Until such a claim has been made, the potential beneficiary has nothing more

than the potential to receive benefits.[12] By analogy, a college graduate with a 4.0 grade point average and a perfect LSAT score is a potential Ivy League law student. However, if the graduate fails to submit an application for admission, she will remain only a potential law student. The act of submitting the application is key.

The estate's argument that Ms. Roberts somehow acquired a vested right to PSOBA benefits merely by surviving her son misconstrues the essential nature of the PSOBA. Officers covered by the PSOBA do not have a freestanding or automatic statutory right to payment of death benefits on their behalf. H.R. Rep. No. 107-786, at 3 (2002). PSOBA benefits are not an insurance policy. Rather, there is a right to payment only in cases where BJA "determines" "under [its own] regulations issued" that the individual's death qualifies for a benefit. 42 U.S.C. § 3796(a). Given the absence of any BJA "determin[ation]" as of the date of Ms. Roberts' death, it was not at all clear whether she would have received benefits. BJA had not had an opportunity to determine whether Sheriff Presley's children, who would, if eligible, have superseded Ms. Roberts,

[12] Even after a claim has been filed, the potential beneficiary is not eligible to receive PSOBA benefits if she dies during the administrative proceeding. Tafoya, 8 Cl. Ct. at 259 n.2.

were the proper beneficiaries of a death benefits award. Because Ms. Roberts never filed a claim for benefits, BJA was unable to make its statutorily-required determination regarding the merits of her potential claim. In this context, and consonant with BJA's determination, it may be said that Ms. Roberts had no more than a contingent expectancy, not a cognizable legal interest, in a PSOBA death benefits award. See AR 160.[13] That determination is not arbitrary or capricious, and is supported by substantial evidence.

With the deaths of Sheriff Presley and Ms. Roberts in such quick succession, the Presley family undoubtedly has suffered a tragedy. Nonetheless, BJA's responsibilities pursuant to the PSOBA do not allow it to award death benefits to Ms. Roberts' estate. Accordingly, BJA properly denied the estate's request for a death benefits award, and this Court should affirm that decision.

---

[13] Plaintiff's statement, see Pl.'s Mot. J. Admin. R. at 13, that BJA relied "solely" upon Hoffman for its holding is incorrect and misleading. See Pl.'s Mot. J. Admin. R. at 13. Review of BJA's final opinion reveals its position to be well supported, not only by citation to Hoffman, but also with reference to the requirements of the PSOBA and its implementing regulations, and to Rhee v. Witco, 762 F. Supp. 211, 214 (N.D. Ill. 1991), and Black's Law Dictionary. AR 160 ¶ 6.

## CONCLUSION

For these reasons, we respectfully request that the Court grant our motion for judgment upon the administrative record and deny plaintiff's cross-motion.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Patricia M. McCarthy for
Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

Of Counsel:
RAFAEL A. MADAN
General Counsel

JASON P. COOLEY
Attorney Advisor
Office of the General Counsel
Office of Justice Programs
Department of Justice
810 7th Street, N.W.
Washington, D.C. 20531

s/Allison Kidd-Miller
ALLISON KIDD-MILLER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St.
Washington, D.C. 20530
Tel: (202) 307-3050
Fax: (202) 307-0972

July 27, 2006

Attorneys for Defendant

CERTIFICATE OF SERVICE

I certify under penalty of perjury that on this 27th day of July, 2006, a copy of the foregoing "DEFENDANT'S CROSS-MOTION FOR JUDGMENT UPON THE ADMINISTRATIVE RECORD AND OPPOSITION TO PLAINTIFF'S MOTION FOR JUDGMENT UPON THE ADMINISTRATIVE RECORD" and "DEFENDANT'S BRIEF IN SUPPORT OF CROSS-MOTION FOR JUDGMENT UPON THE ADMINISTRATIVE RECORD AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR JUDGMENT UPON THE ADMINISTRATIVE RECORD" were filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Allison Kidd-Miller