**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**EVA P.WHITE, AS ADMIINISTRATRIX OF THE ESTATE OF CHRISTINE H. ROBERTS** — **PLAINTIFF**

**VS.** — **NO. 1:2005cv1236C**
**(Judge Baskir)**
**(cc: Judge Horn)**

**THE UNITED STATES OF AMERICA** — **DEFENDANT**

# PLAINTIFF'S BRIEF IN RESPONSE TO DEFENDANT'S CROSS-MOTION FOR JUDGMENT UPON THE ADMINISTRATIVE RECORD AND IN SUPPORT OF PLAINTIFF'S MOTION FOR JUDGMENT UPON THE ADMINISTRATIVE RECORD

William M. Beasley
PHELPS DUNBAR, LLP
Seventh Floor
One Mississippi Plaza
201 South Spring Street
Post Office Box 1220
Tupelo, MS 38802-1220
Telephone: (662) 842-7907
Facsimile: (662) 842-3873

# TABLE OF CONTENTS

TABLE OF CONTENTS ........ i

TABLE OF AUTHORITIES ........ ii

PLAINTIFF'S BRIEF IN RESPONSE TO DEFENDANT'S CROSS-MOTION FOR JUDGMENT UPON THE ADMINISTRATIVE RECORD AND IN SUPPORT OF PLAINTIFF'S MOTION FOR JUDGMENT UPON THE ADMINISTRATIVE RECORD ........ 1

I. INTRODUCTION ........ 1

II. SUMMARY OF THE ARGUMENT ........ 2

III. ARGUMENT ........ 3

A. Christine H. Roberts Met Both the Statutory and Regulatory Requirements to Receive PSOB Benefits Because She Survived Her Son, a Public Safety Officer Killed in the Line of Duty, and Because She Filed a Claim for PSOB Benefits Prior to Her Death. Therefore, She Is Eligible to Receive Compensation for Her Son's Death in the Line of Duty. ........ 3

B. The Fact That Christine H. Roberts Died Prior to Receiving Any Benefits Pursuant to the Public Safety Officers' Benefits Act Does Not Render Her Ineligible to Receive Benefits Because the Act Does Not Prohibit Payments to an Estate. ........ 6

C. The Estate of Christine H. Roberts Has a Cognizable Legal Interest in Benefits Resulting from the Death of Harold Ray Presley. ........ 8

IV. CONCLUSION ........ 10

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Doe v. U.S.*, 66 Fed. Cl. 165 (Fed. Cir. 2005)....................3

*Hoffman v. City of Warwick*, 909 F.2d 608 (1st Cir. 1990)....................8, 9

*Int'l Bhd. of Elec. Workers, Local Union No. 474 v. NLRB*, 814 F.2d 697 (D.C. Cir. 1987)....................8

*Porter v. U. S.*, 64 Fed. Cl. 143 (2005)....................5

*Rhee v. Witco*, 762 F. Supp. 211 (N.D. Ill. 1991)....................8, 9

*Shannon v. U.S.*, 512 U.S. 573 (1994)....................8

## STATUTES

42 U.S.C. § 3796(a)....................7

42 U.S.C. § 3796....................1, 8

28 C.F.R. § 32.10(a)....................7

28 C.F.R. § 32.20....................4, 5, 6

28 C.F.R. § 32.4....................3

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**EVA P.WHITE, AS ADMIINISTRATRIX OF THE ESTATE OF CHRISTINE H. ROBERTS** — **PLAINTIFF**

**VS.** — **NO. 1:2005cv1236C (Judge Baskir)**

**THE UNITED STATES OF AMERICA** — **DEFENDANT**

**PLAINTIFF'S BRIEF IN RESPONSE TO DEFENDANT'S CROSS-MOTION FOR JUDGMENT UPON THE ADMINISTRATIVE RECORD AND IN SUPPORT OF PLAINTIFF'S MOTION FOR JUDGMENT UPON THE ADMINISTRATIVE RECORD**

Pursuant to Rule 52.1(b) of the Rules of the United States Court of Federal Claims, Plaintiff Eva P. White, as Administratrix of the Estate of Christine H. Roberts, respectfully requests judgment upon the administrative record. The administrative record in this cause demonstrates that the defendant acted arbitrarily and capriciously in denying benefits to the plaintiff, pursuant to the Public Safety Officers' Benefits Act (hereinafter "PSOBA"). 42 U.S.C. Section 3796 *et seq.* Accordingly, this Court should rule in Plaintiff's favor and award PSOBA death benefits to the Estate of Christine H. Roberts.

