IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| EVA P. WHITE, as Administratrix of the Estate of CHRISTINE H. ROBERTS, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 05-1236C (Judge Baskir) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY IN SUPPORT OF CROSS-MOTION FOR JUDGMENT UPON THE ADMINISTRATIVE RECORD

Pursuant to Rule 52.1(b) of the Rules of the United States Court of Federal Claims ("RCFC"),[1] defendant, the United States, respectfully submits this reply in support of its cross-motion for judgment upon the administrative record.

As demonstrated in our brief in support of our cross-motion for judgment upon the administrative record, the United States Department of Justice, Office of Justice Programs, Bureau of Justice Assistance ("BJA"), acted in accordance with applicable laws and regulations in denying the estate of Christine Roberts, the mother of public safety officer Sheriff Harold Ray Presley, benefits pursuant to the Public Safety Officers' Benefits Act ("PSOBA"), 42 U.S.C. § 3796 et seq.

[1] As noted in our cross-motion, Rule 52.1 has replaced Rule 56.1.

In its brief in response to defendant's cross-motion and in support of plaintiff's motion for judgment upon the administrative record, Ms. Roberts' estate concedes that, in order to qualify for death benefits pursuant to the PSOBA, Ms. Roberts must have filed a claim for benefits. The gravamen of the estate's argument is that Ms. Roberts fulfilled that requirement when Janet Burroughs, office administrator for the Lee County Sheriff's Department, identified Ms. Roberts as a potential beneficiary on a routine Death Benefits Questionnaire. Abandoning the argument that Ms. Roberts' mere survival was sufficient to entitle her to benefits, the estate now focuses upon its contention that the submission of a standard form questionnaire, completed by someone other than the claimant without any indication of authority to execute the document on her behalf, constituted the filing of a claim for benefits. As demonstrated in our cross-motion, BJA did not act arbitrarily or capriciously when it denied PSOBA benefits to Ms. Roberts' estate, and this Court should enter judgment upon the administrative record in favor of the United States.

<u>ARGUMENT</u>

There are very few, if any, factual disputes between the parties. Rather, the parties' disagreement hinges upon BJA's legal conclusions and its construction of the PSOBA and its implementing regulations. Thus, the

critical question in this case is whether BJA's decision is in substantial compliance with the statute and implementing regulations.[2] See Yanco v. United States, 258 F.3d 1356, 1362 (Fed. Cir. 2001), aff'g 45 Fed. Cl. 782, 789 (2000); Chacon v. United States, 48 F.3d 508, 511 (Fed. Cir. 1995). Ms. Roberts' estate has not met its burden of demonstrating that BJA's denial of benefits pursuant to the PSOBA was contrary to the PSOBA or its implementing regulations.

I. Ms. Roberts Never Filed A Claim For PSOBA Benefits

The estate incorrectly argues that, when Ms. Burroughs completed the routine Death Benefits Questionnaire, she somehow filed a claim on Ms. Roberts' behalf. This argument must fail. First, contrary to the estate's contention, the Death Benefits Questionnaire is not a claim form. Rather, the questionnaire is one vehicle by which the PSOB office learns of an officer's death. As happened in this case, the receipt of a Death Benefits Questionnaire by the PSOB office triggers the mailing of a letter detailing how a claim should be filed. See AR 4-5. In its July 19, 2001, letter to the Lee County Sheriff's Office and Ms. Roberts, BJA unequivocally explained that a claim for PSOBA benefits has two parts: (1) family claim materials,

[2] All references to the PSOBA and its implementing regulations are to those versions in effect at the time of the final agency decision.

including the Claim for Death Benefits form or a written equivalent; and (2) agency claim materials, including the Report of Public Safety Officer's Death. AR 4-5; see also 28 C.F.R. § 32.20(b). Both parts "must be submitted to [the PSOB] office to file a claim for benefits." AR 4 (emphasis added). Even the estate has described the July 19, 2001 response letter as a "guidance letter," which "merely outline[d] what the family and what the beneficiaries of Sheriff Presley should do to pursue a claim for benefits." AR 47.

The estate has admitted that Ms. Roberts failed to submit the required Claim for Death Benefits. See, e.g., AR 59-60 ("We admit that her formal claim was not completed prior to her death."). Now, the estate attempts to impute some relationship between Ms. Roberts and Ms. Burroughs, and argues that Ms. Roberts submitted the "written equivalent" of a Claim for Death Benefits when Ms. Burroughs sent the Death Benefits Questionnaire to the PSOB office.[3] All claims must be

[3] The estate erroneously claims the United States made "a blanket assertion that submissions of public safety agencies' submissions do not constitute the filing of claims for PSOB benefits." Pl.'s Resp. at 5-6. We recognized that a public safety agency may file a claim on behalf of a claimant if the agency is established as the claimant's "legally designated representative" or otherwise "has the care of such claimant." Def.'s Br. at 12 (quoting 28 C.F.R. § 32.19(b)). Absent such authority, a public safety agency may not file a claim on behalf of a claimant. Id.

