IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| EVA P. WHITE, as Administratrix of the Estate of CHRISTINE H. ROBERTS, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 05-1236C (Judge Baskir) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

CONSOLIDATED STATEMENT OF UNCONTROVERTED FACTS

Pursuant to paragraph 11 of the Court's December 8, 2005, Special Procedures Order, Plaintiff and Defendant respectfully submit the following Consolidated Statement Of Uncontroverted Facts:

1. Defendant: **Sheriff Harold Ray Presley of the Lee County, Mississippi Sheriff's Department was killed in the line of duty while chasing a suspect in the early morning hours of July 6, 2001. A.R. 18, 31.**

2. Plaintiff: **At the time of his death, Sheriff Presley was survived by his mother, Christine H. Roberts, and his three children. A.R. 1-2, 10.**

3. Plaintiff: **On July 6, 2001, Janet Burroughs, an employee of the Lee County Sheriff's Department, completed a Death Benefits Questionnaire and, in accordance with the instructions provided on**

**the questionnaire, submitted the document to the Bureau of Justice Assistance ("BJA") Public Safety Officers' Benefits ("PSOB") Office. A.R. 1-3.**

4. Plaintiff: **On that questionnaire, Ms. Burroughs noted that Sheriff Presley had three (3) surviving children: Patrick Ray Presley, age 29; Bradford E. Presley, age 27; and Jada Hardin Presley, age 22. A.R. 1, 2.**

5. Plaintiff: **Ms. Burroughs also indicated that Sheriff Presley's mother, Christine H. Roberts, survived him. A.R. 2.**

6. Plaintiff: **On July 19, 2001, the PSOB Office sent a letter to Ms. Burroughs, with a copy to Ms. Roberts, in response to the Death Benefits Questionnaire. That letter noted that two (2) claim forms "which must be submitted to this office to file a claim for benefits" were enclosed. A.R. 4-5.**

7. Plaintiff: **On September 7, 2001, Christine H. Roberts, Sheriff Presley's mother, passed away. A.R. 126.**

8. Plaintiff: **On September 14, 2001, the PSOB Office learned of Ms. Roberts' death. A.R. 32, 166.**

9. Plaintiff: **In a letter dated October 12, 2001, Eric Martin, Benefits Specialist with the PSOB Office, informed Ms. Burroughs of Ms. Roberts' death and stated that "the only possible beneficiary . . . is Sheriff Presley's daughter, Jada Presley. . . . Ms. Presley's eligibility is dependent on whether she was enrolled in an educational program when her father died. If she was in school, the guidance letter of July 19 states what materials must be submitted to verify this." A.R. 8.**

10. Plaintiff: **Mr. Martin's letter went on to state that**

> **If Ms. Presley was not in school, then Christine Roberts, Sheriff Presley's surviving parent at the time of his death, would be the only other eligible beneficiary for PSOB benefits. However, we have learned that Mrs. Roberts has recently passed away. As a result, if Ms. Presley was not in school then there are no eligible beneficiaries and the claim will be closed.**

**A.R. 8.**

11. Defendant: **On February 22, 2002, the PSOB Office closed Sheriff Presley's claim file. A.R. 11.**

12. Defendant: **On July 2, 2002, Ms. Roberts' estate requested a determination of Ms. Roberts' eligibility for a death benefits award. A.R. 12-14.**

13. Defendant: **On July 26, 2002, the PSOB Office received the following information from counsel for Ms. Roberts' estate: Report of Public Safety Officer's Death; Report of Death Investigation; Sheriff Presley's Death Certificate; and a Claim for Death Benefits signed by Patrick Ray Presley and identifying Sheriff Presley's three children as possible beneficiaries. A.R. 15-22, 32.**

14. Plaintiff: **On December 30, 2002, the PSOB Office issued a PSOB claim determination denying the claim of Patrick Ray Presley, and stating why no benefit was payable to Ms. Roberts' estate. A.R. 31-33.**

15. Defendant: **On March 28, 2003, counsel for the estate requested reconsideration of the PSOB Office's determination and requested a hearing. A.R. 37.**

16. Defendant: **On February 19, 2004, a hearing was held before a PSOB hearing officer. A.R. 40-140.**

17. Plaintiff: **On March 18, 2004, the hearing officer denied death benefits to Ms. Roberts' estate. A.R. 141-46.**

18. Defendant: **On September 21, 2004, counsel for the estate requested review of the hearing officer's March 18, 2004 decision. A.R. 149-51.**

19. Plaintiff: **On February 17, 2005, the BJA Director released a final agency decision denying death benefits to Ms. Roberts' estate. A.R. 155, 161.**

20. Plaintiff: **It is from that final agency decision that Plaintiff appeals.**

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

s/William M. Beasley
(by rmp, with permission)
WILLIAM M. BEASLEY
Phelps Dunbar, LLP
Seventh Floor
One Mississippi Plaza
201 South Spring Street
Post Office Box 1220
Tupelo, MS 38802-1220
Tel: (662) 842-7907
Fax: (662) 842-3873

s/Allison Kidd-Miller
ALLISON KIDD-MILLER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St.
Washington, D.C. 20530
Tel: (202) 307-3050
Fax: (202) 307-0972

Of Counsel:
JASON P. COOLEY
Attorney Advisor
Office of the General Counsel
Office of Justice Programs
Department of Justice
810 7th Street, N.W.
Washington, D.C. 20531

Attorney for Plaintiff

Attorneys for Defendant

September 15, 2006

CERTIFICATE OF SERVICE

I certify under penalty of perjury that on this 15th day of September, 2006, a copy of the foregoing "CONSOLIDATED STATEMENT OF UNCONTROVERTED FACTS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Allison Kidd-Miller