# ATTACHMENT A

U.S. Departm    of Justice

Office of Justice Programs

*Bureau of Justice Assistance*

*Washington, D.C. 20531*

**PUBLIC SAFETY OFFICERS' BENEFITS ACT CLAIM DETERMINATION**

Case Number: 95-35

Decedent: Charles Andrew Farquhar, Corrections Officer, State of Alabama Department of Corrections, Montgomery, Alabama.

Case Summary: Charles Andrew Farquhar and his wife, Doris Shaff Farquhar, were killed on October 23, 1994 by a prison inmate at the Charles Farquhar State Cattle Ranch in Greensboro, Alabama. Apparently Mrs.Farquhar, who was a Clerk Typist at the facility, was killed one hour after Mr. Farquhar. The Cattle Ranch is a facility of the Alabama Department of Corrections, housing minimum security inmates. Mr. Farquhar was the Institution Ranch Superintendent of the facility. He was certified by the Alabama Peace Officer's Standards and Training Commission (POST) as a sworn peace officer with arrest authority (Certificate # 6200). Both Mr. and Mrs. Farquhar lived on the state ranch.

Ineligible Beneficiaries: , age 44, and , age 42 (at time of decedent's death).

Determination: This claim was certified as ready for a determination on October 30, 1995. Based on the Report of Public Safety Officer's Death submitted by the State of Alabama Department of Corrections, Montgomery, Alabama, the Claim for Death Benefits submitted by , Co-Administrator of the Estate of Doris Farquhar, an analysis of the facts of the case and other required supporting documentation, it is determined that Charles Andrew Farquhar was a "public safety officer" under the Public Safety Officers' Benefits Act 42 USC 3796, et seq., and its implementing regulations, 28 CFR Part 32. His death is covered by the Act's provisions.

However, it is further determined that Charles Andrew Farquhar was not survived by any person or persons eligible to receive the benefit in accordance with the Act's purposes. The Estate of Doris Farquhar is not an eligible survivor or beneficiary of the benefit.

See attached Office of Justice Programs Memorandum dated October 27, 1995, entitled "Claim by Deceased Spouse's Estate for PSOB Benefit".

**Case 95-35 Charles Andrew Farquhar, decedent.**

Prepared by:

Ashton E. Flemmings
Program Specialist

October 30, 1995
Date

Concurrence:

Gregory C. Brady
Office of General Counsel

October 30, 1995
Date

Jeff Allison
Director
Public Safety Officers' Benefits Program

11/01/95
Date

U.S. Department of Justice

Office of Justice Programs

---

Office of the General Counsel *Washington, D.C. 20531*

MEMORANDUM TO: Jeff Allison
Director, Public Safety Officers' Benefits Program

FROM: Gregory Brady GCB
Associate General Counsel
Office of Justice Programs

DATE: October 27, 1995

SUBJECT: Claim by Deceased Spouse's Estate for PSOB Benefit

---

**Statement of Facts**

Charles Andrew Farquhar and his wife, Doris Shaff Farquhar, were killed on October 23, 1994 by a prison inmate being confined at the Charles Farquhar State Cattle Ranch in Greensboro, Alabama. The Charles Farquhar State Cattle Ranch is a facility of the Alabama Department of Corrections housing minimum security inmates. Charles Farquhar was the warden of the facility. He was certified by the Alabama Peace Officer's Standards and Training Commission (POST) as a sworn peace officer with arrest authority (Certificate #6200). Both Mr. and Mrs. Farquhar lived on the state ranch.

Two officers heard shots fired at the Farquhar's residence at approximately 8:25 am and proceeded to investigate. The officers were fired on as they approached the residence and called for assistance. At 8:55 am, the officers saw smoke coming from the Farquhar's residence. Inmate was captured and confessed to killing Mr. Farquhar and setting fire to the Farquhar's residence. Mrs. Farquhar was killed in the fire. The time and date of death from Mr. Farquhar's Certificate of Death reads 12:00 October 23, 1994. The time and date of death from Mrs. Farquhar's Certificate of Death reads 1:00 October 23, 1994.

