IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| EVA P. WHITE, as Administratrix of the Estate of CHRISTINE H. ROBERTS, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 05-1236C (Judge Baskir) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S UNOPPOSED MOTION TO SUSPEND BRIEFING**

Defendant respectfully requests this Court to enter an order suspending briefing on plaintiff's May 2, 2007 Motion For Attorney's Fees Pursuant to 28 U.S.C. § 2412, the Equal Access To Justice Act ("EAJA"), and granting an enlargement of time of 28 days after final judgment, as defined by the EAJA, for the United States to respond to the application. Our response to plaintiff's application currently is due May 21, 2007. Plaintiff has represented that it does not oppose this motion.

The Court may enlarge the period within which to perform an act for cause shown before the expiration of the original period. See RCFC 6(b)(1). Here, cause exists for a suspension and an enlargement of the time within which to respond to plaintiff's motion because there is, as yet, no final judgment for purposes of the EAJA.

The EAJA requires a party seeking an award of fees to submit its application "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B); Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991) ("The 30-day EAJA clock begins to run after the time to appeal th[e] 'final judgment' has expired."); Marcelino Hernandez-Garcia v. R. James Nicholson, __ F.3d __, 2007 WL 1266049 at *1 (Fed. Cir. May 2, 2007) (time for filing an EAJA application does not "'begin[] to run'" until "'the day on which the period for appeals expired'") (internal citation omitted). "Final judgment" is defined in the EAJA as "a judgment that is final and not appealable." 28 U.S.C. § 2412(d)(2)(G); Melkonyan, 501 U.S. at 95.

Here, the Court entered judgment on April 2, 2007. Pursuant to Rule 4(a)(1)(B) of the Federal Rules of Appellate Procedure, that judgment is appealable for 60 days. Accordingly, plaintiff's motion is premature and the Court does not possess the authority to consider it at this time. See Levernier Constr., Inc. v. United States, 947 F.2d 497, 502 (Fed. Cir. 1991) ("EAJA is a waiver of sovereign immunity which must be strictly construed."); accord Fanning, Phillips & Molnar v. West, 160 F.3d 717, 721 (Fed. Cir. 1998).

In addition, a suspension of briefing and enlargement may preclude the need for the parties to litigate, among other issues, whether plaintiff is an eligible party under the EAJA, and whether the United States' position in the litigation was and is substantially justified. Briefing of the latter issue will depend upon any action by the United States Court of Appeals for the Federal Circuit if the Government files an appeal. Thus, the requested enlargement would assist the parties and serve judicial economy.

Should the Court deny this motion, we request an additional 28 days from the date of any decision on this motion, pursuant to Rule 54(d)(2)(D), within which to respond to plaintiff's request for fees and costs upon the merits.

For these reasons, we respectfully request a suspension of briefing and an enlargement of time of 28 days from the date judgment becomes final and unappealable within which to respond to plaintiff's application for fees and costs pursuant to the EAJA.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

s/Allison Kidd-Miller
ALLISON KIDD-MILLER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St.
Washington, D.C. 20530
Tel: (202) 305-3020
Fax: (202) 514-7969

Attorneys for Defendant

Of Counsel:

RAFAEL A. MADAN
General Counsel

JASON P. COOLEY
Attorney Advisor
Office of the General Counsel
Office of Justice Programs
Department of Justice
810 7th Street, N.W.
Washington, D.C. 20531

May 16, 2007

CERTIFICATE OF FILING

I hereby certify that on this 16th day of March, 2007, a copy of the foregoing “DEFENDANT’S UNOPPOSED MOTION TO SUSPEND BRIEFING” was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court’s electronic filing system. Parties may access this filing through the Court’s system.

s/Allison Kidd-Miller