## I. INTRODUCTION

In his position as Sheriff of Lee County, Mississippi, Harold Ray Presley was a public safety officer as defined by 42 U.S.C. Section 3796.[1] Sheriff Presley was shot and killed in the line of duty on July 6, 2001. A.R. 18, 31. Only ten (10) days after Sheriff Presley's death, Janet Burroughs, an employee of the Lee County Sheriff's Department, initiated a claim for PSOB

[1] At no level in this process has either Defendant or the Bureau of Justice Assistance ever denied that Sheriff Presley was a public safety officer who was killed in the line of duty for purposes of 42 U.S.C. Section 3796. Those facts are uncontroverted. (*See* Defendant's Brief in Support of Cross-Motion for Judgment upon the Administrative Record and in Opposition to Plaintiff's Motion for Judgment upon the Administrative Record at page 5).

benefits on behalf of Sheriff Presley's beneficiaries[2] by submitting a death benefits questionnaire to the PSOB program office. A.R. 1-3. On July 19, 2001, a letter from the PSOB office was sent to the Lee County Sheriff's Department indicating what documents were needed to process the claim for benefits on behalf of Sheriff Presley's beneficiaries. A.R. 4-5. On September 7, 2001, nearly two (2) months after the death of her son, Christine H. Roberts, Sheriff Presley's mother, passed away. A.R. 126.

In a letter dated October 12, 2001, the PSOB office issued an initial death benefit denial. A.R. 8-9. In December 2002, the PSOB office issued a PSOB claim determination, also denying benefits. A.R. 31-33. On March 18, 2004, a PSOB hearing officer affirmed the death benefit denial, and on February 17, 2005, the Director of the Bureau of Justice Assistance released a final agency decision which also affirmed the findings of the PSOB office and the PSOB hearing officer. A.R. 141-146; 154-161. Plaintiff now seeks a review of the administrative decision of the Bureau of Justice Assistance denying her PSOB benefits as Administratrix of the Estate of her mother, Christine H. Roberts.

## II. SUMMARY OF THE ARGUMENT

On the date of Sheriff Presley's death, Christine H. Roberts had a statutory right, created by a federal statute, to receive PSOB benefits. She survived her son, a public safety officer killed in the line of duty, and she met both the statutory and regulatory requirements for filing a claim for those benefits prior to her death. In fact, a death benefits questionnaire was submitted on behalf of Mrs. Roberts only days after her son's death, and the defendant itself indicated in several pieces of correspondence that a claim for benefits was initiated on July 19, 2001. Additionally, because no portion of the statute or any related regulation prohibits the payment of

[2] On that questionnaire, Ms. Burroughs noted that Sheriff Presley was survived by three (3) children and his mother, Christine H. Roberts.

PSOB benefits into an estate, there is no legal basis for Defendant's refusal to pay PSOB benefits into Mrs. Roberts' Estate. Defendant is obligated by federal regulations to err on the side of paying benefits, as those regulations require that any reasonable doubt be resolved in favor of payment of the benefit. 28 C.F.R. Section 32.4. Defendant has no justifiable reason for failing to pay PSOB benefits to Mrs. Roberts, and Defendant's actions in failing to pay the same are arbitrary, capricious, and contrary to law. This Court should set aside the administrative decisions in this case and order that PSOB benefits be paid to Plaintiff.

## III. ARGUMENT

The standard of review on a Motion for Judgment on the Administrative Record is, given all the disputed and undisputed facts, whether the plaintiff has demonstrated that the decision was not in accordance with the law. *Doe v. U.S.*, 66 Fed. Cl. 165, 174 (Fed. Cir. 2005), *citing Bannum, Inc. v. U.S.*, 404 F.3d 1346, 1357 (Fed. Cir. 2005). In the case at bar, the administrative decision of the Bureau of Justice Assistance to deny PSOB benefits to Christine H. Roberts was not in accordance with the law and, thus, this Court should set aside that decision and award benefits to the Estate of Mrs. Roberts.

### A. Christine H. Roberts Met Both the Statutory and Regulatory Requirements to Receive PSOB Benefits Because She Survived Her Son, a Public Safety Officer Killed in the Line of Duty, and Because She Filed a Claim for PSOB Benefits Prior to Her Death. Therefore, She Is Eligible to Receive Compensation for Her Son's Death in the Line of Duty.