"completed and signed by the claimant." AR 4; 28 C.F.R. § 32.19(a) (emphasis added). If anyone other than the claimant signs a claim, as the estate argues Ms. Burroughs did here, BJA must be provided with evidence of that person's authority to execute a claim on the claimant's behalf. AR 4; 28 C.F.R. § 32.19(b). No such evidence exists in the administrative record.[4] Indeed, there is no indication in the record that Ms. Roberts ever took any action to indicate her intention to claim benefits. The estate highlights this fact in its response with statements such as "[c]ommon sense dictates . . . that no survivor would submit a death benefits questionnaire unless he or she intended to claim benefits." Pl.'s Resp. at 5 (emphasis added). Here, the survivor, Ms. Roberts, did not submit the Death Benefits Questionnaire, or anything else, to the PSOB office. The requirements for filing a claim are clear in the regulations, and

---

4 The estate incorrectly asserts that this Court cannot make an inference based upon the absence of information from the administrative record. See Pl.'s Resp. at 6. It is the plaintiff's burden to prove his or her claim. 28 C.F.R. § 32.21; Demutiis v. United States, 291 F.3d 1373, 1379 (Fed. Cir. 2002); Greeley v. United States, 50 F.3d 1009, 1011 (Fed. Cir. 1995); One Feather v. United States, 61 Fed. Cl. 619, 621 (2004). If the estate possesses documentation establishing Ms. Burroughs as Ms. Roberts' representative, it should have requested that the information be included in the administrative record, as it did with several other documents. It is entirely permissible for this Court to assume no such authorization exists. See, e.g., Bar MK Ranches v. Yuetter, 994 F.2d 735, 740 (10th Cir. 1993).

Ms. Roberts plainly did not fulfill them. See Budd v. United States, 225 Ct. C1. 725, 727 n.6 (1980) ("It is . . . beyond doubt that regulations within the statutory delegation of authority may be the basis for denying a legislative benefit." (citations omitted)).

Next, the estate directs the Court's attention to that portion of the Death Benefits Questionnaire which states, "Please submit the following information to enable us to request supporting documentation to initiate your claim." AR 1; see Pl.'s Resp. at 4. As demonstrated in our cross-motion, "initiation" of a claim, which merely prompts the PSOB office to open a file and assign a claim number, does not obviate the need for claimants to file for benefits.[5] 28 C.F.R. §§ 32.19 to .20; DA 4-5. The PSOB office made this point clear to Ms. Roberts in its July 19, 2001, letter

---

[5] The estate suggests the United States waived its legal argument that "initiating" and "filing" a claim are different by failing to present that argument to the estate during the administrative proceedings. Pl.'s Resp. at 5. The estate provides no support for its contention; it merely cites the obvious proposition that the Court must confine itself to the administrative record. The United States is not asking the Court to consider anything outside the record. Rather, it is making a legal argument, which is entirely consistent with BJA's position throughout the administrative proceedings, based upon that record. See, e.g., AR 32; 139; 144 ¶ 5; 156 ¶ 6 (stating Ms. Roberts never filed a claim). BJA properly notified plaintiff of the reasons for its decision in its final determination "set[ing] forth . . . findings of fact and conclusions of law." 28 C.F.R. § 32.24(i)(2). Finally, to the extent anything about the United States' argument is new to the estate, it now has had an opportunity to respond.

when it explained that a "claim form[] . . . must be submitted to this office to file a claim for benefits." AR 4. This letter was sent to Ms. Roberts after submission of the Death Benefits Questionnaire. Thus, the estate's assertion that BJA somehow misled Ms. Roberts into thinking that the Death Benefits Questionnaire constituted the filing of a claim is unfounded. Indeed, the necessity of completing the Claim for Death Benefits form was clear to Sheriff Presley's children, who submitted a claim in July 2002.[6] AR 21-22. Simply put, Ms. Roberts never filed a claim for benefits, and no "legally designated representative" filed one on her behalf. In its final decision, BJA correctly recognized Ms. Roberts' failure to submit a claim, and accurately concluded that that failure alone rendered her ineligible to receive benefits pursuant to the PSOBA.

II. Ms. Roberts' Estate Is Not An Eligible PSOBA Beneficiary

In its response, the estate incorrectly states that the United States has conceded that the legislative history of the PSOBA is irrelevant. Pl.'s Resp. at 8. This is incorrect. In our cross-motion, we demonstrated that the statute and its implementing regulations prohibit payment of PSOBA

---

[6] Although the children's claim is signed and dated as though it was executed prior to Ms. Roberts' death, it fails to identify her as a claimant.

benefits to an individual's estate.[7] Def.'s Br. at 16-19. In the alternative, we explained that, "[t]o the extent this Court finds any ambiguity in the plain language of the PSOBA and its implementing regulations, that ambiguity easily is resolved in favor of BJA's construction by reference to the consistent and supporting legislative history and purposes of the PSOBA." Def.'s Br. at 16. That history clearly indicates that awarding death benefits to an individual's estate would subvert the clear purposes of the statute, which exists to "provide a measure of economic security" for the beneficiary of the deceased. See, e.g., 28 C.F.R. § 32.22(g).