At the time of his death, Mr. Farquhar's title was Institutions Ranch Superintendent. In addition to supervising the raising of cattle and crops, Mr. Farquhar's position description indicates that he administered a penal institution and directed personnel in enforcing and maintaining disciplinary, safety, security, and custodial measures. He supervised inmates in their work on the ranch and directed programs and activities for inmates, including security, housing, feeding, clothing, classification, medical, religious, recreation, education, social service, discipline, and other work activities. Mr. Farquhar supervised the security of the institution and grounds and participated in searching for and apprehending escapees. Mr. Farquhar supervised work release activities for the inmates.

Mr. and Mrs. Farquhar are survived by two sons: and , who are the claimants here. was born May 15, 1950 and is currently forty five years of age. was born October 23, 1952 and is currently forty two years of age. Both surviving sons at the time of Mr. Farquhar's death were over eighteen years of age and self-supporting. The instant claim was filed by as the administrator of Mrs. Farquhar's estate.

**Issue**

(I) Whether Mr. Farquhar, as the warden of the Charles Farquhar State Cattle Ranch, was a public safety officer within the definition of "public safety officer" under the Public Safety Officers' Benefits Act.

(II) Whether, if the first issue is answered in the affirmative, a claim for a public safety officers' death benefit may be paid to decedent's wife's estate when the wife may have survived the decedent by one hour.

**Discussion**

The Public Safety Officers' Benefits (PSOB) Act pays a benefit to a surviving spouse, a surviving child or children, or surviving parents of a public safety officer who died "as a direct and proximate result of a personal injury sustained in the line of duty." 42 U.S.C. § 3796(a) (1988). "The purpose of the [PSOB] is to provide a . . . Federal death benefit to the survivor or survivors of a public safety officer . . . ." S. Rep. No. 816, 94th Cong.

2d Sess. 4 (1976), reprinted in 1976 U.S.C.C.A.N. 1034, 2504. The PSOB attempts to alleviate "the economic and emotional burden placed on the survivors of a deceased public safety officer." S. Rep. No. 816, 94th Cong. 2d Sess. 4-5 (1976), reprinted in 1976 U.S.C.C.A.N. 1034, 2505. See also 28 C.F.R. 32.22(g); Russell v. Law Enforcement Assistance Ass'n., 637 F.2d 1255, 1261 (9th Cir. 1980). For Mrs. Farquhar's estate to receive the public safety officers' death benefit, Mr. Farquhar must have been a public safety officer within the meaning of the PSOB Act and the estate of Mrs. Farquhar must be deemed an eligible survivor and claimant under the PSOB Act.

## I. Public Safety Officer

A public safety officer includes an individual serving a public agency, with or without compensation, as a law enforcement officer. 42 U.S.C. § 3796b(7). A law enforcement officer is "an individual involved in crime . . . control or . . . enforcement of the laws," and includes a corrections officer. 42 U.S.C. § 3796b(5). A public agency includes any State of the United States or any unit of government, department, agency, or instrumentality of any State of the United States. 42 U.S.C. § 3796b(6).

Mr. Farquhar's position as the Institutions Ranch Superintendent is distinguishable from the Virginia State Department of Corrections Regional Administrator position discussed in the OGC memorandum of September 22, 1983. (OGC Memorandum of 09/22/83 at 1). The Virginia Administrator's position included "program planning, personnel development, [and] development of performance standards." Id. at 1. These duties were administrative in nature and did not require the Virginia Administrator to be "personally involved in crime control, crime reduction, or law enforcement." Id. at 2. The Congress intended the PSOB act "to provide benefits for the survivors of public safety officers killed in the line of duty of crime control[,] . . . reduction[,] or law enforcement. Id. at 2. See H.R. Conf. Rep. No. 1501, 94th Cong., 2d Sess. 7 (1976) reprinted in 1976 U.S.C.C.A.N. 1034, 2511.