On July 16, 2001, when Janet Burroughs, an employee of the Lee County Sheriff's Department, submitted the death benefits questionnaire to the Bureau of Justice Assistance, Christine H. Roberts had done all that was necessary to file a claim for PSOB benefits. In fact, it is difficult to comprehend how the defendant can reasonably argue Mrs. Roberts did not initiate a claim for benefits, when even its own correspondence evidences the contrary. For example, on October 12, 2001, Eric Martin, PSOB Benefits Specialist, wrote to Janet Burroughs at the Lee



TO.220860.1

County Sheriff's Department with regard to Sheriff Presley's death. In that letter, Mr. Martin stated, "On July 17, 2001, the Public Safety Officers' Benefits (PSOB) office received information regarding the death of Sheriff Presley. On July 19, we **initiated the claim for benefits** and sent you a guidance letter indicating what documentation needed to be submitted in order for us to process the case." A.R. 8, *emphasis added*. Moreover, on February 22, 2002, Mr. Martin wrote a memorandum to the file in this case, and in that document he noted, "On July 19, 2001, a claim for death benefits was initiated on behalf of the survivors of Sheriff Harold R. Presley." A.R. 11. Defendant's own records, then, admit that it considered the claim to be filed upon receipt of the death benefits questionnaire.

Not only do Defendant's own records demonstrate that when the death benefits questionnaire was submitted, a claim for benefits was filed on behalf of Mrs. Roberts, but the applicable regulations also state that the submission of that questionnaire was sufficient to constitute the filing of a claim for benefits. 28 C.F.R. Section 32.20 states, in pertinent part, "Where an individual files OJP form 3650/5 for death benefits or the disability benefits claim form, or other written statement with the Bureau which indicates an intention to claim benefits, the filing of such a written statement shall be considered the filing of a claim for benefits." 28 C.F.R. Section 32.20. The death benefits questionnaire submitted to the Bureau of Justice Assistance by the Lee County Sheriff's Department contained Sheriff Presley's name, title, social security number, date of birth, date of death, location of death, cause of death, and a list of his survivors. That form is not only a written document, but it was a document created by the Bureau of Justice Assistance, and it contains the following statement: "Please submit the following information to enable us to request supporting documentation to initiate[3] your claim."

[3] The defendant now contends that "initiating" a claim for benefits is somehow different from "filing" a claim for benefits, though that distinction is not referenced in either the statute itself or the accompanying regulations.

Because the form is a written document stating an intention to claim PSOB benefits, it meets the regulatory requirements established by Defendant and constitutes the filing of a claim.

The defendant contends the questionnaire does not meet the minimum requirements for filing a claim because it does not indicate Mrs. Roberts' intention to claim benefits and because it was not submitted by her or her legal representative. First, this argument fails because it has never been raised during the previous phases of this process, and this Court must confine itself solely to the administrative record created in the proceedings below. *Porter v. U. S.*, 64 Fed. Cl. 143, 147 (2005). Thus, this Court should disregard that portion of the defendant's argument. Even if, however, this Court were to entertain the argument, it must fail. The defendant first argues that submission of the death benefits questionnaire does not indicate an "intention" to claim benefits, as required by 28 C.F.R. Section 32.20, because the questionnaire itself does not contain the word "intention" and does not provide a section where beneficiaries can indicate whether they intend to initiate a claim for benefits or not. Common sense, however, dictates that no survivor would submit a death benefits questionnaire unless he or she intended to claim benefits. If those survivors had no intention of claiming benefits, they simply would have refused to cooperate with the completion and submission of the questionnaire. Because the questionnaire contains not only the survivors' names and dates of birth, but social security numbers and addresses, as well, it is almost certain that they cooperated in its submission, as Janet Burroughs would not have been privy to that information.

The defendant also contends that even if the death benefits questionnaire constituted the filing of a claim, it is nevertheless insufficient because it was not submitted by either Mrs. Roberts or her "legally designated representative." For example, Defendant makes a blanket assertion that public safety agencies' submissions do not constitute the filing of claims for PSOB

benefits, though the defendant cites no authority whatsoever for that proposition. Similarly, the defendant states that Ms. Burroughs could not have been designated as Mrs. Roberts' representative because the record is void of any evidence that Ms. Burroughs and Mrs. Roberts ever communicated in any way. Again, however, Defendant offers no evidence in support of that contention.

Mrs. Roberts complied with 28 C. F. R. § 32.20 when the death benefits questionnaire was submitted on her behalf. Defendant argues that because the July 19, 2001 letter informed Mrs. Roberts of the additional steps she had to take to obtain the PSOB benefits, the submission of that questionnaire did not constitute the filing of a claim. While that letter lists certain documents to be supplied to the PSOB office, it also notes that "[o]n July 19, 2001, we initiated the claim for benefits." To Mrs. Roberts or any other beneficiary, that language demonstrated that the claim had been filed and all that remained in the process was the submission of supporting documentation.