In addition, we offered the example of Tafoya v. United States, 8 Cl. Ct. at 259 n.2 (1985). Although the case currently before this Court

---

[7] The estate erroneously states that the United States "contends that the PSOBA . . . does not authorize payment of benefits to any 'inanimate entity.'" Pl.'s Resp. at 7. Then, the estate argues that benefits must be "routinely paid into inanimate entities such as guardianships and trusts, as it is highly unlikely that the PSOB office would pay hundreds of thousands of dollars in benefits directly to minor children." Id. We have argued that the statute and regulations do not authorize payment to an inanimate entity such as an estate. Def.'s Br. at 18-20. The payment into an entity like a trust is a payment to an eligible beneficiary—the child of a deceased officer. The trust is the vehicle by which funds are allocated to the child. In contrast, and as demonstrated in our cross-motion, a payment into Ms. Roberts' estate will not go to Ms. Roberts. Ms. Roberts' estate is a vehicle by which PSOBA funds would go to Ms. Roberts' heirs or creditors, a result that flatly violates the unambiguous requirement of 42 U.S.C. § 3796(a)(5) that payment be made to "the parent or parents" of the fallen officer.

presents a question of first impression, Tafoya is instructive. In Tafoya, the parents of an officer claimed death benefits. 8 Cl. Ct. at 259. The father died during the administrative process. Id. As a result, the court shifted its focus to the mother alone, ending its consideration of the father's claim. See id. The estate argues that Tafoya supports its position because the court was silent on the issue of whether the benefits, if awarded to the mother, also could be paid into the estate of the deceased father. Pl.'s Resp. at 7. The estate would require the United States to cite a case specifically prohibiting the award of PSOBA benefits to an estate. As do many of its other arguments, this argument misconstrues the estate's burden. The estate must demonstrate that BJA's decision was not in accordance with the law. See Melville v. United States, 231 Ct. C1. 776, 779 (1982) ("Plaintiffs' . . . point, that there is ample evidence to show that the [agency] was wrong, . . . is to no avail. The review standard of this court is, in fact, the reverse. The [agency] must be upheld if there is substantial evidence to show that it was right."). Because the estate made no such demonstration, this Court should affirm BJA's decision.

Finally, the estate contends that the question whether Ms. Roberts' estate has any cognizable legal interest in PSOBA benefits is irrelevant. Pl.'s Resp. at 9. The United States would agree that, if this Court should

affirm BJA's decision upon the ground that Ms. Roberts never filed a claim for benefits or that the PSOBA does not authorize the payment of benefits to an estate, then this Court need not decide whether Ms. Roberts' estate had any cognizable legal interest in PSOBA benefits. However, if the Court should decide not to affirm BJA's decision for the aforementioned reasons, then the issue is very relevant to this case. If Ms. Roberts did file a claim, and if BJA were able to authorize the payment of benefits to an estate, Ms. Roberts' estate still would have to demonstrate that Ms. Roberts' claim had progressed to the point where, had she not died, she would have received benefits. As explained in BJA's determination, until that point, Ms. Roberts would have had only the potential to receive benefits.

As demonstrated in our cross-motion, BJA's determination denying a death benefits award to Ms. Roberts' estate is in compliance with the PSOBA and its implementing regulations, and is supported by substantial evidence. Accordingly, this Court should affirm BJA's determination.

## CONCLUSION

For these reasons, and the reasons stated in our cross-motion for judgment upon the administrative record, we respectfully request that the Court grant our cross-motion for judgment upon the administrative record and deny plaintiff's cross-motion.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

s/Allison Kidd-Miller
ALLISON KIDD-MILLER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St.
Washington, D.C. 20530
Tel: (202) 307-3050
Fax: (202) 307-0972

Attorneys for Defendant

Of Counsel:
RAFAEL A. MADAN
General Counsel

JASON P. COOLEY
Attorney Advisor
Office of the General Counsel
Office of Justice Programs
Department of Justice
810 7th Street, N.W.
Washington, D.C. 20531

September 12, 2006

CERTIFICATE OF SERVICE

I certify under penalty of perjury that on this 12th day of September, 2006, a copy of the foregoing "DEFENDANT'S REPLY IN SUPPORT OF CROSS-MOTION FOR JUDGMENT UPON THE ADMINISTRATIVE RECORD was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Allison Kidd-Miller