The decedent, Charles Farquhar, held the position of Institutions Ranch Superintendent of the Charles Farquhar State Cattle Ranch when he was murdered by an inmate of the State Cattle Ranch. Mr. Farquhar was certified by the Alabama Peace Officer's Standards and Training Commission as

a sworn peace officer with arrest authority. Because the State Cattle Ranch is a facility of the Alabama Department of Corrections, it is a part of a department of a State of the United States and thus is a public agency. See 42 U.S.C. § 3796b(6). The State Cattle Ranch housed inmates, and Mr Farquhar's duties included supervising the work and activities of the inmates. He maintained, directed, and enforced disciplinary, safety, and security measures for the penal institution. Thus, Mr Farquhar was a corrections officer with authority to enforce the law and falls under the definition of "public safety officer" as defined by the PSOB Act. See 42 U.S.C. § 3796b(5)(6)(7).

## II. Claim by Decedent-Widow's Estate

### A. Beneficiaries

Under the specific terms of the PSOB Act, if the Bureau of Justice Assistance (the Bureau) determines that a death benefit may be paid, the benefit is paid as follows: (1) to the surviving spouse of the officer if there is no surviving child (children); (2) to the surviving child (children) and the surviving spouse if there is a surviving child (children) and a surviving spouse; (3) to the surviving child (children) if there is no surviving spouse; or (4) to the surviving parent or parents of the officer if there is neither a surviving spouse nor child (children). 42 U.S.C. § 3796(a). If there are no qualified beneficiaries, no benefit shall be paid. Id.

An eligible child beneficiary must be eighteen years of age or under or, if over eighteen years of age, either a student or "incapable of self-support because of physical of mental disability." 42 U.S.C. § 3796b(2). A "student" must be under twenty-three years of age and "regularly pursuing a full time course of study or training" at a school, college, or university. 28 C.F.R. § 32.2(x)(1). In the instant claim, both surviving sons are over eighteen years of age and neither are students. Moreover, it is not suggested that either of the surviving sons is incapable of self-support because of a physical or mental disability. Thus, neither of the sons satisfies the requirements for an eligible child beneficiary. See 42 U.S.C. § 3796b(2); 28 C.F.R. § 32.2(x)(1). The determinative question then is whether Mrs. Farquhar's claim as a surviving spouse may be brought by her estate.

**B. Claimants**

The provisions of the PSOB implementing regulations, 28 C.F.R. Part 32, provide that the claim shall be executed by the claimant, or, if the claimant is physically unable to execute the claim and has a legally appointed representative, the claim may be executed by a representative. 28 C.F.R. § 32.19(a)(1) and (2). The Bureau may accept a claim executed by one other than the claimant or the claimant's legally appointed representative for good cause shown "such as the age or prolonged absence of the claimant." 28 C.F.R. § 32.19(a)(3). If "the claim is executed by a person other than the claimant," such person must file evidence that he is a legally-designated representative, or "[i]f the person executing the claim is not such a legally designated representative," such person must file evidence explaining his "relationship to the claimant or the extent to which such person has the care of such claimant." 28 C.F.R. § 32.19(b)(1) and (2). "The Bureau may, at any time, require additional evidence to establish the authority of any such person to file . . . a claim." 28 C.F.R. § 32.19(b)(2).

"The benefits are to be paid according to a specified order of precedence to the survivors of the officer." S. Rep. No. 816, 94th Cong. 2d Sess. 7 (1976), <u>reprinted in</u> 1976 U.S.C.C.A.N. 1034, 2507. Where one possible claimant is ineligible, "it is the Committee's intention that other eligible claimants would remain eligible in order of precedence. For example, if a surviving spouse is precluded from a benefit . . . , an eligible child or an eligible parent or parents would remain eligible." S. Rep. No. 816, 94th Cong. 2d Sess. 7 (1976), <u>reprinted in</u> 1976 U.S.C.C.A.N. 1034, 2507. Thus, Congress intended for the claimant and the beneficiary to be one and the same person.