The records of the defendant and the applicable regulations show that Mrs. Roberts filed a claim for PSOB benefits prior to her death.[4] Because Defendant's own documents informed Mrs. Roberts that she initiated a claim, Defendant should now be estopped from claiming otherwise. Accordingly, Defendant's argument to the contrary must fail.

**B. The Fact That Christine H. Roberts Died Prior to Receiving Any Benefits Pursuant to the Public Safety Officers' Benefits Act Does Not Render Her Ineligible to Receive Benefits Because the Act Does Not Prohibit Payments to an Estate.**

The regulations covering Public Safety Officers' Death and Disability Benefits state that when a public safety officer dies in the line of duty, the Bureau of Justice Assistance will pay a

[4] Although Mrs. Roberts did initiate a claim for PSOB benefits prior to her death, there is no language in the Code of Federal Regulations that states that an eligible beneficiary must file his or her claim before the beneficiary dies. The C. F. R. states only that the claim must be filed within a year of the death of the public safety office. 28 C. F. R. § 32.20(c).

benefit to beneficiaries in the order prescribed by the statute. 42 U. S. C. § 3796(a). Included in that list is the beneficiary class of "surviving parents." 28 C. F. R. § 32.10(a) and 42 U. S. C. § 3796. Mrs. Roberts was a surviving parent at the time of Sheriff Presley's death. In fact, she lived nearly two (2) months after her son's death. A. R. 126. The only requirement established for parents by both the statute and the PSOB regulations is that the parent survive the officer who was killed in the line of duty. Neither the statute nor the regulations require that the surviving parent survive the fallen officer for a specified period of time in order to receive PSOB benefits.

Defendant argues that the PSOBA does not specifically authorize payments of benefits to estates. While that claim is true, the PSOBA also does not specifically prohibit the payment of claims to estates. Defendant also contends that the PSOBA does not authorize payment of benefits to any "inanimate entity." Defendant does not, however, cite any authority to support that allegation. Moreover, common sense dictates that PSOB benefits are routinely paid into inanimate entities such as guardianships and trusts, as it is highly unlikely that the PSOB office would pay hundreds of thousands of dollars in benefits directly to minor children.

Beyond arguing that the PSOBA itself does not permit payments to estates, Defendant also cites *Tafoya v. U. S.*, 8 Cl. Ct. 257, (1985) as support for that contention. In *Tafoya*, however, while the officer's father was deceased, the denial of claim was based on the fact that there was not sufficient evidence that the claimant was killed in the line of duty. *Id* at 258. The Court in *Tafoya* made no mention that the benefits, if warranted, could not be paid into the estate of the officer's father. *Id.* Accordingly, while cited by Defendant, *Tafoya*, actually offers support for Plaintiff's argument.

Defendant further argues that even if PSOB benefits could be paid into an estate, "public policy concerns" prevent such a payment from being made. Specifically, Defendant argues that



TO.220860.1

the purpose of the PSOBA, as determined from the legislative history, would be thwarted if such a payment were made. In making its argument, however, Defendant completely overlooks well-established law, as cited by Plaintiff in her initial brief, that when statutory language is clear and unambiguous, the sole function of courts is to enforce that statute according to its terms and not to consider legislative history or conflicting agency pronouncements. *Shannon v. U.S.*, 512 U. S. 573, 583-84 (1994) (quoting *Int'l Bhd. of Elec. Workers, Local Union No. 474 v. NLRB*, 814 F.2d 697, 712 (D.C. Cir. 1987). While Plaintiff's brief explains in great detail why, when a statute is plain and unambiguous, there is no basis for examining the legislative intent, Defendant completely overlooks that argument in its response. Because Defendant makes no attempt to address the argument, this Court can only conclude that Defendant has conceded the fact that the statute is clear and unambiguous, making the legislative history, including the alleged 'purpose," of the PSOBA, irrelevant to the case at bar. Here, the meaning of the statute is clear. Because Mrs. Roberts survived her child who was a public safety officer killed in the line of duty and because she filed a claim for benefits, then she is entitled to receive PSOB benefits.