In the instant matter, submits this claim as the administrator of his mother's estate. Mrs. Farquhar cannot file the claim herself because she is deceased. Mrs. Farquhar would have been the only eligible beneficiary of the PSOB benefit accruing from her husbands death because her sons exceed the age limitations specified in the Act. <u>See</u> 42 U.S.C. § 3796b(2); 28 C.F.R. § 32.2(x)(1). Consequently, Mrs. Farquhar was the only eligible claimant because the Senate Report reveals that Congress intended the claimant and the beneficiary to be the same person. <u>See</u> S. Rep. No. 816, 94th Cong. 2d Sess. 7

(1976), reprinted in 1976 U.S.C.C.A.N. 1034, 2507.
, however, asserts that he is bringing the claim as the legal representative of his deceased mother's estate.

The PSOB Act creates a personal benefit accruing only to the public safety officer's survivor. 42 U.S.C. § 3796(a). Because the claimants are not eligible survivors, they are not eligible to receive the benefit. See 42 U.S.C. § 3796b(2); 28 C.F.R. § 32.2(x)(1). Moreover, for public policy reasons, the PSOB financial benefit must be viewed analogously to welfare benefit, veterans' benefit, and social security death benefit programs for the purpose of determining whether a possible beneficiary or claimant for such public benefits has a vested interest in the benefit.

"A right is 'vested' when there is an ascertained person with a present right to present or future enjoyment . . . ." 16A Am. Jur. 2d Constitutional Law § 669 (1979). There are generally no vested rights to welfare payments. Irizarry v. Weinberger, 381 F. Supp. 1146, 1155 (S.D.N.Y. 1974)(holding that an amendment to the Federal Food Stamp Act declaring recipients of supplemental security income ineligible for food stamps does not violate the Equal Protection Clause or the Due Process Clause.) "Veterans benefits are gratuities and establish no vested rights in the recipients . . . ." Rodulfa v. United States, 461 F.2d 1240, 1257 (D.C. Cir. 1972), cert. denied, 409 U.S. 949 (1972)(holding that Congress removed the court's jurisdiction over the case by a change in the statute in a case involving a claim for attorney's fees for a claim for Veterans's Administration wartime death compensation and National life Insurance benefits); See Milliken v. Gleason, 332 F.2d 122, 123 (1st Cir. 1964), cert. denied, 379 U.S. 1002 (1965)(holding that decisions by the Administrator of the Veterans' Administration terminating pension benefits are final and not reviewable by the courts); See Cunningham v. United States, 549 F.2d 753, 766 (Cl. Ct. 1977), cert. denied, 445 U.S. 969 (1980)(holding that the court does not have jurisdiction to review a Veterans' Administration diagnosis of plaintiff's medical condition predicating plaintiff's disability rating); See United States v. Transou, 572 F. Supp. 295, 297-98 (M.D. Tenn. 1983)(denying motion to suppress evidence of a firearm). But see Fields v. Cleland, 433 F. Supp. 115, 120-21 (E.D. Mich. 1977)(ruling that the power of Congress to take away veterans' benefits is subject to substantive and procedural due process safeguards). Lump sum social security death

benefits are not vested property rights such that the court denied a claim that the benefits were not subject to divestment. Johnson v. Richardson, 352 F. Supp. 18, 19 (W.D. La. 1972)(holding that there is no procedural due process claim in a denial of benefits based on a two year statute of limitations where the surviving spouse brought the claim twenty six years after her husband's death).

Because the courts have ruled that the benefits of other public benefit programs do not vest, claims for Public Safety Officer Death Benefits also do not vest. Consequently, because the claim does not vest, the administrator of Mrs Farquhar's estate has no claim for death benefits.

**Conclusion**

Mr. Farquhar's position as the warden of the Charles Farquhar State Cattle Ranch housing minimum security inmates fulfills the definition of a public safety officer under the PSOB Act. His wife, Mrs. Farquhar, may have survived the decedent public safety officer by one hour, but she was unable to file the claim herself. The two sons are not eligible beneficiaries under the statute and regulations because they exceed the age limitation and do not qualify under the other "child" conditions specified in the Act. Finally, Mrs. Farquhar's survivorship claim does not vest in her estate. Therefore, application for Public Safety Officer's Death Benefits which he files as the administrator of Mrs. Farquhar's estate should be denied.