Neither the statute itself nor any regulation prohibits the payment of PSOB benefits to an estate. Because Mrs. Roberts was a surviving parent pursuant to 42 U.S.C. Section 3796, and because she filed a claim for PSOB benefits, those benefits should now be paid into her estate.[5]

### C. The Estate of Christine H. Roberts Has a Cognizable Legal Interest in Benefits Resulting from the Death of Harold Ray Presley.

Defendant bases its contention that the Estate of Mrs. Roberts has no legal interest in PSOB benefits on two cases, *Hoffman v. City of Warwick*, 909 F.2d 608 (1st Cir. 1990) and *Rhee*

[5] It is worth noting that Defendant argues, without any evidence, that should the benefits now be paid to Mrs. Roberts' Estate, those benefits might pass to her creditors or to her grandchildren, even though those grandchildren were ineligible to receive the benefits themselves. No portion of the statute or any applicable regulation, however, provides that the PSOB office can dictate what use is made of the funds once they are paid to the beneficiaries, whether those beneficiaries are living or dead. Thus, Defendant's arguments that that funds might be "misused" are both inappropriate and irrelevant.

*v. Witco*, 762 F. Supp. 211 (N.D. Ill. 1991), and on a vague reference to the "requirements of the PSOBA and its implementing regulations" and *Black's Law Dictionary*. Specific citations, however, are provided for only the two cases. Plaintiff, in her initial brief, discussed at great length the holding in *Hoffman* and the distinctions between that case and the case at bar. Simply put, *Hoffman* held that non-contractual employee benefits which a recipient has not yet received, but has a mere expectation of receiving, are not property. *Hoffman*, 909 F.2d at 616. According to Defendant, Mrs. Roberts has no vested right in the PSOB benefits because she had not received those benefits prior to her death. The holding in *Hoffman*, however, is inapplicable to the case at bar because *Hoffman* is a case involving alleged due process violations, while Mrs. Roberts is not alleging any form of denial of due process. Similarly, in *Rhee,* an employee filed a suit against his former employer, alleging that his discharge caused him to lose service-related benefits in violation of the Employee Retirement Security Act ("ERISA"). *Rhee*, 762 F. Supp. at 212. Again, the holding in *Rhee* is inapplicable to the case at bar because Mrs. Roberts was not terminated from any job and does not contend that she was denied a fair hearing or access to any job-related benefit.

Whether Mrs. Roberts did or did not have a property interest in her PSOB benefits is not relevant in this case because her Estate is not alleging a due process violation, as was alleged in *Hoffman*. Similarly, whether Mrs. Roberts was vested in an employee benefits plan, as was alleged in *Rhee*, is also irrelevant as Mrs. Roberts is not claiming any sort of wrongful termination or loss of employment-related benefits. Defendant has failed to offer any binding authority which holds that Mrs. Roberts does not have a legally cognizable interest in the PSOB benefits. Accordingly, this Court should award PSOB benefits to Plaintiff.

## IV. CONCLUSION

PSOB regulations require only that an eligible beneficiary submit a written statement indicating an intention to claim benefits in order to meet the statutory requirement of "filing a claim." By submitting the PSOB death benefits questionnaire, Mrs. Roberts satisfied that filing requirement. In fact, even the Defendant's own records reflect that Mrs. Roberts' claim had been initiated as early as July 2001. Moreover, no portion of the PSOBA itself or of its accompanying regulations prohibits the payment of PSOB benefits to an estate; thus, there is no legal basis for Defendant's refusal to pay PSOB benefits into Mrs. Roberts' Estate.

In denying benefits to Mrs. Roberts, Defendant acted contrary to law and did not consider the undisputed facts and record that Mrs. Roberts did survive her son and did file a claim for PSOB benefits. Defendant's findings are not based on substantial evidence or the factual record in this case.

This Court should set aside the administrative decisions in this case and order Defendant to grant PSOB benefits to Plaintiff, including any applicable interest.

Respectfully submitted, this 28th day of August, 2006.

By: *<u>/s/ William M. Beasley</u>*

William M. Beasley
PHELPS DUNBAR, LLP
Seventh Floor
One Mississippi Plaza
201 South Spring Street
Post Office Box 1220
Tupelo, MS 38802-1220
Telephone: (662) 842-7907
Facsimile: (662) 842-3873

**ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I, William M. Beasley, one of the attorneys for Plaintiff, do hereby certify that I have this date electronically filed the above and foregoing with the Clerk of the Court, utilizing the ECF system which sent notification of such filing to the following:

Allison Kidd-Miller
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L Street
Washington, DC 20530

This, the 28th day of August, 2006.

*William M. Beasley*
William M. Beasley